UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| PROCCOR PHARMACEUTICALS, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>WORLD HEALTH PRODUCTS, LLC dba GAT SPORT and VITAMIN SHOPPE INDUSTRIES LLC, dba THE VITAMIN SHOPPE<br><br>    Defendants. | Case No. 8:22-cv-02227-SDM-SPF |

**PLAINTIFF'S UNOPPOSED MOTION FOR LEAVE FOR A TWENTY (20) - DAY ENLARGEMENT OF TIME TO DISCLOSE EXPERT REPORTS AND SUPPORTING MEMORANDUM**

Plaintiff, Proccor Pharmaceuticals, Inc., pursuant to Federal Rule of Civil Procedure 6(b)(l)(A) respectfully requests a twenty (20) day enlargement of time to serve expert reports which are due on June 30, 2023. Proccor has not been able to obtain discovery necessary to complete expert reports and has good cause to extend this case management deadline.

**MEMORANDUM**

Federal Rule of Civil Procedure 6(b)(l)(A) provides that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . if a request is made, before the original time or its extension expires . . ." This request is made on the June 30, 2023 deadline for Plaintiff's disclosure of expert reports. There is good cause for granting the requested enlargement of time given that Plaintiff's counsel, despite the exercise of due diligence, has not been able

2

to obtain discovery needed to complete expert reports. Plaintiff's counsel's attempts to obtain discovery and the relevant procedural history of this case are described below.

Proccor served its Amended Complaint on January 12, 2023. [Doc 32] On January 30, 2023 the Court entered its Case Management and Scheduling Order. [Doc 40] The Order requires plaintiff's expert reports to be disclosed on June 30, 2023. [Docs 23 and 40]

On February 2, 2023 Proccor served interrogatories and requests for production of documents on the Defendants. [Doc 51] The Defendants/Counter-Plaintiff did not answer the interrogatories or produce any documents when due. On March 17, 2023, after attempting unsuccessfully for more than a week to obtain this discovery, Proccor filed a Motion to Compel Defendants to comply with Proccor's discovery requests. *Id*. On May 17, 2023 the Court heard and granted Plaintiff's Motion to Compel. [Doc 94]

Two days later, on May 19, 2023, counsel for Proccor sent an email to all five attorneys for GAT and Vitamin Shoppe requesting dates to depose employees of GAT and Vitamin Shoppe, and to depose a corporate representative for each defendant. [Doc 110-2, p. 9] The email lists the topics to be covered in the depositions of the corporate representatives, including "royalties you have paid or received within the past ten years for the use of a trademark." *Id*. Twenty days later, on June 8, 2023, counsel for GAT and Vitamin Shoppe sent an email in which they asserted for the first time that reasonable royalties were not an issue in this case and contended that they were

excluded from the Second Amended Complaint, even though the Second Amended Complaint specifically demands damages for a reasonable royalty. [Doc 110-2, p. 1-2, ¶4]

On May 19, 24, 25, 26, 31 and June 1 (twice), 2, 5, and 6, 2023, Proccor's counsel sent emails to opposing counsel attempting to coordinate deposition dates. Declaration of G. Donovan Conwell, Jr. attached as Exhibit 1. The emails are attached as Exhibit A to the Conwell Declaration. He also conferred by phone on May 25 and May 31 with defense counsel attempting to coordinate deposition dates, however, defense counsel did not provide any dates. Exhibit 1 at ¶6. In his May 31, 2023 email, Proccor's counsel wrote that since Defendants had not provided any dates, he would unilaterally set the depositions. Exhibit A-5 to Exhibit 1.

On June 6, 2023 Plaintiff served notices of taking the depositions of corporate representatives of GAT and Vitamin Shoppe on June 16 and 19, 2023 and of six GAT and Vitamin Shoppe employees on June 20 and 23, 2023. Exhibit 1 at A-11. The notices of taking deposition are attached as Exhibit B to the Conwell Declaration. The topics for the corporate depositions included "royalties you have paid or received within the past ten years for the use of a trademark." *Id.*

Defendants' counsel objected to Plaintiff unilaterally scheduling the depositions and said he was working on coordinating the depositions. Conwell Declaration at Exhibit C-1. Defense counsel said that Vitamin Shoppe's representative would be on his honeymoon and could not be deposed until after July

4

10, 2023. Exhibit C-2 to Conwell Declaration. He said he was working on dates for the remaining depositions. *Id.* Defendants have not yet provided a date for any deposition other than the 30(b)(6) deposition of GAT, which he said could be taken on June 22, 2023. Exhibit 1, Conwell Decl. ¶7.

On June 9, 2023, Proccor served amended notices of deposing corporate representatives of GAT and Vitamin Shoppe on June 22 and 24, 2023, respectively. [Doc 106-1] Defense counsel objected to the Vitamin Shoppe corporate deposition and said a witness would not be produced on that date. Exhibit C-1 to Conwell Declaration. Defendants also moved for a protective order to prevent any discovery regarding a reasonable royalty. [Doc 106 and 107] On June 21, 2023, the Court ordered that the reasonable royalty topic could not be covered during the corporate depositions until the Motion for Protective Order was briefed and decided by the Court. [Doc 112] Plaintiff has not yet obtained any discovery on the reasonable royalty issue. Exhibit 1, Conwell Decl. ¶8.

On June 22, 2023, Proccor took the deposition of the person designated by GAT to testify on its behalf on the topics listed in the 30(b)(6) deposition notice. The witness produced by GAT testified that he began his employment at GAT in January 2023 and that he did not become aware of this lawsuit or of the mark Freedom Pop until March 2023. [1] The witness, therefore, was unable to answer many of the

---

[1] The deposition transcript has been ordered but it is not yet completed. The representations in this Motion and Memorandum concerning the witness's testimony are made in good faith and can be confirmed when the transcript is completed and made available.

questions asked of him during his deposition. When the witness answered a question, it was often by reading verbatim from a document on his computer screen that he testified was prepared with defense counsel and GAT's Chief Financial Officer, Jay Klein.

Because the witness had no knowledge of any of the events in this case that preceded his January 2023 start date with GAT (three months after Proccor filed this lawsuit) he could not answer follow-up questions regarding the designated deposition topics. For example, one of the listed topics in the deposition notice was "Your [GAT's] gross sales and profits from the sale of products branded with the [FREEDOM POP] mark." [Doc 110-2 p. 9] The witness read from the answer sheet prepared by GAT's counsel and CFO to state an amount of gross sales and profits. But when asked whether the numbers on the answer sheet included sales of GAT products called "NitraFlex Freedom Pop +C" and "pouch NitraFlex Freedom Pop" he could not answer. He had never heard of these products even though they are identified in many documents produced by GAT in this litigation as GAT products that bore the name Freedom Pop and that GAT had ordered many thousands of these products to be manufactured. Even when shown the documents he could not answer the questions. Thus it appears that the gross sales and profit numbers testified to by the witness are substantially understated. Proccor could not confirm that, however, because the witness did not know the answer.

The same thing happened when the witness was asked questions regarding expenses. He simply read from documents provided to him by GAT's counsel and CFO identifying categories of expenses and totals but was unable to answer as to specific categories of expenses whether any portion of the expense was in fact incurred on a product bearing the mark Freedom Pop. When asked follow-up questions he stated that he did not know the answer because he was not involved in any of the events related to this lawsuit and said Proccor should ask those questions to GAT's CFO, who was involved from the start and who provided the information to the witness on the 30(b)(6) topic for the GAT corporate deposition.

GAT's CFO, Jay Klein, in fact was present for the entire GAT corporate deposition on June 22, 2023, but for some reason was not produced by GAT as its designated representative to testify on the 30(b)(6) topics. The CFO is one of the GAT employees listed in Proccor's counsel's May 19, 2023 email as a witness who Proccor wanted to depose and for which Proccor was attempting to clear deposition dates. Exhibit A-1 to Conwell Declaration. When Defendants did not provide a date, Proccor included Mr. Klein in its June 6, 2023 deposition notice and scheduled him for deposition on June 20, 2023. Exhibit B-3 to Conwell Declaration. Defense counsel, however, said that the witness was unavailable and that his deposition had to be rescheduled for another date which they would provide. Defendants have not yet provided a date for Mr. Klein's deposition. Exhibit 1, Conwell Declaration, ¶7.

7

Plaintiff is requesting a twenty-day enlargement of time. During that time Plaintiff intends to depose the witnesses who Plaintiff has been attempting to depose since May 19, 2023. Since deposition dates have not yet been provided, Plaintiff may have no choice but to file another motion to compel discovery.

This request for enlargement of time is not requested in bad faith, has no dilatory motive, and will not prejudice the Defendants.

### Rule 3.01(g) Certificate

Pursuant to Local Rule 3.0l(g), Plaintiff's counsel conferred with Defendants' counsel regarding the requested extension of time and represents that the Defendants are not opposing this motion.

Dated: June 30, 2023

By: /s/ *G. Donovan Conwell, Jr.*
G. Donovan Conwell, Jr.
Florida Bar No.: 0371319
**CONWELL BUSINESS LAW, LLLP**
12610 Race Track Road, Suite 200
Tampa, FL 33626
Tel. (813) 282-8000, Fax: (813) 855-2631
dconwell@conwellbusinesslaw.com
eservice@conwellbusinesslaw.com
*Counsel for Plaintiff*

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 30th day of June 2023, I served a copy of this Motion for Enlargement of time on all counsel of record by email because the Court's portal is down.