FIN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISIONA

Case No. 8:22-cv-02227-SDM-SPF

PROCCOR PHARMACEUTICALS, INC.,

    *Plaintiff*,

v.

WORLD HEALTH PRODUCTS, LLC dba
GAT SPORT and VITAMIN SHOPPE
INDUSTRIES LLC dba THE VITAMIN
SHOPPE,

    *Defendants*.

_____/

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE
DEFENDANTS' FIRST AND SECOND AFFIRMATIVE DEFENSES**

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................... ii

LEGAL STANDARD ............................................................................................. 4

ARGUMENT ........................................................................................................... 4

I. THE COURT SHOULD DENY PLAINTIFF'S MOTION TO STRIKE BECAUSE THE DEFENDANTS' FIRST AND SECOND AFFIRMATIVE DEFENSES ARE LEGALLY SUFFICIENT AS A MATTER OF LAW AND PLAINTIFF IS NOT PREJUDICED ....... 4

    A. Defendants' Affirmative Defenses for Genericness and Descriptiveness are Legally Sufficient ........................................................................... 4

    B. Allowing Defendants' Affirmative Defenses to Remain Will Not Prejudice the Plaintiff .............................................................................. 7

II. THE COURT SHOULD DENY PLAINTIFF'S MOTION TO STRIKE BECAUSE THE MOTION IMPROPERLY SEEKS A JUDICIAL FINDING THAT THE ALLEGED MARK IS INHERENTLY DISTINCTIVE, DESPITE PLAINTIFF HAVING ADMITTED THAT THE ALLEGED MARK IS MERELY DESCRIPTIVE ............................................. 8

III. IN DENYING PLAINTIFF'S MOTION, THE COURT SHOULD FIND THAT PLAINTIFF'S ALLEGED MARK IS EITHER MERELY DESCRIPTIVE OR GENERIC AND CANCEL PLAINTIFF'S TRADEMARK REGISTRATION AND DISMISS ITS CLAIMS BASED ON PLAINTIFF'S CONCESSIONS ............................................. 10

CONCLUSION ..................................................................................................... 13

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Abercrombie & Fitch Co. v. Hunting World, Inc.*
   537 F.2d 4 (CA2 1976) ................................................................................................ 5

*Davis v. Hollywood & Ivar*
   No. 2:21-cv-01235, 2021 U.S. Dist. LEXIS 202651 (C.D. Cal. Aug. 30, 2021) . 6, 7

*Microsoft Corp. v. Jesse's Computs. & Repair, Inc.*
   211 F.R.D. 681 (M.D. Fla. 2002) ............................................................................. 4, 7

*Park n' Fly v. Dollar Park & Fly*
   469 U.S. 189 (1985) ............................................................................... 2, 5, 6, 9

*Reyher v. Trans World Airlines, Inc.*
   881 F. Supp. 574 (M.D. Fla. 19995) ........................................................................ 4, 8

*Schmidt v. Wells Fargo Bank, N.A.*
   No. 8:20-cv-150, 2020 U.S. Dist. LEXIS 61779 M.D. Fla. Apr 8, 2020) ...... 1, 4, 8

**STATUTES-AT-LARGE**

Act of July 5, 1946, ch. 540, title I, 60 Stat 427 .............................................. 2, 5, 7

**U.S. CODE**

15 U.S.C.
   § 1052 (1958 ed.) ......................................................................................................... 5
   § 1052(e) ................................................................................................................ 2, 5
   § 1052(e) (1958 ed.) .................................................................................................. 5
   § 1052(f) (1958 ed.) ................................................................................................... 5
   § 1064 ........................................................................................................................... 5
   § 1064(3) ...................................................................................................................... 2
   § 1064(c) (1958 ed.) .................................................................................................. 5
   § 1065 ....................................................................................................................... 5, 6
   § 1065(4) ...................................................................................................................... 2
   § 1115(b) ...................................................................................................................... 5

**RULES**

Fed. R. Civ. P. 12(c) .......................................................................................... 10

Fed. R. Civ. P. 12(f) ........................................................................... 1, 4, 8, 10, 11

**OTHER SOURCES**

Eleventh Circuit Pattern Jury Instructions (2022 ed.) ........................................ 2, 3, 5

Wright & Miller, *Federal Practice and Procedure*, Vol. 5C, § 1380 (3d ed. 2015) ............ 1

## MEMORANDUM OF LAW

Motions to strike are heavily disfavored and will only be granted in drastic circumstances. *See, e.g.*, Wright & Miller, *Federal Practice and Procedure*, Vol. 5C, § 1380 (3d ed. 2015) ("numerous judicial decisions make it clear that motions under Rule 12(f) are viewed with disfavor . . . and are infrequently granted."); *Schmidt v. Wells Fargo Bank, N.A.*, No. 8:20-cv-150-T-33AAS, 2020 U.S. Dist. LEXIS 61779, *2-3 M.D. Fla. Apr 8, 2020) (Covington, J.) ("Although the Court has broad discretion in ruling on a motion to strike, such motions are disfavored due to their 'drastic nature' and are often considered 'time wasters.'") (collecting cases). Undeterred by the Rule 12(f) standard—indeed, without actually addressing that standard—Plaintiff Proccor Pharmaceuticals, Inc. ("Plaintiff" or "Proccor") filed a frivolous and vexatious motion to strike[1] the Defendants' first and second affirmative defenses (Doc. 115).[2] Defendants World Health Products, LLC d/b/a GAT Sport ("GAT Sport") and Vitamin Shoppe Industries, LLC d/b/a The Vitamin Shoppe ("TVS") (collectively, "Defendants") included affirmative defenses that the alleged mark "Freedom Pop" is generic (First Affirmative Defense) or alternatively, that the alleged mark is merely descriptive (Second Affirmative Defense). (Doc. 101, p. 9; Doc. 102, p.11.)

---

[1] Given the complete lack of legal support for its position, and its avoidance of actually arguing grounds for striking affirmative defenses, Proccor's filing can only have been filed for an improper purpose.

[2] Plaintiff filed an initial Motion at Doc. 113, which was then corrected at Doc. 115 to include a certificate of conference. Though both motions are addressed by the Opposition, references to pages are directed to the corrected motion, Doc. 115.

1

Proccor does not argue that Defendants' defenses are legally insufficient—the standard necessary to strike them—because it cannot. Mot. at 3-6. As a matter of black letter law, the text of the Lanham Act,[3] and Supreme Court precedent, they are legally sufficient. *See, e.g.*, Eleventh Circuit Pattern Jury Instructions (2022 ed.), § 10.4 (attached hereto as Exhibit "A")[4]. Instead, Proccor's Motion appears directed to seeking a judicial determination that its alleged mark "Freedom Pop" is inherently distinctive *based only on Proccor's allegations*, without any evidence to support such a finding and contradicted by Proccor's recent admissions. *See* Mot. at 2-6; *see also infra*, Section III.

The frivolousness of Plaintiff's Motion is apparent on its face. Affirmative defenses that an asserted mark is invalid because it is either generic or merely descriptive are **codified in the Lanham Act**; they are legally sufficient defenses as a matter of law. *See, e.g.*, 15 U.S.C. § 1052(e) (marks are not registrable on the principal register when merely descriptive); *id.*, § 1064(3) (addressing that a mark can always be cancelled for genericness); *id.*, § 1065(4) ("no incontestable right shall be acquired in a mark which is the generic name for the goods or services or a portion thereof, for which it is registered."); *Park n' Fly v. Dollar Park & Fly*, 469 U.S. 189, 194 (1985) ("Generic terms are not registrable, and a registered mark may be cancelled at

---

[3] Act of July 5, 1946, ch. 540, title I, § 1, *et seq.*, 60 Stat 427, codified at 15 U.S.C. § 1051, *et seq.* (the "Lanham Act")

[4] The Eleventh Circuit's Pattern Jury Instructions can also be accessed through the Eleventh Circuit's website at the following link, where § 10.4 can be found on pages 768 through 787: ca11.uscourts.gov/sites/default/files/courtdocs/clk/FormCivilPatternJuryInstructionsRevisedMAR2022.pdf

2

any time on the grounds that it has become generic."); *id.* at 205 (holding that if a mark achieves "incontestable" status "an action may not be defended on the grounds that the mark is merely descriptive."); Eleventh Circuit Pattern Jury Instructions, § 10.4 (Ex. A) (articulating the standard for cancelling a registered mark on the grounds that the mark is generic or that it is merely descriptive).

In arguing the opposite, Plaintiff's Motion avoids addressing the actual legal standard for its motion to strike, and presents no genuine argument justifying the extreme relief sought. Instead, Plaintiff's Motion asks the Court to find, as a matter of law and contrary to Plaintiff's admissions, that Plaintiff's alleged trademark for "Freedom Pop", which Plaintiff uses to identify the name of the *flavor* of certain of its products, is "inherently distinctive." *See infra*, Section III. It is not. Plaintiff's Answer to Defendant GAT Sport's counterclaims (Doc. 114) admits that Plaintiff does not use "Freedom Pop" to distinguish its goods from the goods of others; rather, it uses "Freedom Pop" to indicate that the flavor of some of its products is that of a Freedom Pop, i.e., the red-white-and-blue ice pops / popsicles® which have been offered by other companies for years. Doc. 114, ¶¶ 8, 34, 36, 39.

Finally, Plaintiff dishonestly argues it is prejudiced by the affirmative defenses because it must respond to discovery—but avoids addressing that the same discovery is relevant to GAT Sport's counterclaims addressing that the alleged mark is generic and/or descriptive, which Plaintiff answered. *Compare* Mot. at 6 *with* Doc. 101, counterclaim ¶¶ 38, 52, 60, 68, 75, 85, 106, 118, 130, 141, 149, 157, 165, 173, 181, and Counts X and XI *and* Doc. 114.

3

## LEGAL STANDARD

"Affirmative defenses challenged by a motion to strike are . . . evaluated under Rule 12(f), which provides that a 'court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.'" *Schmidt*, 2020 U.S. Dist. LEXIS 61779, at *2 (citing Fed. R. Civ. P. 12(f)).  "[S]uch motions are disfavored due to their 'drastic nature' and are often considered 'time wasters.'" *Id.* at *2-3 (collecting cases).  "Thus, '[a]n affirmative defense will only be stricken . . . if the defense is "insufficient as a matter of law."'" *Id.* at *3 (quoting *Microsoft Corp. v. Jesse's Computs. & Repair, Inc.*, 211 F.R.D. 681, 683 (M.D. Fla. 2002) (citation omitted)).  "An affirmative 'defense is insufficient as a matter of law only if: (1) on the face of the pleadings, it is patently frivolous, or (2) it is clearly invalid as a matter of law.'" *Ibid.* (quoting *Microsoft Corp.*, 211 F.R.D. at 683).  "To the extent that a defense puts into issue relevant and substantial legal and factual questions, it is 'sufficient' and may survive a motion to strike, particularly when there is no showing of prejudice to the movant." *Reyher v. Trans World Airlines, Inc.*, 881 F. Supp. 574, 576 (M.D. Fla. 19995) (citation omitted); *Schmidt*, 2020 U.S. Dist. LEXIS 61779, at *3 (quoting same).

## ARGUMENT

I.     THE COURT SHOULD DENY PLAINTIFF'S MOTION TO STRIKE BECAUSE THE DEFENDANTS' FIRST AND SECOND AFFIRMATIVE DEFENSES ARE LEGALLY SUFFICIENT AS A MATTER OF LAW AND PLAINTIFF IS NOT PREJUDICED.

    A.     Defendants' Affirmative Defenses for Genericness and Descriptiveness are Legally Sufficient.

The Defendants' first and second affirmative defenses—that the alleged mark is invalid as generic and/or merely descriptive—are legally sufficient as a matter of law; Plaintiff's Motion fails to meet the standard for the drastic remedy of striking them. It is black letter law that a trademark may **always** be challenged as invalid for genericness; moreover, so long as the alleged mark has not obtained "incontestable" status, it may be challenged as merely descriptive. *Park n' Fly*, 469 U.S. at 194, 205; *see also* 15 U.S.C. §§ 1052(e), 1064, 1065, 1115(b); Eleventh Circuit Pattern Jury Instructions, § 10.4 (Ex. A).

> Articulating these defenses in *Park n' Fly*, the Court explained:
>
> The provisions of the Lanham Act concerning registration and incontestability distinguish a mark that is "the common descriptive name of an article or substance" from a mark that is "merely descriptive." §§ 2(e), 14(c), 15 U.S.C. §§ 1052(e), 1064(c). Marks that constitute a common descriptive name are referred to as generic. A generic term is one that refers to the genus of which the particular product is a species. *Abercrombie & Fitch Co. v. Hunting World, Inc.*, 537 F.2d 4, 9 (CA2 1976). Generic terms are not registrable, and a registered mark may be cancelled at any time on the grounds that it has become generic. *See* §§ 2, 14(c), 15 U.S.C. §§ 1052, 1064(c). A "merely descriptive" mark, in contrast, describes the qualities or characteristics of a good or service, and this type of mark may be registered only if the registrant shows that it has acquired secondary meaning, *i.e.*, it "has become distinctive of the applicant's goods in commerce." §§ 2(e), (f), 15 U.S.C. §§ 1052(e), (f).

469 U.S. at 193-94 (citing 15 U.S.C. §§ 1052, 1064(c) (1958 ed.)). In *Park n' Fly*, the Court was required to determine "the effect of the incontestability provisions of the Lanham Act in the context of an infringement action defended on the grounds that the mark is merely descriptive." *Id.* at 194. Analyzing the text of the Lanham Act, the Court held that while a mark that is generic may be cancelled after it has become "incontestable," an infringement action may not be defended on the grounds that the

mark is "merely descriptive" once such mark becomes "incontestable." *Id.* at 193-202, 205.

Plaintiff's alleged mark is not incontestable; therefore, this action may be defended on the grounds that Plaintiff's alleged mark is invalid as generic or merely descriptive. *See id.* 194, 205. To be eligible for "incontestable" status, a mark must be registered for at least 5 years; then a mark owner must file the appropriate paperwork and the filing must be "acknowledged" by the U.S. Patent and Trademark Office. 15 U.S.C. § 1065. Plaintiff filed the application for its alleged mark on October 3, 2018, and the registration issued on May 7, 2019. Plaintiff's alleged mark cannot have achieved "incontestable" status as a matter of law, *see ibid.*, and Plaintiff makes no argument otherwise.

In *Davis v. Hollywood & Ivar*, No. 2:21-cv-01235-VAP-JPRx, 2021 U.S. Dist. LEXIS 202651 (C.D. Cal. Aug. 30, 2021), the court addressed this issue and denied the motion to strike affirmative defenses of descriptiveness and genericness. *Id.* at *19-23. In denying that motion to strike, that court explained that a defendant is permitted to challenge a mark that has not achieved "incontestable" status on the grounds that the mark is merely descriptive. *Id.* at *19-21 ("Under 15 U.S.C. § 1065, a federally registered mark is only 'incontestable' for descriptiveness after it is used continuously for five years. Plaintiff registered his trademark with the USPTO less than five years ago . . . meaning that his mark cannot be deemed incontestable.").

Here, Plaintiff's Motion presents no genuine argument that the defenses are insufficient as a matter of law; that alone is enough for the motion to be denied. *See*

6

*id.* at *19-23; *see also Microsoft Corp.*, 211 F.R.D. at 683. As established by the text of the Lanham Act and Supreme Court precedent, they are legally sufficient. Accordingly, Plaintiff's Motion provides no grounds for striking these affirmative defenses and should be denied by this Court.

      **B.    Allowing Defendants' Affirmative Defenses to Remain Will Not Prejudice the Plaintiff.**

Finally, Plaintiff disingenuously argues that allowing these affirmative defenses to remain will prejudice the Plaintiff. Mot. at 6. The crux of Plaintiff's argument is that having to comply with discovery on these defenses is prejudicial. Mot. at 6. What Plaintiff fails to mention to the Court, however, is (1) that the "prejudicial" discovery addressed in Plaintiff's Motion will have been responded to before the Court addresses this Motion and (2) Defendant GAT Sport has pending counterclaims addressing these issues—counterclaims which Plaintiff has not and cannot substantively attack.

GAT Sport's counterclaims include various claims for both the cancellation of Plaintiff's trademark registration and for declarations of non-infringement based on multiple legal grounds which incorporate the *factual* issues that Plaintiff's only use of "Freedom Pop" is as a flavor for some of its goods, not as a trademark. *See generally, e.g.*, Doc. 101, pp. 23-53. Indeed, counterclaim counts X and XI seek cancellation and a non-infringement declaration, respectively, for "descriptiveness". *Id.*, pp. 45-47. For example, GAT Sport's counterclaims include, *inter alia*, such allegations as: "Proccor has no *bona fide* use of 'Freedom Pop' as a trademark in commerce, and it

7

manufactured false evidence to misrepresent that it uses and has used 'Freedom Pop' as a trademark" *id.*, p. 47, ¶ 148; "Proccor has since abandoned that alleged 'use' of 'Freedom Pop' as a trademark and has no trademark rights in the generic and/or descriptive term 'Freedom Pop' as a flavor," *id.*, ¶ 149; "Proccor has used 'Freedom Pop' as a flavor to accurately and correctly describe the flavor of certain of its products. The term has not acquired any 'secondary meaning,' so its use by Proccor has not come to distinguish the source of Proccor's products," *id.*, ¶ 150; and "Proccor lacks any trademark rights in the alleged mark 'FREEDOM POP,'" *id.*, ¶ 151.

Plaintiff's claim of prejudice is dishonest; all discovery it is required to address must also be addressed as part of GAT Sport's counterclaims—which Plaintiff answered and will remain part of this case. Accordingly, Plaintiff cannot establish *any* prejudice, much less the prejudice necessary to challenge the sufficiency of Defendants' affirmative defenses on a Rule 12(f) standard. *See Reyher*, 881 F. Supp. at 576; *see also Schmidt*, 2020 U.S. Dist. LEXIS 61779, at *3.

Plaintiff's Motion has not, and cannot, establish any of the necessary conditions to strike a defense. The defenses are legally sufficient, and Plaintiff is not prejudiced by having to address them as affirmative defenses. Accordingly, Plaintiff's Motion should be denied.

**II.    THE COURT SHOULD DENY PLAINTIFF'S MOTION TO STRIKE BECAUSE THE MOTION IMPROPERLY SEEKS A JUDICIAL FINDING THAT THE ALLEGED MARK IS INHERENTLY DISTINCTIVE, DESPITE PLAINTIFF HAVING ADMITTED THAT THE ALLEGED MARK IS MERELY DESCRIPTIVE.**

Plaintiff's Motion does not address or even genuinely argue that the affirmative defenses are legally insufficient. Indeed, the Motion concedes that these are legally sufficient defenses. *See* Mot. at 3-6. Rather, Plaintiff's Motion seeks an improper judicial ruling based only on the allegations in the Second Amended Complaint: "The Court should determine as a matter of law that the mark, FREEDOM POP, is arbitrary as applied to dietary products and is not generic or descriptive." Mot. at 2. Plaintiff's motion improperly challenges the *merits* of the defenses, as a means of requesting a premature ruling. Mot. at 3-6.

Contrary to the arguments in its Motion, however, Plaintiff has already **conceded** that its use of "Freedom Pop" is as the "Freedom Pop Flavor" of its goods, and that it was used to describe the flavor of the red-white-and-blue "Freedom Pop" popsicles while also showing images of those same "Freedom Pop" popsicles on the labels. *See* Doc. 114, ¶¶ 8, 34, 36, 39. That is the definition of a "generic" or "merely descriptive" mark. *See Park n' Fly* 469 U.S. at 194 ("Marks that constitute a common descriptive name are referred to as generic. A generic term is one that refers to the genus of which the particular product is a species. . . . A 'merely descriptive' mark, in contrast, describes the qualities or characteristics of a good or service, and this type of mark may be registered only if the registrant shows that it has acquired secondary meaning, *i.e.*, it 'has become distinctive of the applicant's goods in commerce.'"). To grant Plaintiff's request, and hold that its alleged mark is arbitrary, is contrary to Plaintiff's **admitted facts**.

9

Further, though Plaintiff asserts that the Court can determine that its trademark is arbitrary on a Rule 12(f) motion, Plaintiff provides no authority for such an expansion of Rule 12(f)'s authority, and the undersigned has found no support for that position. Moreover, had Plaintiff genuinely sought to address the merits of the defenses, it would have filed a motion for judgment on the pleadings under Rule 12(c), Fed. R. Civ. P.—a point raised to Plaintiff's counsel during the parties' conferral. Instead, Plaintiff and its counsel filed this "time waster" Motion, without legal support and contrary to Plaintiff's admitted facts, and as addressed *infra*, Section III, by making arguments which actually **concede** that its alleged mark is generic or merely descriptive, that its registration must be cancelled and its claims dismissed.

Accordingly, the Court should deny Plaintiff's Motion.[5]

### III. IN DENYING PLAINTIFF'S MOTION, THE COURT SHOULD FIND THAT PLAINTIFF'S ALLEGED MARK IS EITHER MERELY DESCRIPTIVE OR GENERIC AND CANCEL PLAINTIFF'S TRADEMARK REGISTRATION AND DISMISS ITS CLAIMS BASED ON PLAINTIFF'S CONCESSIONS.

Plaintiff's Motion argues—without legal support—that the Court has the authority to address the merits of the Defendants' defenses on this Rule 12(f) Motion. Mot. at 2; *but see supra*, Section II.b. But Plaintiff then contradicts its legal position in this entire case, in arguing:

> The first and second affirmative defenses allege that FREEDOM POP is a generic or descriptive term describing a flavor or taste. But there is no such

---

[5] The repeated filing of motions without legal support or a factual basis, raises serious questions about the exceptionality of this case, the frivolousness of the arguments Plaintiff presents, and vexatious conduct of Plaintiff and its counsel which only serves to unnecessarily multiply these proceedings.

10

> thing as a FREEDOM POP flavor or taste. Examples of flavors are vanilla, chocolate, strawberry, lemon, apple, and the like. The word mark FREEDOM POP is a fanciful, arbitrary name for an undescribed flavor. The words FREEDOM POP, unlike the words vanilla, chocolate, strawberry, and the like, do not say or describe anything about the taste of the product. The Court should decide this issue now as a matter of law and strike these affirmative defenses as legally insufficient.

Mot. at 5-6. Rather than support Plaintiff's Motion, that argument **concedes** that Plaintiff's use of "Freedom Pop" as a flavor is merely descriptive or generic—just as it would be if Plaintiff had used "vanilla, chocolate, strawberry, lemon, apple, [or] the like" as the flavor for its Pre-RX or Amino Prestige (or other) products. *Compare ibid. with* Doc. 114, ¶¶ 8, 34, 36, 39. If Plaintiff is correct that this Court can determine the validity of the alleged mark on a Rule 12(f) motion, then the Court should find that Plaintiff's alleged mark is either merely descriptive or generic and (1) cancel Plaintiff's registration (U.S. Reg. No. 5,745,558) and (2) dismiss Plaintiff's infringement claims because it possesses no trademark rights in Freedom Pop.

Plaintiff has **conceded**, despite arguing the contrary in its Motion, that its use of "Freedom Pop" is as the "Freedom Pop Flavor" of some of its goods, and that it was used to describe the flavor of the red-white-and-blue "Freedom Pop" popsicles while also showing images of those same "Freedom Pop" popsicles on the labels. *See* Doc. 114, ¶¶ 8, 34, 36, 39. Plaintiff's use of "Freedom Pop" is no different than if its products were flavored "vanilla, chocolate, strawberry, lemon, apple, [or] the like"; and Plaintiff implicitly concedes that such use would be merely descriptive or generic. *Compare* Mot. at 5-6 *with* Doc. 114, ¶ 8 ("Admitted that there are red-white-and-blue popsicles sold in the United States under the name 'Freedompop' [*sic*]."),

11

¶ 34 ("Admitted that Proccor offered PRE RX in the flavor 'freedom pop,' and that the label stated, 'Freedom Pop Flavor.'"), ¶ 39 ("Admitted that some Proccor labels have included an image of red-white-and blue popsicles [*sic*].").

Plaintiff's use of "Freedom Pop" is the definition of "generic" or "merely descriptive". *See Park n' Fly* 469 U.S. at 194 ("Marks that constitute a common descriptive name are referred to as generic. A generic term is one that refers to the genus of which the particular product is a species. . . . A 'merely descriptive' mark, in contrast, describes the qualities or characteristics of a good or service, and this type of mark may be registered only if the registrant shows that it has acquired secondary meaning, *i.e.*, it 'has become distinctive of the applicant's goods in commerce.'").

The flavor "vanilla" is the description of tasting like the thing called a vanilla bean. The flavor "chocolate" is the description of tasting like the thing called chocolate, or cacao pod. The flavor "strawberry" is the description of tasting like the thing called strawberry. And so too with "apple", "lemon", "watermelon," and the like—it describes the flavor of the thing (e.g., an apple, a lemon, a watermelon, etc.). So too is Plaintiff's use of "Freedom Pop" to describe tasting like the thing called Freedom Pop. Plaintiff **admittedly** uses the "Freedom Pop Flavor" to describe its products' taste as that of the thing called Freedom Pop, i.e., the red-white-and-blue ice pops / popsicles®. Doc. 114, ¶¶ 8, 34. Plaintiff even displays an image of red-white-and-blue ice pops / popsicles® in connection with that description. Doc. 114, ¶ 39.

Based on Plaintiff's argument and logic not only should the Court deny

12

Plaintiff's motion to strike, but the Court should also find that—based on Plaintiff's admissions—Plaintiff's use of "Freedom Pop" is either merely descriptive or generic and therefore that its registration is invalid, and that it lacks any protectable trademark rights and its infringment claims must be dismissed.

## CONCLUSION

For the reasons addressed above, the Court should deny Plaintiff's Motion (Docs. 113, 115).[6] Plaintiff's Motion fails as a matter of law, and even concedes through its argument and logic, that Plaintiff's registration must be cancelled, and its claims must be dismissed; its use of "Freedom Pop" to describe the flavor of a Freedom Pop ice pop / popsicle® is either merely descriptive or generic, and either way, it is unprotectable and Plaintiff therefore lacks trademark rights.

Respectfully submitted,

MCHALE & SLAVIN, P.A.

/s/ Andrew D. Lockton
Edward F. McHale (Fla. Bar No. 190300)
Andrew D. Lockton (Fla. Bar No. 115519)
2855 PGA Boulevard
Palm Beach Gardens, Florida 33410
Telephone:  (561) 625-6575
Facsimile:  (561) 625-6572
Email:    litigation@mchaleslavin.com
           alockton@mchaleslavin.com

MONTGOMERY MCCRACKEN WALKER & RHOADS LLP

Patrick C. Campbell (*pro hac vice*)
1735 Market Street

---

[6] To the extent that Doc. 113 is still pending, this Opposition also addresses that Motion.

13

          Philadelphia, Pennsylvania 19103
          Telephone: (215) 772-7550
          Email:  pcampbell@mmwr.com

          Kaspar Kielland (*pro hac vice*)
          Matteo Bonuzzi (*pro hac vice*)
          437 Madison Avenue
          New York, New York 10022
          Telephone: (212) 551-7732
          Email:  kkielland@mmwr.com
              mbonuzzi@mmwr.com

          *Attorneys for Defendants*