IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Case No. 8:22-cv-02227-SDM-SPF

PROCCOR PHARMACEUTICALS, INC.,

    *Plaintiff*,

v.

WORLD HEALTH PRODUCTS, LLC dba
GAT SPORT and VITAMIN SHOPPE
INDUSTRIES LLC dba THE VITAMIN
SHOPPE,

    *Defendants*.
_____/

### DEFENDANTS' MOTION FOR LEAVE TO FILE A REPLY BRIEF IN TO PLAINIFF'S OPPOSITION (DOC. 116)

Defendants World Health Products, LLC d/b/a GAT Sport and Vitamin Shoppe Industries, LLC d/b/a The Vitamin Shoppe (collectively, "Defendants"), respectfully request, pursuant to Local Rule 3.01(d), that the Court grant them leave to file a combined reply to the Opposition (Doc. 116) filed by Plaintiff Proccor Pharmaceuticals, Inc.'s ("Plaintiff") in response to the Defendants' respective motions for protective orders (Docs. 106, 107).

A reply is necessary in this matter because the Opposition (Doc. 116) presents legal arguments and facts which Plaintiff did not previously present to the Defendants or their counsel during the conferral process, so that the Defendants were not able to address them in their principal brief. Further, a reply is necessary to address the factual

1

changes which have occurred since the filing of the brief, including Plaintiff's motion to amend the pleadings (Doc. 110), which implicitly concedes that Plaintiff's claim to "reasonable royalties" is not part of the current pleadings in this case.

Defendants request leave to file a concise, combined reply brief of up to eight (8) pages, which is approximately half the length of the opposition filed by the Plaintiff. To be filed within 7 days of being granted such leave.

### MEMORANDUM OF LAW

The purpose of a reply is to rebut any new law or facts presented in a response to the movant's initial request for relief. *See, e.g.*, *Montgomery Bank, N.A. v. Alico Road Business Park LP*, No. 2:13-cv-802-FtM-29CM, 2014 U.S. Dist. LEXIS 106483, *10 (M.D. Fla. Aug. 4, 2014). A reply is appropriate where the movant demonstrates that a purpose raises new issues that are material to the disposition of the question before the Court; where the Court determines, *sua sponte*, that it desires further briefing; or where the interests of justice allowing a reply is otherwise substantially justified. *Cf.* 27A Tracy Bateman Farrell et al., FEDERAL PROCEDURE LAWYERS EDITION § 62:360 (current through June 2013) (citations omitted).

Here, a concise eight (8) page reply is appropriate because Plaintiff's Opposition: (1) raises new legal arguments that Plaintiff did not previously present to the Defendants during Defendants' extensive attempts to confer on these issues; (2) presents a new expert declaration which Plaintiff did not raise to Defendants during Defendants' extensive attempts to confer on these issues; and (3) after Defendants filed their motions for protective orders (Docs. 106, 107), Plaintiff implicitly conceded that

2

the Second Amended Complaint removed any claim to "a reasonable royalty" as damages by filing a motion to amend the pleadings and *add* that claim into the prayer for relief (Doc. 110).

Inasmuch as Defendants could not have reasonably anticipated Plaintiff would present this new evidence and these new arguments when Defendants filed their respective motions, Defendants could not have addressed these issues in their motions as filed.

## CONCLUSION

For the reasons addressed above, the Defendants request leave to file a combined eight (8) page reply to Plaintiff's Opposition (Doc. 116), to be filed within 7 days of

## CERTIFICATE OF CONFERENCE PURSUANT TO LOCAL RULE 3.01(g)

Prior to filing this motion, counsel for the Defendants have attempted to confer with counsel for the Plaintiff.  *See* Exhibit "A", attached (reflecting email attempts to confer).  Plaintiff's counsel has been mostly unresponsive and indicated only that he "[w]on't object on the condition [we] agree not to oppose a motion by [him] to file a sur-reply which [he] would file as 'unopposed.'"  Ex. A.  As Defendants do not agree to that condition, because such a sur-reply is currently improper based on the legal standard, Defendants understand that Plaintiff does not consent to the requested relief; Plaintiff has not confirmed that understanding.  Defendants will continue to attempt conferral as required by the Local Rules.

Respectfully submitted,

MCHALE & SLAVIN, P.A.

*/s/ Andrew D. Lockton*
Edward F. McHale (Fla. Bar No. 190300)
Andrew D. Lockton (Fla. Bar No. 115519)
2855 PGA Boulevard
Palm Beach Gardens, Florida 33410
Telephone: (561) 625-6575
Facsimile: (561) 625-6572
Email: litigation@mchaleslavin.com
alockton@mchaleslavin.com

MONTGOMERY MCCRACKEN WALKER & RHOADS LLP

Patrick C. Campbell (*pro hac vice*)
1735 Market Street
Philadelphia, Pennsylvania 19103
Telephone: (215) 772-7550
Email: pcampbell@mmwr.com

Kaspar Kielland (*pro hac vice*)
Matteo Bonuzzi (*pro hac vice*)
437 Madison Avenue
New York, New York 10022
Telephone: (212) 551-7732
Email: kkielland@mmwr.com
mbonuzzi@mmwr.com

*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that the foregoing Defendants' Motion for Leave to File a Reply Brief to Plaintiffs' Opposition (Doc. 116), with Incorporated Memorandum of Law was filed electronically with the Court on July 7, 2023, and thereby served on counsel for the Plaintiff on the same day.

                                                     */s/ Andrew D. Lockton*
                                                     Andrew D. Lockton