**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

| | |
|---|---|
| PROCCOR PHARMACEUTICALS, INC.,<br>    Plaintiff,<br>v.<br>WORLD HEALTH PRODUCTS, LLC dba GAT SPORT and VITAMIN SHOPPE INDUSTRIES LLC, dba THE VITAMIN SHOPPE<br>    Defendants. | Case No. 8:22-cv-02227-SDM-SPF |

**PLAINTIFF'S MOTION TO COMPEL DISCOVERY AND FOR SANCTIONS AND SUPPORTING MEMORANDUM**

Plaintiff, Proccor Pharmaceuticals, Inc., pursuant to Rule 37, Fed. R. Civ. P., moves for sanctions and to compel Defendants World Health Products, LLC dba GAT Sport ("GAT") and Vitamin Shoppe Industries, LLC dba The Vitamin Shoppe (Vitamin Shoppe") to produce witnesses for deposition who Plaintiff noticed for deposition to be taken by Zoom on June 16, 19, 20 and 23, 2023 but who did not appear. [Doc 117-13, 117-14 and 117-15] The witnesses are as follows: (1) a corporate representative of Vitamin Shoppe pursuant to Rule 30(b)(6), (2) Thomas Mattura -Vitamin Shoppe Director-Buyer,  (3) Jay Klein- GAT CFO, (4) Tomasso Mastrocola- GAT executive, (5) Olivia Hotar- Vitamin Shoppe Merchandise Planner, (6) Alyson Dorsten- Vitamin Shoppe - Assistant Buyer, and (7) Jack Gayton- Vitamin Shoppe Merchandise Manager. None of the

witnesses appeared for deposition when noticed or thereafter. Defendants' counsel promised to provide dates when Plaintiff could take these depositions but has not done so. On June 9, 2023, Plaintiff served an Amended Notice of Taking Rule 30(b)(6) deposition of Vitamin Shoppe on June 23, 2023. [Doc 107-1] No witness appeared for the deposition. Plaintiff has made a good faith effort to take these depositions in cooperation with defense counsel but has been unable to do so, as described below.

## MEMORANDUM

Plaintiff began attempting to schedule these depositions on May 19, 2023, two days after this Court granted Plaintiff's Motion to Compel Defendants to Answer Interrogatories and Produce Documents. [Doc 94] Counsel for Proccor sent an email to all five attorneys for GAT and Vitamin Shoppe on May 19, 2023, requesting dates to depose employees of GAT and Vitamin Shoppe, and to depose a corporate representative for each defendant. [Doc 110-2, p. 9] Defense counsel did not respond. Five days later, on May 24, 2023, Plaintiff's counsel emailed all five defense counsel again, stating that no one had responded and that he needed to coordinate deposition dates. [Doc 117-3] The next day, May 25, 2023, Plaintiff's counsel tried calling lead counsel for the Defendants, Patrick Campbell, without success and sent another email trying to schedule the depositions. [Doc 117-4] Counsel then spoke that evening by

phone and defense counsel asked for an estimate of the length of the depositions, to which Plaintiff's counsel responded by email on May 26, 2023, providing the requested estimates. [Doc 117-5] Five days passed without any deposition dates being provided. [Doc 117-6] Plaintiff's counsel spoke with two of the defense attorneys on May 31, 2023, but they said they could not provide dates, only lead counsel could do that. *Id*. Plaintiff's counsel then emailed all five defense attorneys again that day, stating "I don't know what else I can do to try to coordinate deposition scheduling with you." *Id*. Proccor's counsel also wrote that, because Defendants had not provided any dates, he would unilaterally set the depositions. [Doc 117-6]

On June 1, 2023, lead counsel emailed Plaintiff's counsel stating some of the witnesses seemed to have nothing to do with the issues. [Doc 117-7] Plaintiff's counsel replied asking counsel to let him know which witnesses defense counsel thought had nothing to do with the issues. *Id*. Plaintiff's counsel then tried to call lead counsel to try to coordinate the depositions, but without success, so he sent another email trying to schedule the depositions. [Doc 117-8] Counsel then spoke by phone later that day, but defense counsel still did not provide any dates. [Doc 117-9] Plaintiff's counsel sent an email on June 2, 2023, asking again for dates and stating he had "expert disclosures due the end of June." *Id*. He also wrote that "I have been trying to clear

3

deposition dates with you and your team since May 19, 2023 and have yet to be given any available dates. It should not take weeks to clear deposition dates." *Id*.

On June 5, 2023, lead counsel for the defendants emailed, "I'm hoping to get you deposition dates today." [Doc 117-10] Plaintiff's counsel replied, "I look forward to receiving the deposition dates today…". *Id*. No dates were provided. [Doc 117-11] The next day, June 6, 2023, Plaintiff's counsel emailed all five defense attorneys, "Hi Pat, did I miss your email with deposition dates?" [Doc 117-11]

When none of the five attorneys replied, Plaintiff's counsel served them at 8:50 p.m. on June 6 with notices for taking the depositions. [Doc 117-12] On June 7, 2023, Defendants' lead counsel objected to Plaintiff "unilaterally" scheduling the depositions and said he was working on "tracking witnesses down." [Doc 117-16] Defense counsel said that Vitamin Shoppe's representative would be on his honeymoon and could not be deposed when noticed. *Id*. Defense counsel stated that one of the witnesses, Tomasso Mastrocola left the employment of GAT but said he would coordinate his deposition and that Plaintiff would not need to serve him with a subpoena. [Doc 117-16; Conwell Declaration at ¶3, Exhibit 1]

4

Plaintiff's counsel replied that day asking again for deposition dates and stating, "I can see the court sanctioning the defendants again if this issue is not resolved by the parties and requires court intervention. I remain willing to work with you, but I can't just sit here and do nothing while the Defendants refuse to clear deposition dates with me." [Doc 117-16] Defendants have not yet provided a date for any deposition other than the 30(b)(6) deposition of GAT, which defense counsel said could be taken on June 22, 2023. [Doc 117-1 at ¶¶'s 6-7].

On June 9, 2023, Defendants' lead counsel wrote in an email to Plaintiff's counsel that Mr. Matura of Vitamin Shoppe would not be available until the week of July 10, 2023, and that he would also be Vitamin Shoppe's corporate designee. [Doc 117-17] Plaintiff's counsel replied that he needed the "corporate rep depo next week or the following week to meet my deadline for expert reports." *Id*. Later that day, Proccor served amended notices of deposing corporate representatives of GAT and Vitamin Shoppe on June 22 and 23, 2023, respectively. [Doc 117-12]

On June 16, 2023, Defendants moved for a protective order to exclude the "royalty" topic from the deposition. [Doc 107] On June 21, 2023, the Court entered an interim order stating that "Defendants' Rule 30(b)(6) depositions **shall proceed as noticed** with this caveat." (emphasis added) The

Order then excluded the royalty topic from the depositions on an interim basis. [Doc 112]

Meanwhile, on June 19, 2023, defense counsel asked by email when Plaintiff would like to schedule the Vitamin Shoppe corporate representative deposition. Conwell Declaration at ¶4, attached as <u>Exhibit 1</u>. The next day, June 20, 2023, Plaintiff's counsel replied, "I can take the VS corporate rep deposition on July 6 or 7." *Id*. Defense counsel did not respond and the June 23, deposition date was not changed. Vitamin Shoppe did not produce a witness on June 23 and has not yet provided an alternative date for the Vitamin Shoppe 30(b)(6) deposition. [Doc 117-1 at ¶7; <u>Exhibit 1</u>, Conwell Declaration at ¶4]

On June 22, 2023, Proccor took the deposition of the person designated by GAT to testify on its behalf on the topics listed in the 30(b)(6) deposition notice. The witness produced by GAT testified that he began his employment at GAT in January 2023 and did not become aware of this lawsuit or of the mark Freedom Pop until March 2023.[1] The witness, therefore, was unable to answer many of the questions asked of him during his deposition.

On Friday, June 30, 2023, Plaintiff served its Motion For a 20-Day Enlargement of Time to Disclose Expert Reports, which laid out most of the

---

[1] The deposition transcript has been ordered but is not yet completed. When it is completed Plaintiff will file it with the Court.

6

above-described efforts of Plaintiff's counsel to schedule these depositions. [Doc 117] The Motion explained that Plaintiff required the depositions for its expert disclosures. *Id*. at pp. 2-3. The Motion further warned, "[s]ince deposition dates have not yet been provided, Plaintiff may have no choice but to file another motion to compel discovery." *Id*. at p. 8.

On Monday, July 3, 2023, Plaintiff's counsel emailed defense counsel again requesting dates to take these depositions. Exhibit 1, Conwell Declaration at ¶5. Defense counsel replied that he would provide dates by Wednesday July 5, 2023. *Id.* As of today's date, no dates for any of these depositions have been provided. *Id*.

Rule 37(d)(1)(A)(1) provides that the court may order sanctions upon motion if "a party or a party's officer, director, or managing agent, or a person designated under Rule 30(b)(6) … fails after being served with proper notice to appear for that person's deposition." Plaintiff has noticed GAT and Vitamin Shoppe for the taking of depositions of their officers, directors, managing agents and 30(b)(6) designees. Moreover, the Court ordered that the 30(b)(6) depositions of GAT and Vitamin Shoppe "proceed as noticed." [Doc 112] None of the witnesses have appeared for their depositions except the GAT designee, and Defendants have not provided any dates for deposing them.

Under these circumstances, the court should impose sanctions including requiring Defendants to produce these witnesses for deposition via Zoom on dates selected by counsel for Plaintiff and awarding Plaintiff its reasonable attorneys' fees incurred in obtaining this relief as provided in Fed. R. Civ. P. 37. If the depositions cannot be scheduled and taken by July 20, 2023, (the extended deadline for Plaintiff's expert disclosures) then Plaintiff requests that the deadline for Plaintiff's expert disclosures be moved back until ten days[2] after the depositions are taken. Plaintiff further requests any additional sanctions that the court deems appropriate.

## Local Rule 3.01(g) Certification

I certify that I conferred in good faith with counsel for the Defendants as described in detail above by telephone and numerous emails in an attempt to resolve the issues raised in this motion and that the parties did not agree on a resolution of the issues.

Dated: July 7, 2023

                                           By:    /s/ *G. Donovan Conwell, Jr.*
                                                    G. Donovan Conwell, Jr.
                                                    Florida Bar No.: 0371319
                                                    **CONWELL BUSINESS LAW, LLLP**
                                                    12610 Race Track Road, Suite 200

---

[2] To allow time for the depositions to be transcribed.

>Tampa, FL 33626
>Tel. (813) 282-8000, Fax: (813) 855-2631
>dconwell@conwellbusinesslaw.com
>eservice@conwellbusinesslaw.com
>*Counsel for Plaintiff*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 7th day of July 2023, I electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send an Electronic Mail notification of same to all counsel of record.