IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Case No. 8:22-cv-02227-SDM-SPF

PROCCOR PHARMACEUTICALS, INC.,

    *Plaintiff*,

v.

WORLD HEALTH PRODUCTS, LLC dba
GAT SPORT and VITAMIN SHOPPE
INDUSTRIES LLC dba THE VITAMIN
SHOPPE,

    *Defendants*.

_____/

**DEFENDANTS' REPLY TO PLAINTIFF'S
OPPOSITION (DOC. 116) AND IN SUPPORT OF THE
MOTIONS FOR PROTECTIVE ORDERS (DOCS. 106, 107)**

## TABLE OF CONTENTS

                                                                                        **Page**

TABLE OF AUTHORITIES ................................................................................................ ii

I.     Plaintiff Has Now Admitted That Any Claim to a "Reasonable Royalty" Was Excluded, Making the Deposition Topics Wholly Irrelevant ........................... 1

II.    Plaintiff Admits That the Topics are Only Relevant to a Claim For *Hypothetical* Royalties, Which Is Not Permissible ............................................................. 2

III.   Plaintiff's Opposition Confirms That *Defendants'* Trademark Licenses Are Irrelevant and Therefore the Topics Have No Relevance to This Action ......... 7

IV.   Defendants Should be Awarded Rule 37 Fees ................................................. 8

CONCLUSION ..................................................................................................... 8

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Action Ink, Inc. v. Anheuser-Busch, Inc.*
   No. 12-141, 2012 U.S. Dist. LEXIS 180250 (E.D. La. Dec. 20, 2012)..............5, 8

*adidas America, Inc. v. Payless Shoesource, Inc.*
   No. CV 01-1655, 2008 U.S. Dist. LEXIS 69260 (D. Or. Sept. 12, 2008) ..............7

*ADT & ADT US Holdings, Inc. v. Alarm Protection LLC*
   No. 9:15-CV-80073-Rosenberg/Hopkins, 2017 U.S. Dist. LEXIS 75046 (S.D. Fla. May 17, 2017) ................................................................................................2, 5, 8

*Bandag, Inc. v. Al Bolser's Tire Stores, Inc.*
   750 F.2d 903 (Fed. Cir. 1984) ...............................................................................3

*Boston Prof'l Hockey Assoc. v. Dallas Cap Mfg.*
   597 F.2d 71 (5th Cir. 1971) ................................................................................3, 4

*Buzz Off Insect Shield, LLC v. S.C. Johnson & Sons, Inc.*
   606 F. Supp. 2d 571 (M.D. N.C. 2009) .................................................................7

*Coryn Group II, LLC v. O.C. Seacrets, Inc.*
   No. 08-CV-2764, 2010 U.S. Dist. LEXIS 30719 (D. Md. Mar. 30, 2010) .........6, 7

*Gucci Am. Inc. v. Guess?, Inc.*
   858 F. Supp. 2d 250 (S.D.N.Y. 2012).................................................................5, 6

*Gucci Am., Inc. v. Guess?, Inc.*
   868 F. Supp. 2d 207 (S.D.N.Y. 2012)....................................................................6

*Holiday Inns. v. Airport Holiday Corp.*
   493 F. Supp. 1025 (N.D. Tex. 1980) ......................................................................4

*Howard Johnson Co. Inc. v. Khimani*
   892 F.2d 1512 (11th Cir. 1990).........................................................................2, 3

*Nat'l Fire Prot. Ass'n v. Int'l Code Council, Inc.*
   No. 03-10848, 2006 U.S. Dist. LEXIS 14360 (D. Mass. Mar. 29, 2006)...............4

**Cases (cont.)**

*On Site Energy Co. v. MTU Onsite Energy Co.*
  No. 10-CV-1671 (JS) (WDW), 2012 U.S. Dist. LEXIS 100690 (E.D.N.Y. July 19,
  2012) ............................................................................................................... 6, 7

*Ramada Inns, Inc. v. Gadsden Motel Co.*
  804 F.2d 1562 (11th Cir. 1986) ......................................................................... 3, 4

*Sands, Taylor & Wood v. Quaker Oats Co.*
  34 F.3d 1340 (7th Cir. 1994) ......................................................................... 4, 5, 8

*St. Charles Mfg. Co. v. Mercer*
  737 F.2d 891 (11th Cir. 1983) ............................................................................... 4

*Thrive Natural Care v. Thrive Causemetics*
  No. CV 20-9091 PA (ASx), 2021 U.S. Dist. LEXIS 201284 (C.D. Cal. Oct. 6, 2021)
  ................................................................................................................................ 8

*Trovan, Ltd. v. Pfizer, Inc.*
  No. 98-0094, 2000 U.S. Dist. LEXIS 7522 (C.D. Cal. May 25, 2000) ................. 4

**Statutes**

15 U.S.C. § 1117(a) ................................................................................................... 1

35 U.S.C. § 284 ......................................................................................................... 7

**Rules**

Fed. R. Civ. P. 30(b)(6) ............................................................................................. 5

Fed. R. Civ. P. 37 ...................................................................................................... 8

Plaintiff's Opposition, Doc. 116 ("Opposition" or "Opp."), lacks legal support for its arguments, and noticeably avoids its own admission that the issue is not part of the pleadings. *Cf.* Doc. 110.

First, after requiring Defendants to seek protective orders Plaintiff now admits that its "royalties" damage theory was excluded from this action, and it needs leave **to add in** such a claim—if it can. *See* Doc. 110; *see also infra*, § I. That should end the inquiry, because the proposed topics were only argued as relevant to that excluded damage theory. Doc. 106 at 5-10; Doc. 107 at 5-10. Second, Plaintiff concedes that the proposed topics are to support its theory of a ***hypothetical*** reasonable royalty damage, *see* Doc. 116-2, ¶ 5. But Eleventh Circuit precedent is clear that *hypothetical* damages are not "actual damages," and the Lanham Act only allows actual damages. *See infra*, § II; *see also* 15 U.S.C. § 1117(a). Further, Plaintiff's cited cases do not support an inquiry into *a defendant's licensing practices* in determining royalties as actual damages, only arms-length licensing *by a plaintiff* are appropriate. *See infra*, § III. Finally, Plaintiff's Opposition and requested amendment (Doc. 110), demonstrates that these Motions should have been unnecessary. *See infra*, § IV. Plaintiff failed to confer in good faith, and its *post hoc* attempt to justify its proposed topics reflects why Defendants should be awarded their fees for having to bring these Motions.

**I.     Plaintiff Has Now Admitted That Any Claim to a "Reasonable Royalty" Was Excluded, Making the Deposition Topics Wholly Irrelevant.**

As Defendants' argued, the Plaintiff excluded any "lost profits" damage theory—including lost royalties—through its previous amendment, making these

1

deposition topics wholly irrelevant to any live issue in this case. Doc. 106 at 5-10; Doc. 107 at 5-10. After requiring Defendants to seek protective orders, Plaintiff conceded the point and moved for leave to amend, **to add in a claim** for "a reasonable royalty" within the prayer for relief. Doc. 110; *see also* Doc. 110-1 at 6. Plaintiff conceded the amendment is necessary in order to pursue its theory of *hypothetical* "reasonable royalty" damages. *See* Doc. 110 at 4. This admission clarifies that the proposed deposition topics do not relate to any live issue in this case, and are therefore not relevant, disproportional to the needs of the case, and unduly burdensome and harassing, Doc. 106 at 10-15; Doc. 107 at 10-16.

II.  **Plaintiff Admits That the Topics are Only Relevant to a Claim For *Hypothetical* Royalties, Which Is Not Permissible.**

Plaintiff conflates **lost royalties**, which are *sometimes* available as actual damages, with its request to pursue **hypothetical royalties**, which are not—a distinction emphasized even in *Plaintiff's* cases. *See, e.g.*, *ADT & ADT US Holdings, Inc. v. Alarm Protection LLC*, No. 9:15-CV-80073-Rosenberg/Hopkins, 2017 U.S. Dist. LEXIS 75046, *13 (S.D. Fla. May 17, 2017) ("Here, Plaintiffs **are not seeking compensation from a hypothetical system**—their position is that they are seeking to recover damages from Defendants according to the economic system by which revenue is obtained—past and present—from their dealers.") (emphasis added). The law does not support Plaintiff's hypothetical royalty damage theory; the deposition topics are therefore wholly irrelevant to the issues in this action.

Plaintiff cites *Howard Johnson Co. v. Khimani*, 892 F.2d 1512, 1591 (11th Cir.

1990) and *Bandag, Inc. v. Al Bolser's Tire Stores, Inc.*, 750 F.2d 903, 920 (Fed. Cir. 1984), incorrectly believing these cases support hypothetical royalty damages. Opp. at 2-3. They do not. In *Howard Johnson*, the Eleventh Circuit affirmed a sanctions award against a holdover franchisee that violated an injunction. *See, e.g.*, 892 F.2d at 1514-15. The court explained, though, that this was the **actual damage**, calculated from royalty payments *it would have received* had the defendants remained franchisees. *Id.* at 1519. *Howard Johnson* does not authorize **hypothetical** royalties. Rather, **lost royalties** were appropriate based on a contract. *See id.* at 1514-15, 1519-20.

Similarly, the Federal Circuit affirmed a damage award in *Bandag* where the "defendant falsely represented that it was a franchisee of plaintiff," explaining:

> [T]he appropriate measure of damages would be to treat defendant as if it were in fact a franchisee of plaintiff and to award to plaintiff in damage the amount in dollars which defendant would have had to pay to plaintiff as a royalty and service fee had defendant been in fact a Bandag franchisee.

*Bandag*, 750 F.2d at 919. In *Bandag*, there was an established franchise fee to apply. *See ibid.* *Bandag* also relied on *Boston Prof'l Hockey Assoc. v. Dallas Cap Mfg.*, 597 F.2d 71 (5th Cir. 1971), where the Former Fifth Circuit affirmed a **lost** royalty damage where "the district court found the defendant merely appropriated what it had been unable to obtain by bargaining and calculated an element of the damages based on the" defendant's licensing offer. *Bandag*, 750 F.2d at 920. *Bandag* merely confirms that **lost royalties** can be actual damages, but *hypothetical* royalties are not. *See also Ramada Inns, Inc. v. Gadsen Motel Co.*, 804 F.2d 1562, 1565 (11th Cir. 1986) (permitting actual lost royalties while reaffirming that hypothetical damages are impermissible).

3

In *Ramada Inns*, the Eleventh Circuit affirmed *lost* royalties as actual damages to a franchisor based on the acts of a holdover licensee, while reaffirming that *theoretical* (or hypothetical) damages are not permitted. *Ramada Inns*, 804 F.2d at 1565. The court explained that the "award represented franchise fees or 'royalties' lost during the infringement period. This was entirely proper: 'Royalties normally received for the use of a mark are the proper measure of damages for misuse of those marks.'" *Ibid.* (quoting *Holiday Inns. v. Airport Holiday Corp.*, 493 F. Supp. 1025, 1028 (N.D. Tex. 1980) (citing *Boston Prof'l*, 597 F.2d 71)). The court also reaffirmed its holding from *St. Charles Mfg. Co. v. Mercer*, 737 F.2d 891 (11th Cir. 1983), that the Lanham Act **does not permit** a trademark holder to recover theoretical damages. *Ramada Inns*, 804 F.2d at 1565 (explaining and contrasting with *St. Charles*). "Hypothetical" or "speculative" damages are not available under the Lanham Act. *Ibid.* Thus, *Ramada Inns* establishes that Plaintiff cannot recover hypothetical damages.

Plaintiff also cites *Sands, Taylor & Wood v. Quaker Oats Co.*, 34 F.3d 1340 (7th Cir. 1994), Opp. at 3, described as "anomalous" for using hypothetical "reasonable royalty" calculations, *see Nat'l Fire Prot. Ass'n v. Int'l Code Council, Inc.*, No. 03-10848, 2006 U.S. Dist. LEXIS 14360, *92-93 (D. Mass. Mar. 29, 2006) (noting that no other courts permit a royalties award "without evidence of a prior licensing relationship or when the parties had not shown a willingness to license the mark."); *see also Trovan, Ltd. v. Pfizer, Inc.*, No. 98-0094, 2000 U.S. Dist. LEXIS 7522, *51-59 (C.D. Cal. May 25, 2000) (discussing *Sands*). But as the district court explained in *Action Ink, Inc. v.*

4

*Anheuser-Busch, Inc.*, No. 12-141, 2012 U.S. Dist. LEXIS 180250 (E.D. La. Dec. 20, 2012), *Sands* does not actually support a hypothetical reasonable royalty claim as damages; rather, the "reasonable royalty" base was to *limit* the damage award and prevent a windfall. *Id.* at *4 ("[I]n *Sands*, the Seventh Circuit Court of Appeals had previously determined that the trial court calculated incorrectly the plaintiff's monetary award, and thus it required the trial court to establish a baseline reasonable royalty to determine the appropriate award.") (citing *Sands*, 34 F.3d at 1343). As articulated in *Action Ink*, *Sands* does not hold that a reasonable royalty is permissible as actual damages in a trademark case; rather, it was used as a way of *recalculating* and *limiting* the actual damage award. *Ibid.* And critically, the "royalty" used in *Sands* was based only on the ***plaintiff's*** past licensing practices—not the defendant's past practices. *Ibid.* Notably, *Action Ink* addressed this point to explain why it was excluding the plaintiff's proposed Rule 30(b)(6) topics directed to **the defendant's** past licensing practices, 2012 U.S. Dist. LEXIS 180250, at *3-5, the very issue raised here.

Plaintiff cites *ADT* in support of hypothetical reasonable royalty damages. *See* Opp. at 4-5. But *ADT* **distinguished** between permissible lost royalties and hypothetical "reasonable royalties." *See ADT*, 2017 U.S. Dist. LEXIS 75046 at *12-13 ("Here, Plaintiffs are not seeking compensation from a hypothetical system . . . ."). Further, in permitting **lost royalties**, the *ADT* court looked only to *the plaintiffs* existing licensing with its dealers to measure *actual* damages. *Id.* at *14-15.

Plaintiff cites *Gucci Am. Inc. v. Guess?, Inc.*, 858 F. Supp. 2d 250 (S.D.N.Y. 2012)

5

("*Gucci I*"), which stated:

> A plaintiff in a trademark action may recover a 'reasonable royalty' under the heading of actual damages. However, because [reasonable royalties] are inherently difficult to calculate in a vacuum, courts often decline to award such damages unless parties had a prior licensing agreement. Even in cases without such agreement, however, courts have awarded or approved of "reasonable royalty" damages if the evidence provides a sufficiently reliable basis from which to calculate them.

858 F. Supp. 2d at 253-54 (footnotes omitted). Plaintiff selectively omits the court's explanation to misleadingly suggest this supports hypothetical royalties. Opp. at 5.

But after declining to exclude an expert report, the court reviewed the issue more carefully and concluded that reasonable royalties were not permissible for the alleged trademark infringement. *Gucci Am., Inc. v. Guess?, Inc.*, 868 F. Supp. 2d 207, 236-37, 254 (S.D.N.Y. 2012) ("*Gucci II*"). The court recognized a hypothetical reasonable royalty was improper and that the expert report was entitled to no weight. *Gucci II*, 868 F. Supp. 2d at 236-37. As a second, independent reason, the court recognized that a royalty was improper because the defendant "could easily avoid paying the royalty by making minor changes to the designs," and therefore it would not have entered into any such hypothetical royalty agreement. *Id.* at 236-37.

Plaintiff also cites *On Site Energy Co. v. MTU Onsite Energy Co.*, No. 10-CV-1671 (JS) (WDW), 2012 U.S. Dist. LEXIS 100690, *4 (E.D.N.Y. July 19, 2012) which also denied a motion to exclude an expert opinion, rejecting the argument that royalties are irrelevant "where the parties have no history of trademark licensing." As that court explained, such damages are "seldom-used" and difficult to quantify, but there is not a *per se* rule against them. *Ibid.* (citing *Coryn Group II, LLC v. O.C. Seacrets, Inc.*, No. 08-

6

CV-2764, 2010 U.S. Dist. LEXIS 30719, *30-31 (D. Md. Mar. 30, 2010)).[1] But that case does not address whether a *defendants'* licenses are relevant, and therefore fails to support Plaintiff's argument. Further, a few weeks after that order issued, a jury held the mark was invalid both for fraud on the USPTO and because mark was held generic. *See* 2013 U.S. Dist. LEXIS 109009, *2-3 (E.D.N.Y. Aug. 2, 2013).

Confusingly, Plaintiff cites *Buzz Off Insect Shield, LLC v. S.C. Johnson & Sons, Inc.*, 606 F. Supp. 2d 571, 585 (M.D. N.C. 2009) which did not hold that reasonable royalties were permissible. Rather, the court rejected a motion to amend a jury's damage determination, where both parties presented royalty theories, because (1) the defendant had not objected to a royalty theory being presented and (2) the amount was capable of being affirmed on several alternate theories. *Id.* at 583-87. Similarly, *adidas America, Inc. v. Payless Shoesource, Inc.*, No. CV 01-1655, 2008 U.S. Dist. LEXIS 69260, *29-33 (D. Or. Sept. 12, 2008), also addressed a post-trial order. But there, the legal reasoning for the using theoretical damages was based on *patent* damages, which authorize them by statute. *See id.* at *32-33; *cf.* 35 U.S.C. § 284.

The Eleventh Circuit and the weight of authority, however, hold that hypothetical damages are not permissible in trademark cases.

### III. Plaintiff's Opposition Confirms That *Defendants'* Trademark Licenses Are Irrelevant and Therefore the Topics Have No Relevance to This Action.

Additionally, Plaintiff's cases make clear that the *Defendants'* licenses are

---

[1] While *Coryn* stated there was no *per se* rule against hypothetical royalties, it recognized myriad cases holding them impermissible. 2010 U.S. Dist. LEXIS 30719, at *28-31 and n.21, 22.

7

irrelevant in any permissible lost royalty theory. *See, e.g.*, *ADT*, 2017 U.S. Dist. LEXS 75046 at *13-15; *Action Ink*, 2012 U.S. Dist. LEXIS 180250, *4 (granting protective order on *defendant's* licensing because only the *plaintiff's* past licensing practices could be potentially relevant); *Sands*, 34 F.3d at 1343-44 (basing the permitted royalties on the *plaintiff's* prior licenses and policies). That inquiry focuses on a *plaintiff's* arms-length licensing activity. *See Thrive Natural Care v. Thrive Causemetics*, No. CV 20-9091 PA (ASx), 2021 U.S. Dist. LEXIS 201284, *16-17 (C.D. Cal. Oct. 6, 2021) (explaining that only a plaintiff's arms-length licensing practice is relevant).

Accordingly, the deposition topics have no relevance even under Plaintiff's theory of hypothetical damages.

### IV.   Defendants Should be Awarded Rule 37 Fees.

Plaintiff's Opposition and motion to amend (Doc. 110) have confirmed that it should not have been necessary for Defendants to bring these Motions. *See* Doc. 106 at 15-16; *see also* Doc. 107 at 16-17. Plaintiff is seeking deposition topics to pursue *hypothetical* damages, without legal support, and it concedes that it excluded that theory through its last amendment. Defendants should be awarded Rule 37 fees.

### CONCLUSION

For the reasons addressed above and in Defendants' Motions (Docs. 106, 107), the Defendants respectfully request that (1) the Court grant the requested protective orders and prohibit Plaintiff from deposing the Defendants on the identified topics, and (2) award Defendants their reasonable fees for having to bring these motions.

Respectfully submitted,

MCHALE & SLAVIN, P.A.

/s/ *Andrew D. Lockton*
Edward F. McHale (Fla. Bar No. 190300)
Andrew D. Lockton (Fla. Bar No. 115519)
2855 PGA Boulevard
Palm Beach Gardens, Florida 33410
Telephone:  (561) 625-6575
Facsimile:  (561) 625-6572
Email:  litigation@mchaleslavin.com
  alockton@mchaleslavin.com

MONTGOMERY MCCRACKEN WALKER & RHOADS LLP

Patrick C. Campbell (*pro hac vice*)
1735 Market Street
Philadelphia, Pennsylvania 19103
Telephone:  (215) 772-7550
Email:  pcampbell@mmwr.com

Kaspar Kielland (*pro hac vice*)
Matteo Bonuzzi (*pro hac vice*)
437 Madison Avenue
New York, New York 10022
Telephone:  (212) 551-7732
Email:  kkielland@mmwr.com
  mbonuzzi@mmwr.com

*Attorneys for Defendants*