UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PROCCOR PHARMACEUTICALS, INC.,

    Plaintiff,

v.                                        CASE NO. 8:22-cv-2227-SDM-SPF

WORLD HEALTH PRODUCTS,
LLC, et al.,

    Defendants.
_____/

**ORDER**

    Proccor Pharmaceuticals, Inc., a seller of "dietary products," sues (Doc. 92) World Health Products, LLC, and Vitamin Shoppe Industries, LLC, and alleges that World Health Products and Vitamin Shoppe infringed Proccor's "FREEDOM POP" trademark. Although the deadline by which to amend a pleading elapsed, Proccor moves (Doc. 110) to amend the complaint and moves (Doc. 115) to strike from each answer the first two affirmative defenses.

    Wanting, among other things, to remove the claim for lost profit, Proccor — before the deadline by which to amend a pleading — moved (Doc. 52) to amend the complaint. An earlier order granted the motion, and Proccor amended the complaint. In Counts I; III; and V, the complaint requests "damages exceeding $75,000, including compensatory, treble, and punitive damages, infringers' profits, a

reasonable royalty, and all other remedies provided for in 15 U.S.C. § 1117(a) excluding Plaintiff's lost profits."[*]

Based on this request, World Health Products and Vitamin Shoppe argue in a pending motion for a protective order that "reasonable royalties" are included in "lost profits" and that, consequently, Proccor disclaimed and cannot recover royalties. (Doc. 107 at 6) (citing four decisions from the Central District of California)  In response to this argument, Proccor moves (Doc. 110) to amend the complaint and to change the request for relief to state "damages exceeding $75,000, including compensatory, treble, and punitive damages, infringers' profits, a reasonable royalty, and all other remedies provided for in 15 U.S.C. § 1117(a) excluding Plaintiff's lost profits other than a reasonable royalty."

Because the deadline by which to amend each pleading elapsed, Proccor must demonstrate "good cause" under Rule 16(b), Federal Rules of Civil Procedure. Although Proccor argues that good cause exists because "the need to amend just arose when [the d]efendants asserted in their Court filings on June 16, 2023, that the exclusion of lost profits also excluded a reasonable royalty[,]" Proccor cites no authority suggesting that the defendants' advancing a new legal argument constitutes good cause to amend untimely the complaint.

The motion (Doc. 110) to amend the complaint is **DENIED**. Also, because the first two affirmative defenses in each answer are not "clearly invalid as a matter

---

[*] Count V omits "(a)" from 15 U.S.C. § 1117(a).

of law" and because Proccor fails to demonstrate that the defenses are "insufficient as a matter of law," the motion (Doc. 115) to strike is **DENIED**.  Two motions (Docs. 113 and 115) to strike pend.  Because the later motion purports to amend the earlier motion, the earlier motion (Doc. 113) is **DENIED AS MOOT**.

Separately, Proccor moves (Doc. 128) to extend the time within which to disclose each expert report.  World Health Products and Vitamin Shoppe respond (Doc. 131), contend that the Local Rule 3.01(g) certificate in the motion misrepresents their position, and state that they oppose the motion unless an order extends several other deadlines.  But no party moves to extend a deadline other than the deadline by which Proccor must disclose each expert report.  The motion is **DENIED WITHOUT PREJUDICE**.  The papers, however, suggest that an extension is necessary.  No later than **AUGUST 11, 2023**, the parties must jointly propose new deadlines for each remaining case management deadline, including each deadline to disclose an expert report and rebuttal expert report.  The parties should prepare for a trial to occur no later than **MARCH 2024** and should schedule the dispositive motion deadline at least four months before the trial term.

ORDERED in Tampa, Florida, on July 28, 2023.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE