# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

| | |
|---|---|
| PROCCOR PHARMACEUTICALS, INC., <br>    Plaintiff, <br> v. <br> WORLD HEALTH PRODUCTS, LLC dba GAT SPORT and VITAMIN SHOPPE INDUSTRIES LLC, dba THE VITAMIN SHOPPE <br>    Defendants. | Case No. 8:22-cv-02227-SDM-SPF |

## PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF FINANCIAL WORTH DOCUMENTS AND SUPPORTING MEMORANDUM

Plaintiff, Proccor Pharmaceuticals, Inc., pursuant to Rule 37, Fed. R. Civ. P., moves to compel Defendant, World Health Products, LLC dba GAT Sport ("GAT"), to produce documents withheld in discovery. Proccor's requests 16-18 of Proccor's Fourth Request for Production of Documents to GAT served on July 13, 2023, requested GAT's most recent audited and unaudited financial statements and documents sufficient to show GAT's current net worth. GAT objected on August 21, 2023, that the request was "irrelevant and disproportional to the needs of the case" and has not produced the documents, even after the parties met by phone and conferred.[1]

---

[1] GAT's Response to Plaintiff's Fourth Request for Production of Documents which quotes each of the document requests is attached as Exhibits A.

# MEMORANDUM

## Plaintiff's Requests and GAT's Objections

**REQUEST 16**. Your most recent audited financial statements.

   **RESPONSE**: Defendant objects to this request as irrelevant and disproportional to the needs of the case.

**REQUEST 17**. Your most recent unaudited financial statements.

   **RESPONSE**: Defendant objects to this request as irrelevant and disproportional to the needs of the case.

**REQUEST 18**. Documents sufficient to show your current net worth.

   **RESPONSE:** Defendant objects to this request as irrelevant and disproportional to the needs of the case.

## ARGUMENT

The requests are relevant and proportional to the needs of the case. The Second Amended Complaint, like the original Complaint and First Amended Complaint, demands punitive damages in the prayer for relief in the Count against GAT for Unfair Competition. Second Amended Complaint [Dkt. 92], pgs. 6- 7. Proccor also alleged entitlement to punitive damages from GAT in ¶ 27 of the

Second Amended Complaint. GAT answered paragraph 27, denying the allegations and also "denie[d] that Proccor is entitled to any of the relief sought in the Prayer for Relief." [Dkt. 101] GAT did not challenge the sufficiency of Proccor's pleadings or Proccor's right to allege and assert a claim for punitive damages. Proccor's requests for financial worth documents, therefore, are clearly relevant to the claims in the case. *E.E.O.C. v. DiMare Ruskin, Inc.*, No. 2:11-cv-158-FtM-36SPC, 2011 WL 3715067, at *3 (M.D. Fla. Aug. 24, 2011) (granting motion to compel production of net worth documents including financial statements when punitive damages are pled in the Complaint); *In Re: Fiddler's Creek, LLC*, No. 2:14-cv-379-FtM-29CM, 2016 WL 3906927, at *2 (M.D. Fla. July 19, 2016) (granting motion to compel discovery of financial worth documents and holding that "financial worth discovery is relevant to a claim for punitive damages, but the scope of such discovery is within the discretion of the court.") Moreover, "unless or until the claim for punitive damages is removed from the claims" in the case, the "plaintiff is entitled to take discovery relating to the claims." *Shores of Panama Resort Community Ass'n Inc. V. Halberthal*, No. 5:14-cv-294-RH0GRJ, 2015 WL 3466127 at *1-2 (N.D. Fla. June 1, 2015)

The requests are also proportional to the needs of the case both because they are directly relevant to the claim for punitive damages and also because they are narrowly tailored. They request only the most recent financial statements and only

3

such documents as are "sufficient to show" GAT's current net worth. *A.M. by and through Malcom v. Bayfront HMA Medical Center, LLC,* , No. 8:18-cv-2398-JSM-SPF, 2022 WL 17417011 at *3 (M.D. Fla. Dec. 5, 2022) (granting motion to take limited net worth discovery in case where punitive damages were pled but limiting net worth discovery to "current financial documents.")

On September 12, 2023, after the attorneys' telephone conference on this issue GAT's counsel untimely raised three additional reasons for not producing the documents, as follows: (1) punitive damages were not identified in Plaintiff's initial disclosures and, so, were waived; (2) punitive damages are not available in a claim for unfair competition; and (3) plaintiff has not met the requirements of Section 768.72 Florida Statutes for obtaining financial worth discovery. None of these objections were timely raised and, therefore, they should not be considered.

If they are considered then they should be overruled. First, Rule 26 does not provide that punitive damages pled for and requested in a complaint are waived if not listed in a plaintiff's initial disclosures. Defendant has not cited any authority holding so. Plaintiff, nonetheless, served a supplemental disclosure after GAT's counsel made that argument, so, punitive damages now are listed in Plaintiff's Rule 26 disclosures.

Second, punitive damages can be awarded on a claim for unfair competition involving infringement of a trademark under Florida common law. *St. Luke's*

4

*Cataract and Laser Institute, P.A. v. Sanderson*, 573 F. 3d 1186 (11th Cir. 2009) (affirming award of punitive damages on claim of Florida common law unfair competition involving infringement of plaintiff's service mark); *Y.Z.Y., Inc. v. Azmere USA, Inc.*, No. 13-20229-CIV-Moreno, 2013 WL 12096354, *1-2 (S.D. Fla. Oct. 17, 2013) (denying motion to dismiss claims for trademark and trade dress infringement, unfair competition and punitive damages); *Emcyte Corp. v. Xlmedica, Inc*. No. 2:19-cv-769-JES-NPM, 2021 WL 1751297, *1-3(M.D. Fla. May 4, 2021) (denying motion to dismiss claims for trademark infringement, unfair competition and punitive damages.)

      The same is true in other federal judicial circuits applying the unfair competition common law of other states in the context of an infringement of a trademark. *E.g.*, *Getty Petroleum Corp. v. Island Transp. Corp.* 878 F. 2d 650, 657 (2d Cir. 1989) (holding that under New York law a plaintiff in an unfair competition case involving infringement of a trademark can recover punitive damages if the requisite degree of moral culpability is found); *Transgo, Inc. v. Ajac Transmission Parts Corp.*, 768 F. 2d 1001 at 1023-1024 (9th Cir. 1985) (same under California law).

      Finally, Section 768.72, Florida Statutes, does not prevent Plaintiff from obtaining this discovery. Aside from GAT's failure to timely raise this objection, the statute does not prevail over the broad and liberal discovery regime found in

the Federal Rules of Civil Procedure. *Hite v. Hill Dermaceuticals, Inc.*, No. 8:12-cv-2277-T-33AEP, 2013 WL 6799334, *3-5 (M.D. Fla. Dec. 23, 2013) (Judge Virginia Covington) citing *Ward v. Estaleiro Itajai S/A*, 541 F. Supp. 2d 1344, 1359 (S.D. Fla. 2008) and *Gottwald v. Producers Group I, LLC*, No. 12-81297-CIV, 2013 WL 1776154, at *3 (S.D. Fla. Apr. 25, 2013). These cases hold that there is a conflict between Federal Rule of Civil Procedure 26(b)(1) and the "so-called discovery aspect of § 768.72(1)." *Hite* 2013 WL 6799334 at *5 citing *Ward* 541 F. Supp. 2d at 1359. Therefore, the requirements of § 768.72(1) need not be met to obtain financial worth discovery in federal district court. Only the Federal Rules of discovery apply.

Judge Covington noted that other federal district courts have reached a contrary conclusion and held that §768.72(1) must be followed in federal court. She concluded that because the courts do not agree upon the applicability of §768.72(1) Judge Porcelli's decision to allow financial worth discovery was not clearly erroneous or contrary to law.[2]

Judge Zloch's comprehensive analysis of this issue in *Ward* explains why §768.72(1) does not apply in federal court. It is a pleading statute that conflicts

---

[2] This Court also found a split of authority on this issue and allowed net worth discovery in *A.M. by and through Malcom v. Bayfront HMA Medical Center, LLC,* 2022 WL 17417011.

6

with the Federal Rules of Civil Procedure. Under the *Erie* doctrine[3], Rule 26, not §768.72(1), covers the situation of whether net worth discovery may be sought without prior leave of court. *Ward*, 541 F. Supp. 2d at 1359.

Judge Gary Jones, in *Pantages v. Cardinal Health 200, Inc.*, No. 5:08-cv-116-Pc-10GRJ, 2009 WL 1011048, at *2-3 (M.D. Fla. Apr. 25, 2009) agreed with the reasoning and conclusion of Judge Zloch. Judge Jones ruled, in granting a motion to compel financial worth discovery, "just as §768.72 must yield to the application of Rule 8 of the Federal Rules of Civil Procedure, it also must yield to the federal rules governing the scope and timing for discovery in federal courts." *Id*. at *3. See also, *Riley v. Roberts Brothers Coach Leasing Co., Inc.*, No. 6:09-cv-2147-Orl-35DAB, 2010 WL 11626737, *1-4 (M.D. Fla. Aug. 12, 2010) (denying motion for protective order regarding discovery of financial worth and adopting Judge Jones' opinion in *Pantages*.)

Even if §768.72 applied in this case, it would not bar the discovery sought here. The statute states, "no discovery of financial worth shall proceed until after the pleading concerning punitive damages is permitted." The Court permitted punitive damages to be pled when it granted Plaintiff's Motion to Amend the Amended Complaint. The Second Amended Complaint, which was attached to the Motion to Amend, pleads punitive damages. GAT did not challenge the pleading

---

[3] *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78, 58 S. Ct. 817, 82 L.Ed. 1188 (1938).

of punitive damages either in its response to Plaintiff's motion to amend to plead the Second Amended Complaint or by motion to dismiss or strike. Since punitive damages already have been pled, discovery of financial worth may proceed under the statute.

Finally, if the Court decided against Plaintiff on each of the foregoing arguments and held that an evidentiary showing must be made prior to permitting financial worth discovery, then Plaintiff requests an opportunity to make that showing. Plaintiff will be obtaining transcripts of depositions taken recently in this case that would be used to make such a showing. Due to obstacles Plaintiff has faced in getting these depositions scheduled, Plaintiff was not able to complete the depositions until this week.

Plaintiff respectfully requests that the Court compel the limited financial worth discovery Plaintiff has requested and award Plaintiff its reasonable attorneys' fees incurred in obtaining this relief as provided in Fed. R. Civ. P. 37.

### Local Rule 3.01(g) Certification

I certify that I conferred with counsel for the Defendants, Andrew Lockton, regarding the relief sought in this motion by telephone and written correspondence, and that he does not agree to the relief sought in this Motion.

Dated:  September 28, 2023

        By:   /s/ *G. Donovan Conwell, Jr.*
                 G. Donovan Conwell, Jr.
                 Florida Bar No.: 0371319
                 **CONWELL BUSINESS LAW, LLLP**
                 12610 Race Track Road, Suite 200
                 Tampa, FL 33626
                 Tel. (813) 282-8000, Fax: (813) 855-2631
                 dconwell@conwellbusinesslaw.com
                 eservice@conwellbusinesslaw.com
                 *Counsel for Plaintiff*

## **CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on this 28th day of September 2023, I electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send an Electronic Mail notification of same to all counsel of record.