UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PROCCOR PHARMACEUTICALS, INC.,

    Plaintiff,

v.                                        Case No. 8:22-cv-2227-SDM-SPF

WORLD HEALTH PRODUCTS, LLC
d/b/a GAT SPORT, and VITAMIN
SHOPPE INDUSTRIES LLC d/b/a
THE VITAMIN SHOPPE,

    Defendants.
_____/

**ORDER**

Before the Court is Plaintiff Proccor Pharmaceuticals, Inc.'s motion to compel Defendant World Health Products, LLC d/b/a GAT Sport to produce financial worth discovery (Doc. 146). GAT Sport opposes the motion (Doc. 147), and Plaintiff filed a reply (Doc. 158). For the reasons stated below, Plaintiff's motion is granted. GAT Sport is directed to produce documents in response to Plaintiff's document production requests 16, 17, and 18 within 14 days of this Order.

    **I.**    **Background**

Plaintiff Proccor is a dietary supplement company that has sold products under the brand name "Freedom Pop" since January 2016 (Doc. 92 ("2nd Amend. Cmplt.") at ¶ 7). Defendant GAT Sport sells dietary supplements online and through retailers, including through Defendant Vitamin Shoppe (*Id.* at ¶ 2). Proccor alleges that GAT Sport used its "Freedom Pop" mark on product labels, despite that Plaintiff maintains a federal

registration and despite Plaintiff's cease-and-desist notice (*Id.* at ¶¶ 9-11). Proccor sues Defendants for trademark infringement under the Lanham Act and for unfair competition under Florida common law. GAT Sport denies Plaintiff's allegations and asserts counterclaims for cancellation of the mark (on numerous bases) and for declarations of non-infringement (*see* Doc. 101). It represents it stopped selling "Freedom Pop" products in 2022 after Plaintiff sued (*Id.* at 23, ¶ 9).

During discovery, Proccor asked for GAT Sport's most recent audited and unaudited financial statements and "[d]ocuments sufficient to show your net worth." (Doc. 146, Ex. A at 8-9). GAT Sport objected that these requests are irrelevant and disproportional to the needs of the case (*Id.*). On September 28, 2023 – the day before discovery closed (*see* Docs. 144-45) – Plaintiff moved to compel GAT Sport to respond to its requests and produce the financial worth documents, contending they relate to its demand for punitive damages for GAT Sport's unfair competition (Doc. 146). GAT Sport responded that punitive damages are not recoverable for unfair competition based on trademark infringement, because (1) the Lanham Act (which provides the foundation for Proccor's unfair competition claim) does not allow for them, (2) Plaintiff did not include a punitive damages computation in its Rule 26 initial disclosures, so any request for them is waived, and (3) Proccor has not made the evidentiary showing required by Fla. Stat. § 768.72 to obtain financial worth discovery (Doc. 147).

## II.   Standard

Discovery under the Federal Rules of Civil Procedure is governed by the principle of proportionality. Rule 26(b)(1) defines the scope of discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1). Proportionality requires counsel and the court to consider if relevant information is discoverable in view of the needs of the case. The court must "consider these and all the other factors in reaching a case-specific determination of the appropriate scope of discovery." Fed. R. Civ. P. 26 Advisory Committee's Note to 2015 Amendment.

Motions to compel discovery are committed to the sound discretion of the trial court. *See Com. Union Ins. Co. v. Westrope*, 730 F.2d 729, 731 (11th Cir. 1984). The proponent of a motion to compel discovery bears the initial burden of proving that the information sought is relevant. *Moore v. Lender Processing Servs. Inc.*, No. 3:12-CV-205-J, 2013 WL 2447948, at *2 (M.D. Fla. June 5, 2013). "A party resisting discovery must establish 'lack of relevancy or undue burden in supplying the requested information.'" *Craig v. Kropp*, No. 2:17-cv-180-FtM-99CM, 2018 WL 1121924, at *3 (M.D. Fla. Mar. 1, 2018) (quoting *Gober v. City of Leesburg*, 197 F.R.D. 519, 521 (M.D. Fla. 2000)).

### III. Discussion

Proccor pleads punitive damages as a component of the relief it seeks against GOT Sport as to its unfair competition claim (2nd Amend. Cmplt. at ¶¶ 24-28). GOT Sport counters with a two-step argument. First, it states it is "hornbook law that the Lanham Act does not include punitive damages as a remedy for infringement of federally registered

3

marks." (Doc. 147 at 2, *citing* 15 U.S.C. § 1117(a) (damages for trademark infringement "shall constitute compensation and not a penalty.")). Then, with no on-point legal support, GOT Sport segues into what resembles a preemption argument: "Congress created a system for interstate trademark infringement and unfair competition under the Lanham Act[,]" Proccor's unfair competition claim "is simply a regurgitation of its claim under the Lanham Act under the guise of a state law claim[,]" and it "is not an independent claim at all." (*Id*. at 4-5).

GAT Sport is correct that punitive damages cannot be recovered under the Lanham Act. *Babbit Elec., Inc. v. Dynascan Corp.*, 38 F.3d 1161, 1183 (11th Cir. 1994) ("Such an award is discretionary, but it may not be punitive, and must be based on a showing of actual harm."). Yet punitive damages "are available under Florida common law for non-Lanham Act violations in the same action." *Rain Bird Corp. v. Taylor*, 665 F.Supp.2d 1258, 1272 (N.D. Fla. 2009); *see also Galaxy Am., Inc. v. EZ Inflatables, Inc.*, No. 2:19-cv-855-JES-MRM, 2021 WL 12092648, at *5 (M.D. Fla. Aug. 17, 2021) (granting plaintiff's motion to amend complaint under Rule 15 to include punitive damages as component of its claim for trademark infringement under Florida law); *Victoria's Cyber Secret Ltd. P'ship v. V Secret Catalogue, Inc.*, 161 F.Supp.2d 1339, 1356-57 (S.D. Fla. 2001) ("[T]he Court recognizes that punitive damages are available under Florida state and common laws for non-Lanham Act violations in the same action."); *Red Bull GmbH v. Spacefuel Corp.*, No. 06-20948-CIV-JORDAN, 2007 WL 9702201, at *2 (S.D. Fla. Feb. 13, 2007) ("Moreover, my review of the limited case law on the issue indicates that, while punitive damages may be awarded [under Florida law] in the context of a trademark

4

infringement violation under certain circumstances, the nature, extent and degree of the misconduct in this case does not rise to the level of wrongfulness for which an award of punitive damages is warranted.").

Next, GAT Sport asks the Court to deny Plaintiff's motion, arguing that "§ 768.72, Fla. Stat. precludes financial worth discovery where the party seeking it has not made an evidentiary showing or proffer sufficient to be entitled to seek such discovery." (Doc. 147 at 6). Section 768.72, Fla. Stat., provides:

> In any civil action, no claim for punitive damages shall be permitted unless there is a reasonable showing by evidence in the record or proffered by the claimant which would provide a reasonable basis for recovery of such damages. . . . No discovery of financial worth shall proceed until after the pleading concerning punitive damages is permitted.

Fla. Stat. § 768.72(1). The Eleventh Circuit has divided the statute into two components: (1) the pleading component, which requires a plaintiff to obtain leave of court before including a prayer for punitive damages; and (2) the discovery component, which requires a plaintiff to produce evidence that shows a reasonable basis for punitive damages before seeking financial worth discovery. *A.M. by and through Malcolm v. Bayfront HMA Med. Ctr.*, No. 8:18-cv-2398-JSM-SPF, 2022 WL 17417011, at *2 (M.D. Fla. Dec. 5, 2022) (citation omitted).

"It is well-settled that the pleading component of section 768.72 does not apply to cases in federal court because it conflicts with Rule 8." *Id.* (citing *Cohen v. Office Depot, Inc.*, 184 F.3d 1292, 1299 (11th Cir. 1999), *vacated in part*, 204 F.3d 1069 (11th Cir. 2000) ("*Cohen II*")). Consequently, "a Florida plaintiff in federal court because of diversity jurisdiction need not obtain leave of court before pleading a request for punitive damages."

5

*Id.* (quoting *Cohen II*, 204 F.3d at 1072). Instead, when pleading punitive damages, "a plaintiff must merely comply with Federal Rule of Civil Procedure 8(a)(3), which requires 'a concise statement identifying the remedies and the parties against whom relief is sought.'" *Gallina v. Com. and Indus. Ins.*, No. 8:06-cv-1529-T-27EAJ, 2008 WL 3895918, at *1 (M.D. Fla. Aug. 15, 2008).

Regarding the discovery component of Fla. Stat. § 768.72, in *Porter v. Ogden, Newell & Welch*, 241 F.3d 1334, 1340 (11th Cir. 2001), the Eleventh Circuit left open whether the it applies to financial worth discovery as to punitive damages claims in diversity cases, and Middle District of Florida courts have divided on the issue. *See A.M. by and through Malcolm*, 2022 WL 17417011, at *2-3 (collecting cases). Under these circumstances, and as the undersigned stated in *A.M. by and through Malcolm*, "[t]he Court need not resolve this issue today[.]" *Id.* at *3. In Florida, "punitive damages are appropriate when a defendant engages in conduct which is . . . committed with such gross negligence as to indicate a wanton disregard for the rights and safety of others." *Owens-Corning Fiberglass Corp. v. Ballard*, 749 So.2d 482, 486 (Fla. 1999).

Here, in its Second Amended Complaint, Proccor alleges GAT Sport engaged in unfair competition under Florida common law and that its "wrongful and deceptive conduct" was done with "malice, oppression, and fraud, thus entitling Proccor to punitive damages." (2nd Amend. Cmplt. at ¶¶ 26-27). Proccor specifically alleges that GAT Sport continued its unlawful use of the mark on its product labels and in its marketing and advertising materials after receiving Proccor's cease and desist letter (*Id.* at ¶ 11). Proccor demands "money damages exceeding $75,000, including compensatory, treble, and

6

punitive damages, preliminary and permanent injunctive relief, attorneys' fees and costs, and all other and further relief that this Court deems just." (*Id*. at 7). At bottom, under Rule 8 and Florida law, Proccor's Second Amended Complaint pleads specific acts GAT Sport committed that provide a reasonable basis to include punitive damages as a component of Proccor's unfair competition claim.

GAT Sport makes two final arguments, neither of which carries the day. First, it points out that Proccor requests punitive damages as to every count in its Second Amended Complaint, even the Lanham Act counts which clearly do not permit recovery of punitive damages. To GAT Sport, this evinces sloppy, "imprecise" lawyering (Doc. 147 at 2). But objecting to discovery requests is not the proper vehicle to test the appropriateness of a punitive damages award. *See Ward v. Estaleiro Itajai S/A*, 541 F.Supp.2d 1344, 1359 (S.D. Fla. 2008) ("To hold that the plaintiff in an action at law may have discovery of damages is not to say that the remedy will be granted as of course, or that protection will not be given to his adversary against impertinent intrusion . . . .") (quoting *Sinclair Refining Co. v. Jenkins Petroleum Process Co.*, 289 U.S. 689, 696-97 (1933)). In any event, Proccor represents it is pursuing punitive damages for unfair competition only (Doc. 158 at 2, n.1).

Second, GAT Sport contends that Proccor has waived any claim to punitive damages because it did not disclose a computation of them under Rule 26(a)(1)(A)(iii). This rule obligates parties to disclose – without awaiting a discovery request – a "computation of each category of damages claimed by the disclosing party." Fed. R. Civ. P. 26(a)(1)(A)(iii). The parties devote much of their briefs to sparring on this point. On

7

the one hand, GAT Sport complains that Proccor's Rule 26 initial disclosures (served on January 16, 2023) "entirely excluded reference to punitive damages." (Doc. 147 at 3). And, "it was not until September 25, 2023, only days before the conclusion of discovery and the filing of the instant motion to compel, that Proccor served a 'supplemental disclosure' to make tacit reference to a purported punitive damages claim[.]" (*Id.*). Citing Rule 37(c)(1), GAT Sport argues the Court should exclude punitive damages evidence (*i.e.*, the financial worth discovery Proccor seeks) unless Proccor's failure to disclose was substantially justified or harmless, a showing Proccor has not made (*Id.*). Proccor, on the other hand, points out that it supplemented its initial disclosures within the discovery period under Rule 26(e)(1)(A) to reference punitive damages once GAT Sport brought this issue to its attention.[1]

      The Court will not preclude Plaintiff from seeking punitive damages discovery simply because it did not include a punitive damages computation in its Rule 26 disclosures. Rule 26's "disclosure provision applies only with respect to materials available to the party seeking monetary relief, and where the materials necessary for the computation are not in this party's possession," the disclosure requirement does not apply. Wright & Miller, 8A Fed. Prac. & Proc. Civ. § 2053 (3d ed.); *see also Okereke v. Cmty. Hospice of N.E. FL, Inc.*, No. 3:15-cv-235-J-32MCR, 2015 WL 5601960, at *2 (M.D. Fla.

---

[1] Plaintiff's Supplemental Disclosure states: Proccor "supplements its Rule 26 disclosures to include treble and punitive damages as pled in the Complaint and the Amended Complaint. Proccor cannot compute the amount of punitive damages because the fact finder determines the amount of punitive damages and that calculation depends in part on the Defendants' financial net worth. The Defendants have refused to provide their current financial worth information to Proccor." (Doc. 158-1 at 1-2).

Sept. 22, 2015) (collecting cases and directing plaintiff to amend her initial disclosures "except as to any non-economic compensatory damages for emotional distress, pain and suffering, and punitive damages, which Plaintiff intends to leave to the jury."). At this juncture, Plaintiff does not have enough information to make a reasonable calculation of GAT Sport's net worth.

### IV. Conclusion

The financial worth discovery Proccor requests is limited to GAT Sport's *current* financial situation. Under Rule 26, the discovery is relevant to Proccor's punitive damages claim and is proportionate to the needs of the case. The Court ORDERS:

(1) Plaintiff's Motion to Compel Production of Financial Worth Documents (Doc. 146) is **GRANTED**. Defendant GAT Sport is directed to produce documents responsive to requests 16, 17, and 18 of Proccor's Fourth Request for Production of Documents within 14 days of this Order; and

(2) Plaintiff's request for attorneys' fees incurred in bringing its motion is denied under Rule 37(a)(5)(A)(ii).

**ORDERED** in Tampa, Florida, on November 8, 2023.

SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE