# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF
# FLORIDA TAMPA DIVISION

PROCCOR PHARMACEUTICALS, INC.,

Plaintiff,

v.                                  Case No. 8:22-cv-02227-SDM-SPF

WORLD HEALTH PRODUCTS, LLC dba GAT
SPORT and VITAMIN SHOPPE INDUSTRIES
LLC, dba THE VITAMIN SHOPPE

Defendants.

## DEFENDANTS' MOTION *IN LIMINE* TO PRECLUDE THE TESTIMONY OF NEIL SMITH AND MEMORANDUM IN SUPPORT

Lewis Brisbois Bisgaard & Smith LLP

*/s/ Patrick C. Campbell*
Patrick C. Campbell (*pro hac vice*)
Alexander D. MacMullan (*pro hac vice*)
550 E. Swedesford Road, Suite 270
Wayne, Pennsylvania 19087
Telephone: (215) 977-4077
Email: patrick.campbell@lewisbrisbois.com
alexander.macmullan@lewisbrisbois.com
*Counsel for Defendants*

# **TABLE OF CONTENTS**

**Page**

I.  INTRODUCTION ............................................................................................. 1
II. FACTS ............................................................................................................. 2
III. ARGUMENT .................................................................................................. 9
    A.  Standard for the Motion ........................................................................ 9
        1.  Admissibility of Expert Testimony ............................................. 9
        2.  Mr. Smith's Opinions about the Trademark Application Process (Nos. 1, 2, 4 & 5) are Not Admissible Because they are not Helpful ................................................................ 10
        3.  Mr. Smith's Testimony about Whether Proccor's use of the Phrase "Freedom Pop" is a Legitimate Trademark Use Should be Precluded because It's a Legal Conclusion. .................................................................................. 11
        4.  Mr. Smith's Opinions about whether Proccor uses the Phrase "Freedom Pop" to Describe a Flavor of Pre Rx (Nos. 3 & 6) are Unreliable Because they Ignore the Undisputed Record. .................................................................... 12
        5.  Mr. Smith's Opinions about whether Proccor uses the Phrase "Freedom Pop" to Describe a Flavor of Pre Rx (Nos. 3 & 6) Should be Precluded Because they go to Intent or State of Mind. .......................................................... 13
IV. CONCLUSION. ............................................................................................ 13

# **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*AGSouth Genetics, LLC v. Ga. Farm Servs., LLC*,
   2013 U.S. Dist. LEXIS 152708, 2013 WL 5774698 (M. D. Ga. 2013) ..................... 12

*In re 3M Combat Arms Earplug Prods. Liab. Litig.*,
   2021 U.S. Dist. LEXIS 36950, 2021 WL 765019 (N. D. Fla. 2021) ................... 11, 13

*Daubert v. Merrell Dow Pharms., Inc.*,
   509 U.S. 579 (1993) ............................................................................................... 9, 12

*Hudgens v. Bell Helicopters/Textron*,
   328 F.3d 1329 (11th Cir. 2003) .................................................................................. 10

*Kumho Tire Co., Ltd. v. Carmichael*,
   526 U.S. 137 (1999) ..................................................................................................... 9

*LeClercq v. Lockformer Co.*,
   2005 U.S. Dist. LEXIS 7602 (N. D. Ill. 2005) .......................................................... 12

*Quiet Tech. DC-8, Inc. v. Hurel-Dubois UK Ltd.*,
   326 F.3d 1333, 2003 U.S. App. LEXIS 6946 (11th Cir. 2003) ................................ 10

*Southeast Clinical Nutrition Ctrs., Inc. v. Mayo Found. for Med. Educ. & Research*,
   135 F. Supp. 3d 1267, 2013 U.S. Dist. LEXIS 189898 (N. D. Ga. 2013) ................................................................................................................... 11

*United States v. Frazier*,
   387 F.3d 1244, 2004 U.S. App. LEXIS 21503 (11th Cir. 2004) ........................... 9, 10

*Unleashed Magazine, Inc. v. Orange County*,
   2008 U.S. Dist. LEXIS 113383 (M.D. Fla. 2008) ....................................................... 9

**Other Authorities**

"*Freedom Pop*". Ex. J ...................................................................................................... 8

Federal Rule of Evidence 702 ..................................................................................... 9, 10

Lemon Lime, Jolly Green Apple, *Freedom Pop* ............................................................. 7

LOCAL RULE 3.01(g) ..................................................................................... 14

Proccor "Freedom Pop" ............................................................................... 8

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

---

PROCCOR PHARMACEUTICALS, INC.,

   Plaintiff,

v.                                                                              Case No. 8:22-cv-02227-SDM-SPF

WORLD HEALTH PRODUCTS, LLC dba GAT
SPORT and VITAMIN SHOPPE INDUSTRIES
LLC, dba THE VITAMIN SHOPPE

   Defendants.

---

**DEFENDANTS' MOTION *IN LIMINE* TO PRECLUDE THE TESTIMONY OF
NEIL SMITH AND MEMORANDUM IN SUPPORT**

Defendants World Health Products, LLC ("GAT Sports") and Vitamin Shoppe Industries, LLC ("TVS"), hereby file this Daubert Motion to Exclude Neil Smith and move this Court to enter an Order precluding Plaintiff from offering at trial the expert testimony and opinions proffered by Neil Smith and in support thereof, state as follows:

**I. INTRODUCTION**

This is a trademark infringement case involving the trademarked phrase "Freedom Pop". Plaintiff Proccor Pharmaceuticals, Inc. ("Proccor") contends that defendant GAT Sports infringed upon its alleged trademark for a "Freedom Pop" flavored Pre-Rx pre-workout supplement. GAT Sports essentially argues that the phrase was used in a non-trademark, descriptive, way to describe the flavor of its

product. Proccor plans to use an attorney as a witness to offer opinion testimony that is not admissible because it 1) simply and improperly attempts to narrate facts or supply simple inferences from uncomplicated facts 2) relates to facts that are not in dispute 3) ignores undisputed, negative facts and/or 4) improperly tries to testify about what Proccor intended.

**II.    FACTS**

Plaintiff has a trademark for the phrase "Freedom Pop". Defendant GAT Sports used that phrase to describe the flavor for one of its products. A copy of one of the labels depicting the use of the phrase by Defendant is below.



2

Defendants contend, among other things, that there is no infringement because the applicability of the fair use defense. Defendants have filed a motion for summary judgment.

The Plaintiff has retained Neil Smith as an expert to testify to various matters. Mr. Smith's report is attached as Exhibit A (the "Report"). Mr. Smith proposes to testify about the following:

1. The Freedom Pop trademark application was not for a flavor;
2. The specimen submitted for the Freedom Pop trademark application was filed in a procedurally proper manner;
3. Proccor's use of the trademark on the product was a legitimate trademark use;
4. The requirements for trademarking Freedom Pop were met and the USPTO did not object to the specimen of use;
5. The Freedom Pop trademark is not a flavor trademark; and
6. The use of trademark in a list of flavors for "marketing purposes" "does not a flavor trademark make".

Transcript of the Deposition of Mr. Smith, pp. 20-23, 26, 28, a true and correct copy of which is attached as Exhibit B ("Tr. Smith, pp. __-__ ").

First, some background on the flavor profile of the red, white and blue ice pop. The original Bomb Pop is a frozen confection with a combination of cherry, lime, and blue raspberry flavorings. [Bomb Pop - Wikipedia](). The original Bomb Pop ice pop is depicted below.

3



*Id.* Today, the bomb pop is sold as depicted below.



Original Bomb Pop® - Bomb Pop. Walmart, through its Great Value store brand, actually sells a red, white and blue frozen confection called "Freedom Pop".



[Great Value Assorted Flavor Freedom Ice Pops, 19.8 fl oz, 12 Count (Frozen) - Walmart.com](#).

Defendant used the phrase "Freedom Pop" purely as a descriptive term. It used it to describe the red/white/blue ice pop (bomb pop) flavor profile-which, as shown above, is a combination of a red fruit like raspberry or cherry, a citrus fruit like lemon or lime and some sort of blue berry such as blue raspberry. That is the actual flavor profile of GAT's Nitraflex® Freedom Pop flavored product. Declaration of Max Fairchild, ¶ 4, a true and correct copy of which is attached as Exhibit C ("Fairchild Dec. ¶ __ ").

5

The phrase "Freedom Pop" also appeared in a flavor drop down box with all of GAT's other Nitraflex® flavors such as black cherry. See, e.g., Ex. D. As shown above, the phrase "Freedom Pop" was displayed on the Nitraflex® product in the lower right-hand corner of the product label above the word "flavored". In one of the labels, it actually appeared over two red, white and blue ice pops to bring home the point of the flavor profile. Ex. D.

In fact, Proccor's own evidence conclusively establishes that Proccor uses the phrase Freedom Pop in the exact same way-to describe the flavor profile of the original "bomb pop". First, Proccor's website uses the phrase "Freedom Pop" in a drop-down box for "flavor" and includes Freedom Pop along with other flavors such as "Cotton Candy".




6

Second, on the label itself, Proccor displays the term in the same location as GAT, above the word "flavored" and below an image of essentially the same red, white and blue ice pop. Ex. E. Notably Proccor identifies the product as "Pre-Rx™"-not "Freedom Pop®".

Third, in a January 9, 2017, email written by Proccor's CEO, Ross Krigsman ("Krigsman"), under the heading "Pre Rx Labels" Krigsman writes (to a vendor):

> So, total *flavors* is five. Green Apple, Lemon Lime Chiller, ***Freedom Pop***, Strawberry Dragonfruit, Cherry Limeade.

Ex. F (emphasis added).

Fourth, in a January 17, 2017, email to a customer, Krigsman writes:

> We're launching a total of about 6 flavors of [Pre Rx] so things got back up from flavor suppliers. ***Flavors*** include Strawberry Dragonfruit, Blood Orange, ***Freedom Pop*** (only natural flavor of its kind in the industry as of right now) and a few others.

Ex. G (emphasis added).

Fifth, in a January 27, 2017, email from Krigsman to a customer, Krigsman states that Pre Rx comes in "6 flavors" which he identifies as "Lemon Lime, Jolly Green Apple, ***Freedom Pop***, Cherry Limeade, Strawberry Dragonfruit, Blood Orange". Ex H (emphasis added).

Sixth, in a March 2, 2017, social media post, with photos of 5 cans of Pre Rx, Proccor states:

7

> Back in five delicious *flavors*
>
> Natural Green Apple
> Natural Lemon Lime,
> Natural *Freedom Pop*
> Natural Strawberry Dragonfruit
> Natural Cherry Limeade.

Ex. I (emphasis added).

Seventh, Proccor posted again on the following day showing a photo of five cans of Pre Rx products and, again, listing its "flavors" to include "*Freedom Pop*". Ex. J (emphasis added).

Eighth, on July 15, 2017, Proccor again posted on social media-this time showing a single can of its "Pre Rx" Freedom Pop flavored product, with 4 images of the red, white and blue ice pop actually circling the product, and reading:

> Have you tried Freedom Pop Pre Rx? The only natural *Bomb Pop type flavor* and it tastes amazing.

Ex. K (emphasis added).

Mr. Smith did not address any of these negative facts in his Report. In fact, he testified that he has never tasted the red, white and blue ice pop. Tr. Smith, p. 90. He also, never tasted the Proccor "Freedom Pop" Pre Rx product (Tr. Smith, p. 42) and he has never even looked at Proccor's website in enough detail to know that Proccor uses the phrase "Freedom Pop" on the page for its Pre Rx product in a flavor drop down box (Tr. Smith, p. 88). Mr. Smith actually has no idea if flavor is a functional component of Pre Rx. Tr. Smith, p. 43.

8

### III. ARGUMENT

#### A. Standard for the Motion

##### 1. Admissibility of Expert Testimony

Expert testimony is governed by Federal Rule of Evidence 702 which states:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principals and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

The trial court is tasked with acting as gatekeeper to ensure that any expert testimony is both reliable and relevant. *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137 (1999); and *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993). The party offering the expert has the burden to show that her expert is qualified to testify competently regarding the matters he intended to address; the methodology by which the expert reached his conclusions is sufficiently reliable; and the testimony will assist the trier of fact.'" *Unleashed Magazine, Inc. v. Orange County*, 2008 U.S. Dist. LEXIS 113383, *23-24 (M.D. Fla. 2008), adopted by 2008 U.S. Dist. LEXIS 69926 (M.D. Fla. 2008) (quoting *Maiz v. Virani*, 253 F.3d 641, 664 (11th Cir. 2001)).

Where, as here, the expert testimony is based on the expert's so-called experience in a particular field, the opinions must still be reliable. *Unleashed Magazine,* supra at 25-27 (relying on *United States v. Frazier*, 387 F.3d 1244, 1261,

9

2004 U.S. App. LEXIS 21503, *__ (11th Cir. 2004)). In other words, just because one has experience in a particular field and is thus an expert in that field, does not make his proffered opinion reliable. *Quiet Tech. DC-8, Inc. v. Hurel-Dubois UK Ltd.*, 326 F.3d 1333, 1342, 2003 U.S. App. LEXIS 6946 (11th Cir. 2003)) reh'g den. by 73 Fed. Appx. 389, 2003 U.S. App. LEXIS 18426 (11th Cir. 2003)("Yet our caselaw plainly establishes that one may be considered an expert but still offer unreliable testimony.") The witness must explain how his experience leads to the conclusion reached, why that experience is a sufficient basis for the opinion, and how that experience is reliably applied to the facts. *United States v. Frazier*, supra at 1261, 2004 U.S. App. LEXIS 21503, *40 (relying on Fed. R. Evid. 702 advisory committee's note (2000 amends.)) Reliability cannot be established merely by the *ipse dixit* of an admittedly qualified expert. *Id.*; *see also Hudgens v. Bell Helicopters/Textron*, 328 F.3d 1329, 1344 (11th Cir. 2003) ("[A]n expert's failure to explain the basis for an important inference mandates exclusion of his or her opinion.").

### 2. Mr. Smith's Opinions about the Trademark Application Process (Nos. 1, 2, 4 & 5) are Not Admissible Because they are not Helpful

These four opinions all have to do with the trademark application process for the phrase "Freedom Pop". There are no facts regarding that process that are in dispute-other than whether the specimen was doctored to hide the fact that the phrase is a flavor. These proposed opinions, however, have nothing to do with

10

that issue. In fact, Mr. Smith admits that he does not have the answer to that specific question. Tr. Smith, p. 24.

If his opinions do not relate to disputed facts, he is just trying to narrate undisputed facts which is improper. *In re 3M Combat Arms Earplug Prods. Liab. Litig.*, 2021 U.S. Dist. LEXIS 36950, *131-132, 2021 WL 765019 (N. D. Fla. 2021)(expert cannot narrate or interpret evidence or testify as to simple inferences). Mr. Smith's testimony as to opinion Nos. 1, 2, 4 & 5 should be precluded.

### 3. Mr. Smith's Testimony about Whether Proccor's use of the Phrase "Freedom Pop" is a Legitimate Trademark Use Should be Precluded because It's a Legal Conclusion.

A term is used in a trademark sense if it is used to identify the source of the product. *Southeast Clinical Nutrition Ctrs., Inc. v. Mayo Found. for Med. Educ. & Research*, 135 F. Supp. 3d 1267, 1276, 2013 U.S. Dist. LEXIS 189898, *20 (N. D. Ga. 2013). Mr. Smith cannot testify as to his opinion as to whether Proccor's use is to identify a source, as opposed to a flavor, because that is a legal conclusion. *In re 3M Combat Arms Earplug Prods. Liab. Litig.*, supra at *128-129, 2021 WL 765019 ("'Accordingly, an expert may not speculate as to a person's state of mind or "simply recount[] the facts and then offer[] an opinion as to the conclusion which the jury should reach.'")(quoting *Omar v. Babcock*, 177 F. App'x 59, 63 n.5 (11th Cir. 2006))

### 4. Mr. Smith's Opinions about whether Proccor uses the Phrase "Freedom Pop" to Describe a Flavor of Pre Rx (Nos. 3 & 6) are Unreliable Because they Ignore the Undisputed Record.

Experts who cherry pick facts, and ignore undisputed facts employ unreliable methodologies and should be excluded from testifying. At minimum, to be admissible under *Daubert*, an expert's opinion must tie to the facts of the case at issue. *AGSouth Genetics, LLC v. Ga. Farm Servs.*, *LLC,* 2013 U.S. Dist. LEXIS 152708, *10, 2013 WL 5774698 (M. D. Ga. 2013); and *LeClercq v. Lockformer Co.,* 2005 U.S. Dist. LEXIS 7602, *15 (N. D. Ill. 2005) (granting motion *in limine* under Daubert where expert failed to address or discuss the import of negative facts because selective discussion of facts is cherry picking.)

Here, Mr. Smith has no idea whether Proccor uses "Freedom Pop" to describe a flavor. He's never tasted the product. He's never tasted the red, white and blue ice pop. He never looked at how Proccor uses the phrase in its flavor drop down box. And, he' s never addressed all of Plaintiff's own emails and social media posts characterizing "Freedom Pop" as a (bomb pop inspired) "flavor". Whatever opinion he may have about how the phrase is used, does not fit the actual undisputed facts of this case.

### 5. Mr. Smith's Opinions about whether Proccor uses the Phrase "Freedom Pop" to Describe a Flavor of Pre Rx (Nos. 3 & 6) Should be Precluded Because they go to Intent or State of Mind.

Whether Proccor uses the phrase "Freedom Pop" to describe a flavor of its Pre Rx product has an element of Proccor's intent. That is a topic on which expert testimony is clearly not permitted. *In re 3M Combat Arms Earplug Prods. Liab. Litig.*, supra at *128-129, 2021 WL 765019. ("An expert may not speculate as to a person's state of mind or 'simply recount[] the facts and then offer[] an opinion as to the conclusion which the jury should reach.'")(quoting *Omar v. Babcock*, 177 F. App'x 59, 63 n.5 (11th Cir. 2006).

Further, the proposed testimony that the use of the term to describe a flavor does not make the use descriptive (No. 6) is not tethered to reality. And, whether there are other sellers who do the same thing is completely irrelevant. The issue is how does Proccor use it-not how other businesses use flavor terms.

## IV. CONCLUSION.

Mr. Smith's testimony is not admissible because it 1) it simply and improperly attempts to narrate facts or supply simple inferences from uncomplicated facts 2) relates to facts that are not in dispute 3) ignores undisputed, negative facts and/or 4) improperly try to testify about what Proccor intended. Defendants, therefore, request that this Court enter an Order precluding Plaintiff from offering at trial the expert testimony and opinions proffered by Neil Smith.

13

## LOCAL RULE 3.01(g) CERTIFICATION

I certify that I conferred by with counsel for the Plaintiff, G. Donovan Conwell, Jr., regarding the relief sought in this motion and that the relief requested herein is opposed.

                                                                                     Respectfully Submitted,

                                                                                     Lewis Brisbois Bisgaard & Smith LLP

                                                                                     */s/ Patrick C. Campbell*
                                                                                     Patrick C. Campbell (*pro hac vice*)
                                                                                     Alexander D. MacMullan (*pro hac vice*)
                                                                                     550 E. Swedesford Road, Suite 270
                                                                                     Wayne, Pennsylvania 19087
                                                                                     Telephone:  (215) 977-4077
                                                                                     Email: patrick.campbell@lewisbrisbois.com
                                                                                     alexander.macmullan@lewisbrisbois.com
                                                                                     *Counsel for Defendants*

DATED: November 27, 2023.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 27th day of November 2023, I electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send an Electronic Mail notification of same to all counsel of record.

          LEWIS BRISBOIS BISGAARD & SMITH LLP

          */s/ Patrick C. Campbell*
          Patrick C. Campbell (*pro hac vice*)
          Alexander D. MacMullan (*pro hac vice*)
          550 E. Swedesford Road, Suite 270
          Wayne, Pennsylvania 19087
          Telephone: (215) 977-4077
          Email: patrick.campbell@lewisbrisbois.com
          alexander.macmullan@lewisbrisbois.com
          *Attorneys for Defendants*