UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PROCCOR PHARMACEUTICALS, INC.,

    Plaintiff,

v.                                               Case No. 8:22-cv-2227-SDM-SPF

WORLD HEALTH PRODUCTS, LLC
d/b/a GAT SPORT, and VITAMIN
SHOPPE INDUSTRIES LLC d/b/a
THE VITAMIN SHOPPE,

    Defendants.
_____/

## ORDER

    Before the Court is Plaintiff Proccor Pharmaceuticals, Inc.'s Unopposed Motion for Leave to Seal Confidential Documents (Doc. 171). This Court's Local Rule 1.11(c) sets forth the requirements for filing an item under seal, if not authorized by a statute, rule, or order, and states that the motion:

    1) must include in the title "Motion for Leave to File Under Seal";

    2) must describe the item proposed for sealing;

    3) must state the reason:

        (A) filing the item is necessary,

        (B) sealing the item is necessary, and

        (C) partial sealing, redaction, or means other than sealing are unavailable or unsatisfactory;

    4) must propose a duration of the seal;

    5) must state the name, mailing address, email address, and telephone number of the person authorized to retrieve a sealed, tangible item;

    6) must include a legal memorandum supporting the seal; but

    7) must not include the item proposed for sealing.

L.R. 1.11(c)(1)-(7), M.D. Fla. (2021).

    The motion seeks entry of a court order allowing the sealed filing of portions of Neal Beaton's expert report in connection with Defendants' Motion in Limine to Preclude Testimony of Neal Beaton (Doc. 164) and Motion for Summary Judgment (Doc. 165). Specifically, Plaintiff seeks to file under seal pages 10 and 11 and Schedule 5 of Neal Beaton's report (Doc. 164, Ex. M; Doc. 165, Ex. A).[1] According to Plaintiff's owner and president Ross Krigsman, these document portions "contain highly confidential information about material terms and pricing of licensing agreements and contracts entered into between Plaintiff and various infringers of Plaintiff's trademark, Freedom Pop. The agreements themselves state that their terms, including their financial terms, are confidential and must be kept confidential." (Doc. 171, Ex. A at ¶ 3 (Krigsman's Decl.)). The documents are marked Confidential and Attorneys' Eyes Only under the parties'

---

[1] According to Plaintiff, the top four lines of page 10 and all of paragraph 31 on page 11 of Beaton's report should be sealed as well as the entirety of Schedule 5. But Plaintiff proposes sealing *all* of pages 10 and 11 (in addition to Schedule 5). In its motion, Plaintiff also mentions that the parties "have conferred and agreed that Mr. Krigsman's deposition may be filed with pages 17 and 95-100 redacted." (Doc. 171 at 1; *see also* Doc. 164, Ex. E; Doc. 172). The motion to seal does not seek relief related to Krigsman's deposition, and this Order does not address it.

confidentiality agreement (Doc. 51-5), and Defendants filed placeholders as exhibits to their motions instead of the documents (*see* Doc. 164, Ex. M; Doc. 165, Ex. A).[2]

The parties have satisfied the requirements of Local Rule 1.11(c) and have shown good cause for sealing, *i.e.*, the materials discuss confidential business information, including negotiated terms and pricing for licensing the right to use Plaintiff's Freedom Pop mark. *See United States v. Adventist Health Sys. Sunbelt Healthcare Corp.*, No. 8:13-cv-206-T-23AEP, 2015 WL 12856778, at *1 (M.D. Fla. June 18, 2015) (quoting *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1246 (11th Cir. 2007) ("Material filed in connection with any substantive pretrial motion, unrelated to discovery, is subject to the common law right of access . . . . The common law right of access may be overcome by a showing of good cause.")).

Accordingly, it is **ORDERED**:

(1) Plaintiff Proccor Pharmaceuticals, Inc.'s Unopposed Motion for Leave to Seal Confidential Documents (Doc. 171) is **GRANTED**.

(2) Defendants are directed to file Neal Beaton's expert report on the public docket, with the top four lines of page 10, all of paragraph 31 on page 11, and all of Schedule 5 redacted. Defendants are permitted to file the entire, unredacted expert report under seal within seven days of this Order.

---

[2] Plaintiff filed the motion within 14 days of Defendants' placeholder filings, in compliance with Local Rule 1.11(d), M.D. Fla. (2021) (*Filing Another Person's Confidential Item*).

(3) The seal shall expire ninety days after the case is closed and all appeals have been exhausted.

**ORDERED** in Tampa, Florida, on December 12, 2023.

SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE

4