UNITED STATES DISTRICT
COURT MIDDLE DISTRICT OF
FLORIDA TAMPA DIVISION

PROCCOR PHARMACEUTICALS, INC.,

  Plaintiff,

v.                                                               Case No. 8:22-cv-02227-SDM-SPF

WORLD HEALTH PRODUCTS, LLC dba GAT
SPORT and VITAMIN SHOPPE INDUSTRIES
LLC, dba THE VITAMIN SHOPPE

  Defendants.

## **<u>DEFENDANTS WORLD HEALTH PRODUCTS, LLC d/b/a GAT SPORT AND VITAMIN SHOPPE INDUSTRIES LLC, d/b/a THE VITAMIN SHOPPE'S TRIAL BRIEF</u>**

Defendants, World Health Products, LLC d/b/a GAT SPORT ("GAT") and its customer, Vitamin Shoppe Industries LLC, d/b/a The Vitamin Shoppe ("TVS")(collectively, "Defendants") respectfully submits this trial brief in this trademark infringement case brought by Plaintiff, Proccor Pharmaceuticals, Inc. ("Proccor") over the use of the phrase "Freedom Pop".

Defendants did not use the phrase "Freedom Pop" to describe the source of its product or to confuse consumers as to the source of its product. The product, Nitraflex®, very clearly and unequivocally identified GAT Sports™ as the source of the product. The phrase "Freedom Pop" was merely used to describe the flavor profile of the product which was modeled after the iconic red, white and blue ice

136704017.1   1

pop or the "Bomb Pop". There is no evidence that anyone from GAT had even ever heard of Proccor until it sent a cease-and-desist letter in this case.

In fact, Proccor uses the phrase in the same descriptive manner-to describe the flavor profile of products modeled after the red, white and blue ice pop-a fact that was not disclosed to the USPTO. Defendants seek judgment in their favor on Proccor's claims, cancellation of Proccor's trademark for the phrase "Freedom Pop", costs, and counsel fees.

I. **EVIDENCE**

The facts and issues in this matter have been well documented in the pending summary judgment motions, Daubert motions and motions *in limine*. Briefly, however, in or about September 2020, GAT put out a flavor for its Nitraflex® product that was a combination of cherry, lime and blue raspberry. It was modeled after the red, white and blue ice pop. GAT called the flavor "Freedom Pop". One label GAT used is below:



Proccor denies that the phrase "Freedom Pop" describes a flavor and claims GAT's (and its customer The Vitamin Shoppe's) use constituted trademark infringement. The evidence is overwhelming that Proccor, itself, uses the phrase "Freedom Pop" to describe the same "flavor".

136704017.1   3

On October 3, 2018, Proccor filed an application with the USPTO for trademark protection for the phrase "Freedom Pop" for dietary supplements. That phrase was registered as a mark on May 7, 2019, under registration number 5745558. The specimen of use submitted by Proccor is as follows:



Proccor's website used the phrase "Freedom Pop" in a drop-down box for "flavor" for its "Pre Rx product. It includes the flavor Freedom Pop along with other flavors such as "Cotton Candy".




Proccor displayed the term "Freedom Pop" above the word "flavored" and below an image of red, white and blue ice pops. Notably Proccor identifies the product on its label as "Pre-Rx™"-not "Freedom Pop®". See below:







Proccor's owner (and sole, and only employee ever) Ross Krigsman contends that the phrase "Freedom Pop" just, inexplicably, came to him. He claims that the use of the red, white, and blue ice pops on his labels in conjunction with

136704017.1  7

that phrase, was a coincidence. He said that the images of the ice pops, like the phrase itself, just appeared to him during a random search of Adobe stock images.

Some background on the red, white and blue ice pop. The original Bomb Pop is a frozen confection with a combination of cherry, lime, and blue raspberry flavorings. Bomb Pop - Wikipedia. The original Bomb Pop ice pop is depicted below.



*Id.* Today, the bomb pop is sold as depicted below.



Original Bomb Pop® - Bomb Pop. Walmart, through its Great Value store brand, actually sells a red, white and blue frozen confection called "Freedom Pop".

136704017.1   8



Great Value Assorted Flavor Freedom Ice Pops, 19.8 fl oz, 12 Count (Frozen) - Walmart.com.

The red, white and blue ice pop is a flavor combination of cherry, lime and blue raspberry. Proccor's Pre Rx "Freedom Pop" flavor is, another coincidence according the Krigsman, cherry, lime and blue raspberry.

Krigsman has repeatedly characterized "Freedom Pop" as a "flavor" descriptor. In fact, despite his testimony under oath, he has even acknowledged that Proccor's "Freedom Pop" flavor is inspired by the red, white and blue ice pop.

For example, in a January 9, 2017, email written by Krigsman , under the heading "Pre Rx Labels" Krigsman wrote (to a vendor)(emphasis added):

> So, total *flavors* is five. Green Apple, Lemon Lime Chiller, **Freedom Pop**, Strawberry Dragonfruit, Cherry Limeade.

In a January 17, 2017, email to a customer, Krigsman wrote (emphasis added):

136704017.1  9

> We're launching a total of about 6 flavors of [Pre Rx] so things got back up from flavor suppliers. *Flavors* include Strawberry Dragonfruit, Blood Orange, *Freedom Pop* (only natural flavor of its kind in the industry as of right now) and a few others.

In a January 27, 2017, email from Krigsman to a customer, Krigsman stated that Pre Rx comes in "6 flavors" which he identifies as "Lemon Lime, Jolly Green Apple, *Freedom Pop*, Cherry Limeade, Strawberry Dragonfruit, Blood Orange".

In a March 2, 2017, social media post, with photos of 5 cans of Pre Rx, Proccor stated:

> Back in five delicious *flavors*
>
> Natural Green Apple
> Natural Lemon Lime,
> Natural *Freedom Pop*
> Natural Strawberry Dragonfruit
> Natural Cherry Limeade.

Proccor posted again on the following day showing a photo of five cans of Pre Rx products and, again, listing its "flavors" to include "*Freedom Pop*".

On July 15, 2017, a mere 15 months before Krigsman submitted the trademark application, he again posted on social media-this time showing a single can of its "Pre Rx" Freedom Pop flavored product, with <u>*4*</u> images of the red, white and blue ice pop circling the product. Dispelling all doubts as to the fact that Proccor was using the phrase "Freedom Pop" to describe the "Bomb Pop" inspired flavor profile of its products (just like GAT), the post read (emphasis added):

136704017.1 10

Have you tried Freedom Pop Pre Rx? The only natural *Bomb Pop type flavor* and it tastes amazing.

The image he used is below.



Krigsman did not disclose to the USPTO that Proccor was using the phrase "Freedom Pop" to describe a flavor or that the flavor of the products bearing that name was the red, white and blue ice pop. In fact, evidence will establish that

Krigsman knew that the examiner at the USPTO did not know that "pop" referred to "ice pop". He thought it might have been a reference to "soda pop". None of Krigsman's emails or social media posts were disclosed in connection with the application.

Proccor has no sales records for **any** of its products. Krigsman contends that the only financial records he has are bank deposits which do not identify sales. He contends that Proccor's accountant prepares the company's tax returns based only on the deposits and withdrawals (which Krigsman says he classifies as either business or personal) from bank statements.

Attesting to the weakness of "Freedom Pop" as a trademark to designate the source or origin of goods, based on Proccor's cease and desist letters alone, at least 10-13 other companies in the supplement industry have used the phrase "Freedom Pop" in conjunction with products. Some of them have entered into agreements to sell out inventory after receiving threatening letters -for mostly small up front nuisance payments of $0.00 to under $10,000.00. No business has ever agreed to pay Proccor a continuing royalty for the use of the phrase "Freedom Pop" as a trademark.

There is no evidence that the phrase "Freedom Pop" has any value over-and-above the product to which it is attached. In fact, when GAT received a cease-

and-desist letter from Proccor, it changed the flavor name of the product. When TVS received such a letter, it ordered all in-store inventory destroyed, it cancelled open purchase orders and it returned all product then in its distribution centers.

A phrase used in a descriptive sense, such as to describe a flavor, cannot be trademarked without proof of secondary meaning. *FCOA LLC v. Foremost Title,* 57 F.4th 939, 949 (11th Cir. 2023). A term that describes flavor is descriptive. *Invisasox, LLC v. Everythng Legwear, LLC*, 2020 U.S. Dist. LEXIS 103603, *8, 2020 WL 3128864 (M.D. Fla. 2020). Secondary meaning is not an issue here. Proccor's argument is that "Freedom Pop" does not describe a flavor.

Even if the trademark is valid-which it is not-it does not prevent Defendants from using that phrase to describe the flavor of their products. See, *Int'l Stamp Art, Inc. v. United States Postal Serv.*, 456 F.3d 1270, 1274  (11th Cir. 2006)("The 'fair-use' defense, in essence, forbids a trademark registrant from appropriating a descriptive term for [its] exclusive use and so prevent others from accurately describing a characteristic of their goods."). And fraud on the USPTO is committed where, as here, the applicant fails to disclose all material facts relating to its mark. E.g., , *Daesang Corp. v. Rhee Bros., Inc.* , 2005 U.S. Dist. LEXIS 9066, *21, 23 (D. Md. 2005)("Fraud arises, therefore, not only where the applicant makes false statements, …but also where the applicant fails to make full disclosure of all material facts, which is clear with respect to the later registration."); and *United*

136704017.1 13

*States Soo Bahk Do Moo Duk Kwan Fedn., Inc. v. Int'l Tang Soo Do Moo Duk Kwan Ass'n*, 2014 U.S. Dist. LEXIS 156254, *10, 2014 WL 5640979 (M. D. Pa. 2014)("If [applicant] knew at the time of application that the marks sought to be registered were … descriptive terms that were as commonly used as Defendants claim, then he may indeed have acted fraudulently by claiming ownership, because marks in such common use could not be owned").

## II.  ANTICIPATED LEGAL ISSUES

a. Did Proccor use the phrase "Freedom Pop" to identify the source of its products?

    Suggested Answer: No.

b. Did Proccor use the phrase "Freedom Pop" in a descriptive sense?

    Suggested Answer: Yes.

c. Did the GAT Sports™ use the phrase "Freedom Pop" for its Nitraflex® product to identify the source of its products or to confuse consumers as to the source of its products?

    Suggested Answer: No.

d. Did GAT Sports™ use the phrase "Freedom Pop" for its Nitraflex® product in a descriptive sense?

    Suggested Answer: No.

e. Did Proccor commit fraud on the USPTO by not disclosing that it was using the phrase "Freedom Pop" in a descriptive sense?

Suggested Answer: Yes.

f. Should Proccor's Trademark be cancelled?

Suggested Answer: Yes.

g. Has Proccor established that it suffered any harm, or that Defendants obtained any unjust benefit, or any benefit, by Defendants use of the phrase "Freedom pop" to describe one of the flavor combinations of GAT Sports™ Nitraflex® product?

Suggested Answer: No.

h. Are punitive damages recoverable in a case based solely on allegations of trademark infringement?[1]

Suggested Answer: No.

i. Are Proccor's state law claims-based om trademark infringement pre-empted by the Lanham Act?

Suggested Answer: Yes.

j. Is there any evidence of willfulness?

Suggested Answer: No.

---

[1] E.g., 15 U.S.C. § 1117(a).

k. Are Defendants entitled to counsel fees under the "Exceptional Case" rule?

Suggested Answer: Yes.

### III. CONCLUSION AND SOUGHT RELIEF

Defendants did not use the phrase "Freedom Pop" to describe the source of its product or to confuse consumers as to the source of its product. The product, Nitraflex®, very clearly and unequivocally identified GAT Sport™ as the source of the product. The phrase "Freedom Pop" was merely used to describe the flavor profile of the product which was modeled after the iconic red, white and blue ice pop or the "Bomb Pop".

In fact, Proccor uses the phrase in the same descriptive manner-to describe the flavor profile of products modeled after the red, white and blue ice pop-a fact that was not disclosed to the USPTO. Defendants seek judgment in their favor on Proccor's claims, cancellation of Proccor's trademark for the phrase "Freedom Pop", costs, and counsel fees.

LEWIS BRISBOIS BISGAARD & SMITH LLP

*/s/ Patrick C. Campbell*
Patrick C. Campbell (*pro hac vice*)
Alexander D. MacMullan (*pro hac vice*)
550 E. Swedesford Road, Suite 270
Wayne, Pennsylvania 19087
Telephone:  (215) 977-4077

        Email: patrick.campbell@lewisbrisbois.com
        *Counsel for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 24th day of February, 2024, I electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send an Electronic Mail notification of same to all counsel of record.