UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| PROCCOR PHARMACEUTICALS, INC., <br>    Plaintiff, <br> v. <br> WORLD HEALTH PRODUCTS, LLC dba GAT SPORT and VITAMIN SHOPPE INDUSTRIES LLC, dba THE VITAMIN SHOPPE <br>    Defendants. | Case No. 8:22-cv-02227-SDM-SPF |

**PLAINTIFF'S NOTICE OF STATUS OF THE VITAMIN SHOPPE BANKRUPTCY PROCEEDINGS**

Plaintiff, Proccor Pharmaceuticals, Inc. ("Proccor") is filing this notice to inform the Court of the status of the Vitamin Shoppe bankruptcy proceedings as they relate to this case.

1. On September 27, 2022, Proccor filed this action (the "Florida District Court Action") against World Health Products, LLC dba GAT Sport ("GAT") and Vitamin Shoppe Industries LLC dba The Vitamin Shoppe ("Vitamin Shoppe" and, collectively with Proccor, the "Parties").

2. In the Florida District Court Action, Proccor is suing under federal law for trademark infringement, contributory trademark infringement, and unfair competition, alleging that, inter alia, GAT infringed on a trademark owned by Proccor, and that Vitamin Shoppe's selling of product it obtained from GAT also

infringed on Proccor's trademark, and that GAT contributed to Vitamin Shoppe's trademark infringement. The defense of the Florida District Court Action for both defendants is being handled and paid for by GAT under an indemnification or similar arrangement.

3. The Florida District Court Action was set for trial starting the week of November 11, 2024.

4. On November 11, 2024 (the "Petition Date"), the prosecution of the Florida District Court Action as to Vitamin Shoppe was stayed pursuant to section 362(d) of the Bankruptcy Code. As a non-debtor, the automatic stay does not apply to GAT and Proccor's claims against GAT.

5. Proccor was not listed as a creditor of Vitamin Shoppe in Vitamin Shoppe's bankruptcy schedules, and, as a known creditor of Vitamin Shoppe, was not provided notice by mail of the claims bar date in Vitamin Shoppe's bankruptcy case.

6. During the Bankruptcy Case, Vitamin Shoppe sold substantially all of its assets. Upon information and belief the assets sold included product obtained from GAT that infringed on Proccor's trademark. Additionally, the sale included the assignment by Vitamin Shoppe of the agreement with GAT. Following the sale, Vitamin Shoppe confirmed a plan.

7. Under 11 U.S.C. § 362(c), in a chapter 11 case the automatic stay

continues with respect to property until the property is no longer property of the estate, and with respect to any other act until a discharge is granted. Because a discharge was granted in the Vitamin Shoppe plan and confirmation order, the automatic stay is no longer in effect. Because Proccor does not seek to exercise control over property, and because any property at issue here has either been sold as part of the sale or revested, there is no property of the estate over which Proccor seeks to exercise control. The automatic stay, therefore, does not apply to the remaining claims and causes of action, and this case should proceed to trial.

8. Additionally, this case can proceed notwithstanding the confirmation of Vitamin Shoppe's plan because Proccor does not seek any recovery against Vitamin Shoppe's bankruptcy estate. Rather, Proccor only seeks to prosecute the Florida District Court Action to liquidate its claim and recover upon any judgment resulting from the Florida District Court Action solely from GAT, either directly or for which GAT is responsible as indemnitor, for damages awarded in the Florida District Court Action in favor of Proccor.

Dated: June 27, 2025

By: /s/ *G. Donovan Conwell, Jr.*
G. Donovan Conwell, Jr.
Florida Bar No.: 0371319
**CONWELL BUSINESS LAW, LLLP**
12610 Race Track Road, Suite 200
Tampa, FL 33626
Tel. (813) 282-8000, Fax: (813) 855-2631
dconwell@conwellbusinesslaw.com

3

eservice@conwellbusinesslaw.com  
*Counsel for Plaintiff*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 27th day of June 2025, I electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send an Electronic Mail notification of same to all counsel of record.