UNITED STATES DISTRICT
COURT MIDDLE DISTRICT OF
FLORIDA TAMPA DIVISION

PROCCOR PHARMACEUTICALS, INC.,

    Plaintiff,

v.                                                          Case No. 8:22-cv-02227-SDM-SPF

WORLD HEALTH PRODUCTS, LLC dba
GAT SPORT and VITAMIN SHOPPE
INDUSTRIES LLC, dba THE VITAMIN
SHOPPE

    Defendants.

## PLAINTIFF'S MOTION FOR DISMISSAL OF ITS CLAIMS AGAINST THE VITAMIN SHOPPE

Plaintiff, Proccor Pharmaceuticals, Inc., pursuant to Rule 41 Fed. R. Civ. P., moves to dismiss without prejudice Counts III and IV against The Vitamin Shoppe ("TVS") which allege trademark infringement and common law unfair competition by TVS. The grounds for the motion are set forth below.

## MEMORANDUM

On November 5, 2024, on the eve of this case going to trial, TVS filed a Suggestion of Bankruptcy. [Doc. 259 ] On September 9, 2025 TVS filed a Response to this Court's Order to Show Cause Why this Case Should not Proceed to Trial in which TVS represented that a bankruptcy court entered an order discharging TVS's debt to Plaintiff and enjoining the continuation of this suit against TVS. [Doc. 264]

Since the filing of that Response by TVS Proccor's undersigned counsel has asked counsel for GAT and TVS to agree to a stipulation for dismissal of Plaintiff's claims against TVS (Counts III and IV) without prejudice or a joint motion to dismiss such claims without prejudice. Counsel for the Defendants has not agreed to either. Accordingly, in order to allow Plaintiff's claims against GAT to proceed to trial, Plaintiff moves to voluntarily dismiss without prejudice its claims against TVS in Counts III and IV.

Plaintiff does not dismiss and is not moving to dismiss its claims against GAT in Counts I, II and V. Count V for Contributory Trademark Infringement against GAT, is not affected by the dismissal of the claims against TVS for direct infringement. A claim can be brought for contributory trademark infringement against a contributory infringer without bringing a claim or obtaining a judgment against the direct infringer. *Slep-Tone Entertainment Corp. v. Il Mio Sogno, LLC*, 2012 WL 3156582, No. 8:12–cv–1187–T–30EAJ *1 (M.D. Fla. Aug. 3, 2012).

## LOCAL RULE 3.01(g) CERTIFICATION

I certify that before filing this motion I conferred with Pat Campbell, counsel for the Defendants, by telephone and email concerning the relief requested herein and that we did not reach a resolution of the Motion.

DATED: October 21, 2025.

Respectfully submitted,

By: */s/ G. Donovan Conwell, Jr.*
G. Donovan Conwell, Jr.
Florida Bar No.: 0371319
CONWELL BUSINESS LAW, LLLP
12610 Race Track Road, Suite 200
Tampa, FL 33626
Tel. (813) 282-8000
dconwell@conwellbusinesslaw.com
eservice@conwellbusinesslaw.com
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 21st day of October 2025, I electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send an Electronic Mail notification of same to all counsel of record.

*/s/ G. Donovan Conwell, Jr.*
Attorney