# UNITED STATES DISTRICT COURT MIDDLE DISTRICT OF FLORIDA TAMPA DIVISION

PROCCOR PHARMACEUTICALS, INC.,

   Plaintiff,

v.

WORLD HEALTH PRODUCTS, LLC dba GAT SPORT and VITAMIN SHOPPE INDUSTRIES LLC, dba THE VITAMIN SHOPPE

   Defendants.

Case No. 8:22-cv-02227-SDM-SPF

### DEFENDANT WORLD HEALTH PRODUCTS LLC'S MOTION TO ADDRESS ISSUES RAISED BY THE COURT'S NOVEMBER 4, 2025 ORDER (DKT. NO. 266) DISMISSING VITAMIN SHOPPE INDUSTRIES FROM THIS CASE.

## I. INTRODUCTION

Defendant World Health Products, LLC ("GAT") submits this this motion to address various issues raised by Dkt No. 266 dismissing Vitamin Shoppe Industries, LLC ("TVS") from the case.[1] Those issues are:

---

[1] GAT intended to raise these issues under Fed. R. Civ. P. 41(a)(2) in its Response to Plaintiff Proccor Pharmaceuticals, Inc.'s ("Proccor") Motion for the Dismissal of its Claims Against the Vitamin Shoppe ("Dkt. No. 265") but Dkt. No. 266 was issued before the deadline to respond. *See* Local Rule 3.01 (d) (M.D. Fla.). To be clear, both GAT and TVS consent to the dismissal of

1

1. Proccor should be required to Identify the Type and Amount of Damages it will now seek at trial;
2. Proccor should be required to Update its Disclosures to specify its new case-especially on damages;
3. Proccor should be required to Update its Disclosures and document production regarding new licensing information;
4. If Proccor still seeks reasonable royalty damages, additional discovery should be permitted for new licensing agreements entered into by Proccor since the end of fact and expert discovery;
5. If Proccor seeks the disgorgement of profits from TVS sales to end users, additional discovery is required to locate and secure testimony *de ben esse* (presumably from the purchaser of TVS' assets who acquired most of TVS' employees as well) regarding expenses related to the sale of the products at issue here;
6. The Pretrial Memorandum and related documents need to be updated to reflect Proccor's new case; and
7. If Proccor is seeking disgorgement, Proccor has no right to a jury trial and its request for a jury trial should be stricken.

## I. FACTS RELEVANT TO THIS MOTION

---

TVS from this case without prejudice as Proccor proposes. The dismissal, however raises issues of potential prejudice to GAT that need to be addressed as the fact and expert discovery periods in this case have expired and the final pretrial memorandum has been filed. The purpose of Rule 41(a)(2) "is primarily to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions." *Arias v. Cameron*, 776 F.3d 1262, 1268 (11th Cir. 2015)(citing *McCants v. Ford Motor Co., Inc.*, 781 F.2d 855, 856 (11th Cir.1986)). This motion addresses those conditions.

A.  This Case

1.  Proccor's Claims

According to Proccor's Second Amended Complaint Jury Trial and Injunctive Relief Requested, Dkt. No. 92, ¶ 43, Proccor suggests that the relationship between GAT and TVS is one of wholesaler/retailer. Proccor has asserted 5 claims. Counts I and III are against GAT for trademark infringement and unfair competition. Dkt. No. 92. Counts II and IV are against TVS for trademark infringement and unfair competition. *Id.* Count V is against GAT for contributory trademark infringement based on the fact that Proccor alleges that GAT supplied infringing product to resellers like TVS. Dkt. No. 92, ¶ 46.

It is important to note that this Court has already found that Defendants did not engage in intentional misconduct or gross misconduct (defined as conduct "so reckless or wanting in care that it constituted a conscious disregard or indifference to the life, safety, or rights of persons exposed to such conduct.") *Proccor Pharms., Inc. v. World Health Prods.*, LLC, No. 8:22-CV-2227-SDM-SPF, 2024 WL 3758013, at *24 (M.D. Fla. July 3, 2024), report and recommendation adopted, No. 8:22-CV-2227-SDM-SPF, 2024 WL 4604152 (M.D. Fla. Sept. 18, 2024). It is also undisputed that Proccor has no

3

evidence of actual confusion. *Id.* at 18. Both of these findings inform the case going forward.

### 2. Proccor's Alleged Damages

According to Plaintiff's Initial Disclosures, Proccor seeks damages in the form of 1) disgorgement of Defendants' "Gross Sales" (no amount stated) and 2) a Royalty on sales by Defendants in the amount of $25/unit based on what Proccor describes as the amount of royalty agreements Proccor says it has with third parties. A true and correct copy of Plaintiff's Initial Disclosures and Supplemental Disclosures are attached as Exhibits A & B.

According to the Second Amended Pretrial Statement (Dkt. No. 255), Plaintiff seeks a running royalty on sales by GAT to TVS and then sales of those same products by TVS to consumers. Dkt. No. 255, p. 19. According to that same document, the amount of "gross profit" Proccor seeks to disgorge from GAT and TVS, respectively, is $596,366 and $571,385. *Id.*

Proccor actually mislabels the gross sales as "profits". TVS' sales analysis, upon which Proccor relies for its "gross profits" figure, is attached as Exhibit C. That document shows that the $571,385 figure is "gross sales". It also provides a "COGS" or cost of goods sold as $412,870. That reduces

"profits" on TVS' sales to end users to *no more than* $158,515[2], not $571,385.TVS sold all of its assets on or about May 7, 2025. See Order (I) Authorizing Franchise Group Intermediate Group, V, LLC to Enter into and Perform Its Obligations Under the Asset Purchase Agreement (II) Approving the Sale of Certain Assets Free and Clear of All Liens Claims Rights Interests and Encumbrances[3] (III) Approving the Assignment and Assumption of Executory Contracts and Unexpired Leases[4] and (IV) Granting Related Relief (In Re Franchisors Group, Inc. et al, USDC Del. No 24-12480 (Bkrtcy)("Bkrtcy Case"), Dkt. No. 1429. At this point, TVS is a shell. It has no assets or employees. See the email exchange between undersigned counsel and TVS' bankruptcy counsel, Shella Borovinskaya, a true and correct copy of which is attached as Exhibit D. Thus, a reasonable

---

[2] As discussed more fully below, "profits" from the standpoint of a disgorgement claim would include consideration of other items related to the sales such as overhead. Again, at this point, there are no TVS employees to provide that information as there are no TVS employees.

[3] Proccor did not file a proof of claim in the bankruptcy proceeding because it knew and understood there were not going to be any meaningful recovery for unsecured creditors. The bar date for filing has passed. This, of course makes the dismissal "without prejudice" all the more baffling.

[4] GAT's contract with TVS (which is the presumptive source Proccor relies on for the indemnification obligation between GAT and TVS), has been assigned to the buyer. *See, e.g.*, Bkrtcy Case, Dkt. No. 1283-2, p. 164 of 326.

5

opportunity to obtain additional discovery of relevant information regarding TVS' revenue and costs is necessary to avoid prejudice against GAT.

## II. LEGAL ANALYSIS

### 1. Direct Infringement

It is unlikely, but unclear that Proccor plans to continue its claim for reasonable royalties. Damages in the form of royalties requires evidence of actual harm. *Mc3 Invs. LLC v. Loc. Brand, Inc.,* No. 5:22-CV-260-MJF, 2023 WL 10407391, at *4 (N.D. Fla. July 11, 2023). That means there must be evidence of actual confusion. See, e.g., *Keg Technologies, Inc., v. Laimer*, 436 F.Supp.2d 1364, 1373 (N.D. Ga. 2006) ("But in order to sustain a damages award predicated on injury *to them,* Plaintiffs were required to show more—namely, "actual confusion" among consumers.); *Restatement (Third) of Unfair Competition* § 36, comment i (1995)("*An actor can be subject to liability for trademark infringement or deceptive marketing upon proof of a likelihood of confusion or deception, but the recovery of damages ordinarily requires proof that some consumers have actually been confused or deceived.*"). As noted above, Proccor admits that evidence of actual confusion does not exist in this case,

and thereby fails in its burden. *Proccor Pharms., Inc. v. World Health Prods., LLC*, supra, at *18.

Also, since the GAT and TVS sales are of the same units (sold by GAT to TVS and sold by TVS to end users) the "one-satisfaction-rule" is applicable to all of TVS' sales. See, generally, *BUC Int'l Corp. v. Int'l Yacht Council Ltd.*, 517 F.3d 1271, 1278 (11th Cir. 2008)(applying rule to copyright infringement case)( "The one-satisfaction rule ... operates to prevent double recovery, or the overcompensation of a plaintiff for a single injury"); *Northstar Moving Holding Company, Inc. v. King David Van Lines*, 2021 WL 9794638, at *2 (S.D. Fla 2021)(requiring production of settlement agreements held by Plaintiff in ruling in favor of Defendant's motion based upon offset of damages under the "one-satisfaction" rule); *Abbott Lab'ys v. Adelphia Supply USA*, No. 15CV5826CBALB, 2019 WL 5696148, at *51 (E.D.N.Y. Sept. 30, 2019)(distribution chain case like the present one)(quoting *Honeycutt v. United States*, 137 S. Ct. 1626, 1631 (2017) ("Thus, '[i]f two or more defendants jointly cause harm, each defendant is held liable for the entire amount of the harm; provided, however, that the plaintiff recover only once for the full amount'.")

Lastly, since this case has been stayed, Proccor has engaged in additional licensing activity. Evidence supplied to date shows that royalties under such activity was at a small fraction, less than 10%, of the $25/unit it claims here.[5] All documents relating to that activity have been requested but the request has been ignored to date. See the October 21, 2025 email string between undersigned counsel and G. Donovan Conwell, a true and correct copy of which is attached as Exhibit E. A screen shot of Proccor's Instagram

---

[5] GAT has argued that Proccor's $25/unit proposed royalty is inappropriate because it has never had a licensing agreement with a royalty even close to the proposed $25/unit. E.g., Dkt. No. 165. Rather, Proccor's evidence to support its so-called reasonable royalty is based on small volume sell off agreements, or prelitigation settlements with small upfront payments. Dkt. No. 165, pp. 22-23 (noting that the only evidence relied on by Proccor to establish the alleged reasonable royalty rate of $25/unit is litigation and prelitigation settlement agreements and an agreement to swap product). See also *EcoFactor, Inc. v. Google LLC*, Case No. 2023-1101, 137 F. 4th 1333 (Fed. Cir. May 21, 2025) (*en banc*)(Chief Judge Moore, writing for the majority, found that settlement/license agreements that require a lump-sum payment and do not unambiguously specify that both parties to the agreements understood the lump-sum payment to reflect a per-unit royalty cannot support an expert's testimony that the agreements are evidence of a reasonable royalty). Newly discovered (since the close of discovery) evidence establishes that when Proccor actually enters into a real "Trademark License Agreement" with running royalties (based on 10,000 units), the royalty is less than ten percent of the $25/unit royalty it seeks here. A copy of the July 3, 2024 Trademark Licensing Agreement between Proccor and Raw is attached as Exhibit F.

page showing additional but undisclosed licensing activity is attached as Exhibit G.

### 2. Contributory Infringement

A "contributory infringement claim requires, at a minimum, both an allegation of a direct infringement by a third party and an allegation of an intentional or knowing contribution to that infringement by the defendant". *Venus Fashions, Inc. v. ContextLogic, Inc.,* No. 3:16-CV-907-J-39MCR, 2017 WL 2901695, at *11 (M.D. Fla. Jan. 17, 2017)(quoting *Optimum Techs., Inc. v. Henkel Consumer Adhesives, Inc.,* 496 F.3d 1231, 1245 (11th Cir. 2007)); see also *Nike, Inc. v. Fox,* No. 8:23-CV-2873-VMC-AAS, 2025 WL 1167566, at *11 (M.D. Fla. Apr. 21, 2025)(same); *Keg Techs., Inc. v. Laimer*, 436 F. Supp. 2d 1364, 1373 (N.D. Ga. 2006) (disgorgement is only "appropriate where the plaintiff has been able to show, *inter alia,* that the defendant's violation was 'deliberate and willful'" ).

Proccor cannot establish GAT's intentional or knowing contribution to any TVS infringement. As noted above, GAT has already been found not to have acted intentionally or recklessly.

Nevertheless, assuming, for arguments sake, that Proccor is pursuing contributory negligence claim, and by "profits" Proccor means to try to disgorge Defendants' profits, it remains unclear whether Proccor seeks GAT's profits, TVS' profits or both.

Also, in a disgorgement case, the defendant bears the burden of proving the costs that should be deducted from the gross revenue to establish profits. *Tommy Hilfiger Licensing, Inc., Plaintiff, v. Goody's Fam. Clothing, Inc., Defendant.*, No. 100-CV-1934-BBM, 2003 WL 22331254, at *22 (N.D. Ga. May 9, 2003). In the Eleventh Circuit, any cost can be deducted if they are "actually related" to the sale of the infringing product. *Id.* at 22 (relying on, *inter alia*, *Burger King Corp. v. Pilgrim's Pride Corp.*, 934 F.Supp. 425, 426 (S.D. Fla. 1996); *Playboy Enters. v. P.K. Sorren Exp. Co.*, , 998 (S.D. Fla. 1982)); see also Defendant's burden to prove deductible costs, 4 <u>McCarthy on Trademarks and Unfair Competition</u> § 30:66 (5th ed.) ("Candidates for allowable deductions to arrive at a profit figure include items such as overhead, most operating expenses, and federal income taxes."); *Shenzhen Kinwong Elec. Co. v. Kukreja*, 778 F. Supp. 3d 1255, 1312 (S.D. Fla. 2025), <u>amended in part</u>, No. 18-CV-61550, 2025 WL 2337095 (S.D. Fla. Aug. 13,

2025)(agreeing to expenses such operating expenses endemic to running a business—things like payroll expenses, warehousing, supplies, and insurance); and see *Estefan Enters., Inc. v. Coco Bongo, Inc.*, No. 805CV00810T17TGW, 2007 WL 9723597, at *7 (M.D. Fla. July 24, 2007)(even where defendant did not prove deductions, court awarded damages equal to 15% of gross revenue).

In a case such as this-manufacturer and distributor-in keeping with the single recovery precept-only incremental profits should recoverable. *Innovation Ventures, LLC v. Ultimate One Distrib. Corp.*, 176 F. Supp. 3d 137, 163 (E.D.N.Y. 2016)("To the extent that plaintiffs recover lost-profit damages for a particular bottle from one defendant in a particular chain of distribution, the liability of any other defendant in that distribution chain is reduced accordingly.") The recovery of both lost profits and royalties is not permitted where, as here, it amounts to a double recovery. *Choice Hotels Int'l, Inc. v. Key Hotels of Atmore II, LLC,* No. CV 16-452-CG-B, 2017 WL 6945340, at *4 (S.D. Ala. Aug. 18, 2017); and *Grand Havana Inc. v. Alchemist Distilleries Inc.*, No. 1:23-CV-21943-KMM, 2024 WL 2797381, at *4 (S.D. Fla. Jan. 12, 2024) abrogated on other grounds, in part, as recognized by *Leader Ent. S.A. v. Crom*

11

*Prods., LLC*, No. 24-CV-22839, 2025 WL 2586135, at *7, n. 2 (S.D. Fla. Sept. 8, 2025).

Importantly, as to GAT's ability to prove TVS' expenses, there are no TVS employees. There is also no TVS witness who could establish such expenses which puts GAT at a severe disadvantage. With TVS dismissed from the case, and no opportunity for GAT to obtain additional TVS evidence, GAT is now unduly prejudiced in its ability to calculate the alleged potential liability.

A claim for disgorgement of a defendant's profits in a trademark infringement case is equitable in nature. *Hard Candy, LLC v. Anastasia Beverly Hills, Inc.*, 921 F.3d 1343, 1359 (11th Cir. 2019). "[F]actors that should be weighed in the decision whether to award profits: (1) whether defendant intended to confuse or deceive; (2) whether sales have been diverted from the trademark owner to the infringer; (3) the adequacy of other remedies; (4) any unreasonable delay by the trademark owner in asserting its rights; (5) the public interest in making the misconduct unprofitable; and (6) whether it is a case of "palming off." See, Accounting of defendant's profits—Weighing the equities, 4 *McCarthy on Trademarks and Unfair Competition* §

30:61 (5th ed.) It does not carry with it a right to a jury trial. *Hard Candy, LLC v. Anastasia Beverly Hills, Inc.*, 921 F.3d 1343, 1359 (11th Cir. 2019).[6]

## III. CONCLUSION

The dismissal of TVS raises specific issues that the Court should address as the fact and expert discovery periods in this case have expired and final pretrial statement has been submitted. These issues are, namely:

1. Proccor should be required to identify the type and amount of damages it will seek at trial;
2. Proccor should be required to update its disclosures to specify its new case-especially on damages;
3. If Proccor still seeks reasonable royalty damages, Proccor should be required to update its discovery and document production regarding new evidence of licensing;
4. If Proccor still seeks reasonable royalty damages, additional fact and expert discovery should be permitted for new

---

[6] To be clear, these factors weigh against any disgorgement award. Factors 1-3 & 5-6 clearly favor GAT. As already found in this case, GAT's use of the phrase Freedom Pop (assuming it was to identify the source of the products-which it was not) was not intended to deceive consumers into thinking the products had any affiliation with Proccor. *Proccor Pharms., Inc. v. World Health Prods., LLC*, supra at *24. There is no evidence any consumer who purchased GAT Freedom Pop flavored product would have or even could have purchased Proccor's Freedom Pop flavored product. Proccor admits it has no way to track its sales. Dkt. No. 164, p. 9 of 39. GAT no longer sells a Freedom Pop flavor so no future confusion is possible and no further remedies are necessary. The public has no interest in this dispute as there is no evidence that anyone was actually confused as to whether Proccor was the source GAT's Freedom Pop flavored product. Lastly, GAT was categorically not palming off its products.

      licensing agreements entered into by Proccor since the close of discovery;

5. If Proccor seeks the disgorgement of profits from TVS sales to end users, additional discovery is required to locate and secure testimony *de ben esse* (presumably from the purchaser of TVS' assets who acquired most of TVS' employees as well) regarding expenses related to the sale of the products at issue here-if that is even possible;
6. The Pretrial statement and related documents need to be updated to reflect Proccor's new case; and
7. If Proccor is seeking disgorgement, Proccor has no right to a jury trial and its request for a jury trial should be stricken.

WHEREFOR, Proccor hereby seeks an Order:

1. Requiring Proccor to identify the type and amount of damages it will seek at trial;

2. Requiring Proccor to update its disclosures to specify its revised case-on damages;

3. Requiring Proccor to state whether it seeks reasonable royalty damages, and if so, requiring Proccor to update its discovery and document production regarding new evidence of licensing;

4. If Proccor still seeks reasonable royalty damages, granting 60 days of additional fact and expert discovery for new licensing agreements entered into by Proccor since the close of discovery;

5. If Proccor seeks the disgorgement of profits from TVS sales to end users, granting 60 days of additional discovery to locate and secure testimony *de ben esse* regarding expenses related to the sale of the products at issue here;

6. Requiring Proccor to update the Pretrial statement and related documents to reflect Proccor's current case; and

14

If Proccor is seeking disgorgement, striking Proccor's request for a jury trial.

## LOCAL RULE 3.01(g) CERTIFICATION

I certify that I sent an email to counsel for the Plaintiff, G. Donovan Conwell, Jr., on November 4, 2025, regarding the relief sought in this motion. On November 5, 2025, counsel for Plaintiff represented, in response, that the motion is opposed on the basis that he believes that the matters addressed in this motion should be deferred to a pre-trial conference.

Respectfully submitted,

LEWIS BRISBOIS BISGAARD & SMITH LLP

*/s/ Patrick C. Campbell, Jr.*
Patrick C. Campbell, Jr. (*pro hac vice*)
Alexander D. MacMullan (*pro hac vice*)
575 E. Swedesford Road, Suite 102
Wayne, Pennsylvania 19087
Telephone: (215) 977-4077
Email:
patrick.campbell@lewisbrisbois.com
alexander.macmullan@lewisbrisbois.com
*Attorneys for Defendants*

DATED: November 5, 2025

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 5th day of November, 2025, I electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send an Electronic Mail notification of same to all counsel of record.

Respectfully Submitted,

LEWIS BRISBOIS BISGAARD & SMITH LLP

/s/ Patrick C. Campbell
Patrick C. Campbell (pro hac vice)
Alexander D. MacMullan (pro hac vice)
550 E. Swedesford Road, Suite 270
Wayne, Pennsylvania 19087
Telephone: (215) 977-4077
patrick.campbell@lewisbrisbois.com
alexander.macmullan@lewisbrisbois.com
*Counsel for Defendants*

Date: November 5, 2025