# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

PROCCOR PHARMACEUTICALS, INC.,

    Plaintiff,

v.

WORLD HEALTH PRODUCTS, LLC dba GAT SPORT and VITAMIN SHOPPE INDUSTRIES LLC, dba THE VITAMIN SHOPPE,

    Defendants.

Case No. 8:22-cv-02227-SDM-SPF

**PLAINTIFF'S RESPONSE TO DEFENDANT WORLD HEALTH PRODUCTS LLC'S MOTION TO ADDRESS ISSUES RAISED BY THE COURT'S NOVEMBER 4, 2025 ORDER (DKT. NO. 266) DISMISSING VITAMIN SHOPPE INDUSTRIES FROM THIS CASE.**

The Motion of World Health Products dba GAT Sport ("GAT" or "Defendant") to Address Issues Raised by November 4, 2025, Order Dismissing Vitamin Shoppe from the Case [Doc. #266] has very little to do with the dismissal of Vitamin Shoppe as a party defendant in this case. The Motion primarily seeks reconsideration of motions GAT previously filed to limit or exclude Plaintiff's damages that the Court denied (Doc. 228, pp. 63-65, Doc. 243 and Doc. 246) and a continuation of discovery on issues that have nothing to do with Vitamin Shoppe being dismissed from the case.

1

GAT's requests should be denied. Plaintiff Proccor does not oppose GAT's request for an updated Pretrial Statement and related documents such as the jury instructions, verdict form, Exhibit lists and deposition designations.

GAT's requests and Plaintiff's responses to those requests are as follows:

1. **"Proccor should be required to specify the Type and Amount of Damages it will now seek at trial."**

Proccor is not seeking different damages against GAT because Vitamin Shoppe has been dismissed from the case. The Motion, therefore, is puzzling as it appears to be simply an attempt to reargue its prior motions to exclude Proccor's damages which the Court denied [Doc. 228, pp. 63-65, Doc. 243 and Doc. 246] without arguing the governing standards for reconsideration.

Moreover, GAT's argument regarding the "one-satisfaction-rule" and its citation to *BUC International Corp. v. International Yacht Counsel Ltd.*, 517 F. 3d 1271 (11th Cir. 2008) seems entirely misplaced as Vitamin Shoppe's has not paid anything to Proccor in settlement or otherwise to trigger invocation of the "one-satisfaction-rule."

GAT's argument that summary judgment was granted on Proccor's punitive damage claim likewise has nothing to do with the dismissal of Vitamin Shoppe from this case. GAT appears to be arguing that it cannot be liable for contributory infringement without a showing that it acted intentionally and that the Report and Recommendation on Summary Judgment found that GAT did not act intentionally. This argument should be rejected. First, the Report and Recommendation did not find that GAT did not act intentionally. It said that GAT's conduct did not rise to the level necessary to support an award of punitive damages and that there was "conflicting evidence" on the issue of inten to confuse. [Doc. 228, pp. 48, 62] Second, GAT moved for summary judgment on Proccor's contributory infringement claim and it was denied. [Doc. 228, pp. 21, 65] GAT now is rearguing its motion without complying with any of the rules for reconsideration.

## 2. "Proccor should be required to Update its Disclosures and document production regarding new licensing information."

This has nothing to do with Vitamin Shoppe being dismissed from this case. Proccor, however, is producing to GAT new licenses entered into in the past twelve months.

3

3. **"If Proccor still seeks reasonable royalty damages, additional discovery should be permitted for new licensing agreements entered into by Proccor since the end of fact and expert discovery."**

   GAT engaged in extensive discovery in this case including five sets of requests for production totaling 101 requests, five sets of requests for admissions totaling 237 requests, and 23 interrogatories. This included discovery about Proccor's reasonable royalty damage claim. GAT's oppressive discovery should not be permitted to continue, particularly when GAT has failed to particularize the specific discovery it wishes to obtain.

4. **"If Proccor seeks the disgorgement of profits from TVS sales to end users, additional discovery is required to locate and secure testimony** *de ben esse* **(presumably from the purchaser of TVS' assets who acquired most of TVS' employees as well) regarding expenses related to the sale of the products at issue here."**

   Proccor has sought disgorgement of profits from GAT on both direct and contributory infringement since the beginning of this case and continues to do so. GAT, who has been represented by the same attorneys who represented Vitamin Shoppe throughout this litigation, had ample opportunity to obtain discovery on the issue of Vitamin

Shoppe's expenses. Discovery should not be reopened to permit GAT to obtain additional discovery on this issue.

5. **"The Pretrial Memorandum and related documents need to be updated to reflect Proccor's new case."**

Proccor agrees that the Pretrial Memorandum, Jury Instructions and Verdict Form, Exhibit lists and deposition designations should be updated.

6. **"If Proccor is seeking disgorgement, Proccor has no right to a jury trial and its request for a jury trial should be stricken."**

This is an incorrect statement of the law. When there are equitable and non-equitable claims the non-equitable claims are tried to a jury first and then the court will conduct a trial without the jury on the disgorgement of profit claim. *Deltona Transformer Corp. v. The Noco Company*, Case No. 6:19-cv-308-CEM-LHP, 2023 WL 6376363, *2 FN. 2 (M.D. Fla. Sept. 29, 2023) (proceeding on damage claims in a ;jury trial prior to a non-jury trial on equitable claim); *Nview Health, Inc. v. Sheehan*, Case No. 8:21-cv-385-VMC-TGW, 2022 WL 17782478, *3 (M.D. Fla. Dec. 19, 2022) Moreover, GAT's Answer, Affirmative Defenses and Counterclaim demands a jury trial [Dkt 101, p. 54] and GAT submitted jury instructions for the trial of this case. [Dkt. 250] A

5

request to strike a jury trial demand under these circumstances should be denied. *Id*.at *3 (refusing request to strike jury trial demand on the eve of trial after summary judgment entered on counterclaims leaving only counter plaintiff's equitable claim where "both parties operated under the assumption that the case would be tried by a jury throughout every phase of the litigation.")

In conclusion, GAT has taken the occasion of the Court's dismissal of Vitamin Shoppe from the case as an opportunity to reargue motions GAT previously made asking the court to enter summary judgment for GAT on issues of damage and contributory infringement and to limit or exclude Proccor's damages. GAT has no legal basis or authority to reargue them simply because a co-defendant has been dismissed from the case. Likewise, the removal of Vitamin Shoppe as a party in this case does not give GAT the right to conduct even more discovery in this case. All of GAT's requests should be denied except for the request related to updating the Pretrial Statement and related documents, as described above.

Dated November 25, 2025

By: */s/ G. Donovan Conwell, Jr.*
G. Donovan Conwell, Jr.
Florida Bar No.: 0371319
**CONWELL BUSINESS LAW, LLLP**
12610 Race Track Road, Suite 200
Tampa, FL 33626

Tel. (813) 282-8000, Fax: (813) 855-2631
dconwell@conwellbusinesslaw.com
eservice@conwellbusinesslaw.com
*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 25th day of November 2025, I electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send an Electronic Mail notification of same to all counsel of record.

*/s/ G. Donovan Conwell, Jr.*
G. Donovan Conwell, Jr.