# UNITED STATES DISTRICT COURT MIDDLE DISTRICT OF FLORIDA TAMPA DIVISION

PROCCOR PHARMACEUTICALS, INC.,

Plaintiff,

v.

WORLD HEALTH PRODUCTS, LLC dba GAT SPORT

Defendants.

Case No. 8:22-cv-02227-SDM-SPF

## DEFENDANT, WORLD HEALTH PRODUCTS, LLC'S MOTION TO REOPEN DISCOVERY AND EXTEND PRETRIAL DEADLINES

## I.    INTRODUCTION

Defendant World Health Products, LLC ("GAT" or "Defendant") submits this motion, pursuant to Loc. R. 3.01, requesting that the Court reopen discovery and extend the pretrial motion deadlines, to permit the parties to conduct additional discovery necessary to prepare for trial, and to permit pretrial motions and briefing necessary to streamline the trial.

Good cause exists to grant this relief because, since the end of discovery and the deadline for filing pretrial motions, over two years have

elapsed. In that time period, there have been rulings by this Court, and
others, including the United States Supreme Court, that inform what claims
and evidence should, and should not, be presented at trial, and whether the
trial should be by bench or jury. During that two year period, Plaintiff
Proccor Pharmaceuticals, Inc. ("Plaintiff" or "Proccor") has also engaged in
considerable licensing activity of the mark at issue, FREEDOM POP, which
Proccor has neither voluntarily nor, when confronted, even completely,
disclosed. If Proccor is to be permitted to pursue royalty damages, discovery
is needed on this activity. Further, during the two year pause, critical
witnesses who were available for trial as employees have now become
unavailable for trial and need to be located and deposed *de ben esse*.

Accordingly, Defendant respectfully requests that the Court reopen
discovery and extend the pretrial motion deadlines.

## II.   BACKGROUND AND PROCEDURAL HISTORY RELEVANT TO THE MOTION

Proccor brought this suit on September 27, 2022. Dkt. No. 1. Its original
complaint was against GAT and The Vitamin Shoppe Industries, LLC
("TVS"), for trademark infringement, contributory trademark infringement,
and unfair competition seeking monetary damages, injunctive relief, and

2

other relief based on alleged infringement stemming from the use of the
phrase FREEDOM POP in connection with dietary supplements. Proccor
filed its second amended complaint, the now operative complaint, on May
12, 2023. Dkt No. 92.

GAT has asserted defenses and counterclaims based on fair use,
descriptiveness, genericness, and failure to function as a trademark. GAT
also seeks declarations of non-infringement and cancellation.

The deadline for fact discovery was September 29, 2023. Dkt. No. 144-
1. The deadline for expert discovery was October 30, 2023. *Id.* GAT submitted
pretrial motions on November 27, 2023. *E.g.*, Dkt. Nos. 164-168.

There have been two critical rulings by this Court since the deadline
for filing pretrial motions, that inform the case going forward: 1) that GAT
did not engage in intentional misconduct or gross misconduct (defined as
conduct "so reckless or wanting in care that it constituted a conscious
disregard or indifference to the life, safety, or rights of persons exposed to
such conduct") regarding TVS' sales of allegedly infringing product, and 2)
that Proccor has no evidence of actual confusion. *Proccor Pharms., Inc. v.
World Health Prods., LLC,* No. 8:22-CV-2227-SDM-SPF, 2024 WL 3758013, at
*18 & 24 (M.D. Fla. July 3, 2024), report and recommendation adopted,

3

No. 8:22-CV-2227-SDM-SPF, 2024 WL 4604152 (M.D. Fla. Sept. 18, 2024) (Dkt. No. 228).

On November 5, 2024, TVS filed a suggestion of bankruptcy. Dkt. No. 259. As a result, this case was stayed. Pursuant to Proccor's motion, on November 4, 2025 TVS was dismissed from this case. *See* Dkt. No. 266.

Between the discovery cutoff date and now, over two (2) years have elapsed. In that span, TVS has been liquidated and no longer has employees *E.g.*, Dkt. No. 267, p. 5. TVS has also been dismissed from this case and is no longer represented by defense counsel, rendering witnesses who were formerly employed by TVS unavailable. Additionally, during the period of time between the discovery cut-off deadline and the present, on January 31, 2024, the employment of Max Fairchild, a critical GAT witness, terminated with GAT.

Also, from the discovery cutoff date until now, Proccor has taken significant actions related to the licensing of FREEDOM POP. By way of example, Proccor's own website (https://proccor.com/pages/counterfeit-notices) (emphasis added) currently states:

> Various companies have been releasing "FREEDOM POP" products. PROCCOR monitors the market closely and is the only owner of the "FREEDOM POP"/FREEDOM branding as it

4

relates to dietary supplements in the 005 class, with federal registration #: 5745558. *__PROCCOR licenses out the "FREEDOM POP" mark to some of the largest brands on the market today, retailed through the largest retailers on the market such as Bodybuiilding.com and Tigerfitness.com, has multiple agreements in place,__* and will continue to monitor the market for any unauthorized use of its intellectual property. If you have any concerns in regards to whether a "FREEDOM POP" branded product is licensed, please contact us directly.

Proccor's own Instagram page (below) also boasts about licensing activity

which      Proccor      did      not      voluntarily      disclose:



Since the discovery cutoff date, Proccor has produced only four licensing

agreements – each time production came only after GAT discovered

undisclosed licensing activity. The agreements, at best, evidence licensing

rates that are a fraction of what Proccor claims as its running royalty rate in this case. *See* Dkt. No. 267, p. 8, n. 5.

And, despite *repeated* requests spanning over a year, Proccor has not updated its discovery responses to include this activity. This is important for several reasons, not the least of which is that the text of the agreements themselves suggests that they are the result of threatened legal action, not an arm's length commercial transaction. Proccor has also refused to confirm that the agreements that have been produced are all there are. A true and correct copy of the December 9, 2025 email, between GAT's Counsel and Proccor's Counsel, is attached as **Exhibit A**; the Email string dated December 4, 2025, between GAT's Counsel and Proccor's Counsel, is attached as **Exhibit B**; and Letter from GAT's Counsel to Proccor's Counsel dated November 2, 2024 identifying all of the outstanding written discovery requests implicated by additional licensing activity is attached as **Exhibit C.**

## III. ANALYSIS

### A. Standard for the Motion

A procedural schedule may be modified "for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Local Rule 3.02 gives the Court broad discretion to enter orders setting deadlines and scheduling the case.

Denying a party the right to obtain discovery violates due process where it deprives the defendant of a fair trial. *See United States v. Bagley,* 473 U.S. 667, 678 (1985). A motion to reopen discovery should additionally be granted where the non-movant will not suffer prejudice. *Abruscato v. GEICO Gen. Ins. Co.*, No. 3:13-CV-962-J-39JBT, 2014 WL 12616965, at \*3 (M.D. Fla. May 30, 2014).

As for motions *in limine*, "[t]he purpose of a motion *in limine* is to streamline the trial process by making advance rulings on evidentiary issues definitely set for trial to avoid interrupting the trial with lengthy argument." *Ins. House, Inc. v. Ins. Data Processing, Inc.,* No. 1:07-CV-0286-BBM, 2009 WL 10670469, at \*2 (N.D. Ga. Feb. 12, 2009), aff'd, 367 F. App'x 1 (11th Cir. 2010) (citing *Carofino v. Forester,* 450 F. Supp. 2d 257, 270 (S.D.N.Y. 2006)). "[E]specially where resolution of the motion would streamline the trial process," pretrial motions should be permitted. *Salomon Constr. & Roofing Corp. v. James McHugh Constr. Co.,* No. 1:18-CV-21733-UU, 2019 WL 5256980, at \*4 (S.D. Fla. Mar. 22, 2019).

Good cause for additional discovery and additional motions *in limine* is present here because (1) the delay here, since discovery ended and initial pretrial motions were filed, has been inordinately long, and (2) during that

delay, (a) there are too many issues that have been raised by facts that have either changed or been further developed, (b) there have been rulings and caselaw handed down that should inform this the trial, and (c) critical witnesses have become unavailable for trial either due to employment terminations or the bankruptcy, sale and liquidation of former co-defendant-TVS.

## B.    Additional Discovery Is Necessary for Trial

### (i)  Additional Discovery, Generally

GAT has a procedural due process right to conduct necessary discovery, and trial should not proceed absent complete and necessary discovery. *Bagley,* 473 U.S. at 678; *Gonzalez,* 2014 WL 1250034, at 2. GAT has been diligent in conducting discovery, but nonetheless requires additional time in view of external factors, including the fact that discovery ended over two years ago. Plaintiff will not suffer prejudice, because Plaintiff will also benefit from additional time for discovery, particularly as trial is not yet scheduled. Therefore, GAT respectfully requests that the Court reopen fact and expert discovery in this case to permit additional discovery necessary in preparation for trial.

> **(ii)** **Depositions of Former TVS Employees are Needed to Establish Profits from the Sale of Allegedly Infringing Product**

In the Third Amended Pretrial Statement, filed December 8, 2025, Proccor states that it still seeks the disgorgement of profits from allegedly infringing sales from both GAT and TVS. *See* Dkt. No. 275, at p 19. As discussed below, disgorgement is entirely inappropriate in this case. Moreover, in a disgorgement case, the defendant bears the burden of proving the costs that should be deducted from the gross revenue to establish profits. *Tommy Hilfiger Licensing, Inc., Plaintiff, v. Goody's Fam. Clothing, Inc., Defendant.,* No. 100-CV-1934-BBM, 2003 WL 22331254, at \*22 (N.D. Ga. May 9, 2003); *see also Estefan Enters., Inc. v. Coco Bongo, Inc.,* No. 805CV00810T17TGW, 2007 WL 9723597, at \*7 (M.D. Fla. July 24, 2007) (even where defendant did not prove deductions, court awarded damages equal to 15% of gross revenue).

Proccor expressly seeks to disgorge TVS's *revenues*. Dkt. No. 275, p. 19, 36. GAT's ability to prove TVS' expenses is handicapped as TVS is no longer a party to this case and TVS has no employees or records. There is no TVS-employed witness who could establish such expenses, which puts GAT at a severe disadvantage. With TVS dismissed from the case, and no opportunity

10

for GAT to obtain additional TVS evidence absent discovery, GAT is now

unduly prejudiced in its ability to calculate the alleged potential liability.

If the disgorgement of TVS's profits is a viable remedy in this case,

GAT needs additional time to locate and conduct *de ben esse* depositions of

the appropriate former TVS employees who could identify the expenses that

properly should be deducted from revenues to determine profits on the sales

of allegedly infringing product.[1] This discovery is necessary and will not

prejudice Proccor because Proccor is not permitted to recover a windfall or

double recovery on the sale of the same product sold by GAT and TVS.

*Ramada Inns, Inc. v. Gadsden Motel Co.,* 804 F.2d 1562, 1566 (11th Cir. 1986)

(double recovery and windfall impermissible in trademark infringement

action); and *Inovation Ventures, LLC v. Ultimate One Distrib. Corp.,* 176 F.

Supp. 3d 137, 163 (E.D.N.Y. 2016) ("To the extent that plaintiffs recover lost-

profit damages for a particular bottle from one defendant in a particular

---

[1] GAT could not have foreseen the TVS bankruptcy and liquidation prior to
the discovery cut off. GAT also did not need to develop this evidence when
TVS was a party to the case as TVS and GAT shared the same counsel and
GAT foresaw that TVS, as a party, would actively participate at trial on this
and other key issues. This predicament is the result of TVS's unexpected
bankruptcy, liquidation and dismissal from this case.

chain of distribution, the liability of any other defendant in that distribution chain is reduced accordingly.").

> ### (iii) GAT Needs the Deposition *De Ben Esse* of Former GAT Employee Max Fairchild Because He is the Witness for the Critical Fact that the Phrase FREEDOM POP was Used to Describe the Flavor Profile of the Product

GAT contends that it used the phrase FREEDOM POP to describe a flavor. This contention is extremely important to a number of issues including, but not limited to, whether GAT intended to trade on Proccor's goodwill or reputation. *E.g.*, *Proccor Pharms., Inc. v. World Health Prods., LLC*, *supra*, at * 20.

GAT's witness on that issue is its former director of brand innovation, Max Fairchild ("Fairchild"). Mr. Fairchild testified that he was tasked with developing a flavor modeled after the red, white, and blue ice pop. *Proccor Pharms., Inc. v. World Health Prods., LLC, supra,* at *4. He testified that (1) that flavor profile is a recognized flavor profile (*e.g.*, Dkt. No. 164-1), and (2) GAT chose the phrase FREEDOM POP to describe that flavor profile.

During the period where there was no activity in this case, Mr. Fairchild's employment terminated. Mr. Fairchild lives in Texas, which is beyond the subpoena power of the Court, but will agree to a *de ben esse* video

deposition. His testimony is critical to GAT's case and GAT did not depose him prior to the stay because it had no reason to suspect he would not be available as a witness. This will not prejudice Proccor, and GAT's due process right to form a defense substantially outweighs any alleged prejudice.

### (iv) GAT Needs Additional Fact Discovery Regarding Proccor's Licensing Activity and Reasonable Royalty Damages

*In addition* to the disgorgement of profits from both GAT and TVS, Proccor seeks the recovery of reasonable royalties from those same sales. Dkt. No. 275, p. 19. Assuming reasonable royalties are recoverable here – and, at least for the reasons below, they are not – one critical data point in that analysis is comparable Proccor FREEDOM POP license agreements. *See Open Sea Distribution Corp. v. Artemis Distribution, LLC,* 692 F. Supp. 3d 1151, 1242–43 (M.D. Fla. 2023) ("'In determining a reasonable royalty, parties frequently rely on comparable license agreements.'") (quoting *Bio-Rad Lab'ys, Inc. v. 10X Genomics Inc.*, 967 F.3d 1353, 1372 (Fed. Cir. 2020)). That is in fact what Proccor's expert witness, Mr. Beaton, purported to do here. *See, generally*, Dkt. No. 165, p. 11.

13

Through Proccor's social media – not Proccor – GAT has discovered a number of merchants with whom Proccor has entered into agreements that involve permission to use FREEDOM POP. Suffice to say, and perhaps the reason Proccor did not disclose them, the so-called royalty rates in the agreements Proccor did not disclose on its own are significantly lower than the rate opined by Mr. Beaton. In other words, the evidence at issue undermines Proccor's claims.

Fed. R. Civ. P. 26(e) imposes a duty on parties to supplement or correct their discovery responses. Specifically, Rule 26(e)(1)(A) requires a party to supplement its disclosures or responses "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." This duty applies to disclosures made under Rule 26(a) and responses to interrogatories, requests for production, or requests for admission. GAT has been asking for this discovery from Proccor since September *2024*.

If a party fails to provide information or identify a witness as required by Rule 26 (e), the court, on motion and after giving an opportunity to be

14

heard: (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure; (B) may inform the jury of the party's failure; and (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)–(vi). Fed R. Civ. P. 37(c)(1). According to Rule 37(b)(2)(A)(i)–(vi), such sanctions include an order: (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims; (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; (iii) striking pleadings in whole or in part; (iv) staying further proceedings until the order is obeyed; (v) dismissing the action or proceeding in whole or in part; or (vi) rendering a default judgment against the disobedient party. Fed. R. Civ. P. 37 (b)(2)(A)(i)–(vi).

Once called out, Proccor eventually produced four actual agreements relating to vendors GAT was able to find on its own. GAT, however, has reason to believe that this production is incomplete. Proccor produced only the agreements themselves – assuming all of the merchants have been identified which GAT has no way of knowing. Proccor failed to produce any supporting documents, communications, or data, as requested and required;

it is not likely that these agreements materialized out of nowhere. They appear to have been the result of threatened litigation, which is highly relevant, and discoverable, information.

GAT has been trying to get this information since at least the fall of 2024. Those requests have largely been ignored. Good cause exists to reopen discovery particularly where the discovery is in the plaintiff's possession and has been deliberately withheld by the plaintiff. *In re Delta,* 846 F. Supp. 2d 1335, 1356 (N.D. Ga. 2012). GAT further seeks leave to file a motion to compel complete production of licensing-related information as well as leave to engage in additional discovery on this issue, including third-party discovery. There is no way GAT could have discovered this information prior to the discovery cutoff date as 1) it was not disclosed, and 2) it all seemingly occurred after that date. Proccor is not prejudiced because, as set forth above, it has a duty to provide this information, which it has ignored.

## C. GAT Seeks to Extend Pretrial Deadlines to Permit Necessary Pretrial Motions

### (i) Motions *in Limine*, Generally

GAT's new pretrial motions are necessary to address numerous issues that have arisen since the date of the original pretrial motion deadline. Such

16

motions will streamline the trial, including material changes to the case resulting from TVS's dismissal, the damages available to Proccor, whether a jury trial is available, and factual developments that will bear on the issues at trial, including those resulting from TVS's bankruptcy and the concomitant stay. Extending the pretrial deadlines will not prejudice any party, because 1) trial in this case is not yet scheduled, and 2) all parties will benefit from additional streamlined trial preparation and a streamlined trial as a result of the proposed pretrial motions.

### (ii)   Proposed Motions *In Limine*

#### (a)   The Trial Should Not Include Evidence Relating to Both the Disgorgement of Profits and Royalties

In the Third Amended Pretrial Statement (Dkt. No. 275, p. 19), Proccor states that it still seeks damages in the form of disgorgement of profits *and* royalties, on sales of the same product – from GAT to TVS and then from TVS to consumer-even though TVS has been dismissed. However, the recovery of both profits and royalties, on the same sales, is not permitted where, as here, it amounts to a double recovery. *Grand Havana Inc. v. Alchemist Distilleries Inc.*, No. 1:23-CV-21943-KMM, 2024 WL 2797381, at \*4 (S.D. Fla. Jan. 12, 2024) (recovery of both disgorgement and royalties on the

same sales of allegedly infringing product is an impermissible double recovery) (partially abrogated on other grounds); *Choice Hotels Int'l, Inc. v. Key Hotels of Atmore II, LLC,* No. CV 16-452-CG-B, 2017 WL 6945340, at \*4 (S.D. Ala. Aug. 18, 2017) ("Plaintiff not only asks the Court to award it Defendants' estimated profits for Defendants' infringing holdover but to circle back around and use the profits they seek as a basis for royalty damages for Defendants' same infringing holdover .... Such an award would amount to double recovery.").

Plaintiff's damages claims, therefore, should be clarified prior to trial. GAT seeks to do this by motion.

> **(b) Due to the Recent Supreme Court Case of *Dewberry Grp., Inc. v. Dewberry Eng'rs Inc.*, 604 U.S. 321, 323 (2025), the Trial Should Not Include Evidence of Damages Related to TVS's Sales Because TVS is Not a Party**

During the period of inactivity, in *Dewberry Grp., Inc. v. Dewberry Eng'rs Inc.*, 604 U.S. 321, 323 (2025) the Supreme Court held that "Defendant" in Section 1117(a), for damages purposes, is limited to parties. TVS is not a party. Since direct infringement damages principles inform contributory infringement damages, *Coach, Inc. v. Hubert Keller, Inc.,* 911 F. Supp. 2d 1303, 1308 (S.D. Ga. 2012), no damages should be recoverable from GAT, as a

result of any sales activity by nonparty TVS. GAT seeks leave to clarify this
by motion.

### (c)   The Trial Should Not Include Evidence of Royalty Damages in the Form of Lump Sum Agreements

In the period of the delay, the Federal Circuit, *en banc*, in an opinion

written by the Chief Judge, ruled that lump-sum licenses and running-

royalty licenses are "significantly different" and cannot bear on each other

in calculating reasonable royalty damages. *See EcoFactor, Inc. v. Google LLC*,

137 F.4th 1333, 1342 (Fed. Cir. 2025) (Moore, CJ). Proccor's reasonable royalty

case is directly implicated because it is a running royalty claim based

entirely, or almost entirely, on lump sum agreements. *See* Dkt. No. 165; Dkt.

No. 275, p. 19. GAT seeks leave to clarify this by motion.

### (d)   The Trial Should Not Include Evidence of Royalty Damages Because the Court has Already Determined That There is No Evidence of Actual Harm

The right to recover reasonable royalties requires evidence of actual

harm. *Mc3 Invs. LLC v. Loc. Brand, Inc.,* No. 5:22-CV-260-MJF, 2023 WL

10407391, at *4 (N.D. Fla. July 11, 2023). That means there must be evidence

of actual confusion. *See, e.g., Keg Technologies, Inc., v. Laimer*, 436 F. Supp. 2d

1364, 1373 (N.D. Ga. 2006) ("But in order to sustain a damages award

predicated on injury *to them,* Plaintiffs were required to show more—

namely, 'actual confusion' among consumers."); *Restatement (Third) of Unfair*

*Competition* § 36, comment i (1995) ("An actor can be subject to liability for

trademark infringement or deceptive marketing upon proof of a likelihood

of confusion or deception, but the recovery of damages ordinarily requires

proof that some consumers have actually been confused or deceived.").

After the pretrial motion deadline in this case, in ruling on the

summary judgment motions, this Court determined that evidence of actual

confusion does not exist in this case. *Proccor Pharms., Inc. v. World Health*

*Prods., LLC, supra,* at *18 (citing Proccor's admission). GAT seeks leave to

clarify the effect of this Court's ruling by motion.

> **(e) The Trial Should Not include Evidence of Contributory Infringement and Disgorgement Damages Because the Court Has Already Determined That There is No Evidence of Intent to Capitalize on Proccor's Reputation**

In connection with the summary judgment motions, this Court found

that Defendants did not engage in intentional misconduct or gross

misconduct (defined as conduct "so reckless or wanting in care that it

constituted a conscious disregard or indifference to the life, safety, or rights

of persons exposed to such conduct.") *Proccor Pharms., Inc. v. World Health*

*Prods., LLC, supra,* at \*24 (granting summary judgment to GAT on punitive damage claim)[2]; *see also* Dkt. No. 228. The Court has also found that "[t]here is no evidence of Defendants' conscious intent to capitalize on Plaintiff's reputation." *Id.* at p. 17. These findings should preclude a claim for contributory infringement. *See Optimum Techs., Inc. v. Henkel Consumer Adhesives, Inc.,* 496 F.3d 1231, 1246 (11th Cir. 2007) ("[W]e note that there is no evidence in the record of Optimum's 'knowing participation' in the alleged direct infringements of the Lok–Lift mark at the retail level— evidence that would be necessary to sustain a claim based on a theory of contributory trademark infringement" and for an award of disgorgement); *see also Nutradose Labs, LLC v. Bio Dose Pharma, LLC,* 710 F. Supp. 3d 1200, 1233 (S.D. Fla. 2024) (conditioning right to disgorgement on purposeful intent to trade on trademark owner's goodwill), *aff'd sub nom. Nutradose Labs, LLC v. Santamarta,* No. 24-10381, 2025 WL 337971 (11th Cir. Jan. 30, 2025); *Keg Techs., Inc. v. Laimer*, 436 F. Supp. 2d 1364, 1373 (N.D. Ga. 2006) (disgorgement is only "appropriate where the plaintiff has been able to

---

[2] An Order granting summary judgment is law of the case. *Huddleston v. Grafton Enters. Midway LLC,* No. 1:09-CV-2799-ODE, 2011 WL 13214130, at \*5 (N.D. Ga. Aug. 17, 2011).

show, *inter alia*, that the defendant's violation was 'deliberate and willful'")
(citations omitted).

GAT seeks to leave file a pretrial motion to ensure that the trial
proceeds in accordance with this finding, so as to streamline the trial,
dispense with legally unavailable claims, and prevent confusion of the
issues.

## (f) There is No Right to Jury Trial For a Disgorgement Claim

According to the Third Amended Pretrial Statement, Proccor seeks to
recover disgorged profits. Dkt. No. 275, p. 19. A claim for disgorgement of a
defendant's profits in a trademark infringement case is equitable in nature
and does not come with a right to a jury trial. *Hard Candy, LLC v. Anastasia
Beverly Hills, Inc.,* 921 F.3d 1343, 1359 (11th Cir. 2019); *Deltona Transformer
Corp. v. The Noco Co.,* No. 6:19-CV-308-CEM-LHP, 2023 WL 6376363, at *1
(M.D. Fla. Sept. 29, 2023). GAT seeks leave to address this critical issue by
motion in advance of trial.

## IV. REQUESTED RELIEF

GAT submits this  motion, pursuant to Loc. R. 3.01, requesting that the
Court reopen discovery and extend the pretrial motion deadlines, to permit

the parties to conduct additional discovery necessary to prepare for trial, to permit GAT to file a Motion to Compel Discovery as described in the foregoing if necessary, and to permit pretrial motions and briefing necessary to streamline the trial. Good cause exists because, since the end of discovery, and the filing of pretrial motions, over two years have elapsed. In that time period, there have been rulings by this Court, and others, including the Supreme Court, that inform what claims and evidence should, and should not, be presented at trial, and whether the trial should be by bench or jury. During that two year period, Proccor has also engaged in considerable licensing activity of FREEDOM POP which it has neither voluntarily nor, when confronted, even completely, disclosed. If Proccor is to be permitted to pursue royalty damages, discovery is needed on this activity. Further, during the period of that two year pause, critical witnesses who were available for trial, have become unavailable for trial and need to be located and deposed *de ben esse*.

## LOCAL RULE 3.01(g) CERTIFICATION

I certify that I conferred by with counsel for the Plaintiff, G. Donovan Conwell, Jr., regarding the relief sought in this motion by email dated Thursday January 8, 2026 and a follow up call on January 12, 2026 and that I have not heard from him as of the date of this filing.

Respectfully Submitted this 12th day of January, 2026.

LEWIS BRISBOIS BISGAARD & SMITH LLP

*/s/ Patrick C. Campbell, Jr.*
Patrick C. Campbell, Jr. (*pro hac vice*)
Alexander D. MacMullan (*pro hac vice*)
550 E. Swedesford Road, Suite 270
Wayne, Pennsylvania 19087
Telephone: (215) 977-4077
Email:
Patrick.Campbell@lewisbrisbois.com
Alexander.Macmullan@lewisbrisbois.com
*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 12th day of January, 2026, I electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send an Electronic Mail notification of same to all counsel of record.