## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

| | |
|---|---|
| PROCCOR PHARMACEUTICALS, INC., <br>    Plaintiff, <br> v. <br> WORLD HEALTH PRODUCTS, LLC dba GAT SPORT and VITAMIN SHOPPE INDUSTRIES LLC, dba THE VITAMIN SHOPPE <br>    Defendants. | Case No. 8:22-cv-02227-SDM-SPF |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO GAT'S RENEWED MOTION IN LIMINE TO PRECLUDE INFORMATION AND DOCUMENTS RELATING TO THE REPORT AND TESTIMONY OF NEIL J. BEATON (DOC 285)**

This is the fourth time Defendant GAT Sport ("GAT") has attempted to exclude the testimony of Plaintiff's expert witness on damages, Neil J. Beaton ("Beaton"). (Doc 164, pp. 24-31, 165 and 195). The Court correctly rejected each of GAT's prior attempts. (Doc 243, 246, and 228, pp. 63-65)

The Court permitted GAT to take a fourth bite but only to "clarify the consequences of intervening legal authority and the termination of the Vitamin Shoppe from the action." (Doc 281) GAT's Renewed Motion in Limine (Doc 285) argues that the decision in *EcoFactor, Inc. v. Google LLC*, 137 F. 4th 1333 (Fed. Cir. 2025), *cert. denied*, 146 S. Ct. 333, 223 L. Ed. 2d 165 (2025), invalidates Beaton's reasonable royalty analysis because "lump sum licenses and running

royalty licenses are 'significantly different' and cannot bear on each other in calculating reasonable royalty damages." (Motion at p. 4)

GAT's Motion should be denied for several reasons. First, it incorrectly assumes that Beaton did not rely on negotiated per-unit rates in prior license agreements when his report says that he did. (Doc 165-1 at ¶¶'s 27 and 33) Beaton wrote on page 33 of his report, "[b]ased on these considerations, it is reasonable to conclude that a reasonable royalty would be at the high end of *the per-unit rates negotiated by Proccor*." (*Id*. at ¶33; emphasis added)

Second, *EcoFactor* did not hold that the lump sum licenses cannot bear on running royalty licenses in calculating reasonable royalty damages. To the contrary, the opinion states that "the [lump sum] licenses are relevant to a reasonable royalty analysis." *Id*. at 1343. The problem for the expert in *EcoFactor* was that he opined that the licensees in the licenses at issue agreed that the amounts they were paying for a license were a reasonable royalty when the license agreements expressly stated that they were not. One of the three licenses upon which the expert relied stated, "such [a lump-sum] amount is not based upon sales and does not reflect or constitute a royalty." *Id*. at 1342. Another said, "nothing in this clause should be interpreted as agreement by Schneider [licensee] that $[X] per unit is a reasonable royalty." *Id*. The third said essentially the same thing. *Id*. Yet the expert opined that these licenses reflected the licensees' "agreement to the $X royalty rate." *Id*.

2

The *EcoFactor* court found the expert's opinion to be unreliable and excluded it because his opinion was directly contradicted on the very license agreements upon which the expert relied. The court held "the licenses therefore do not…provide support for Mr. Kennedy's [the expert witness] testimony that the licensees agreed to pay the $X rate or that the licensees agreed that $X was a reasonable royalty." The court concluded that the expert's opinion was unreliable because the expert based it upon an alleged fact that the license agreements conclusively proved was not true.

There are no such statements in the agreements at issue here and GAT does not argue otherwise. Instead, GAT repeats the arguments that it made in its failed motion in limine and to preclude that the agreements relied upon by Beaton were not sufficiently comparable to the GAT hypothetical license. (Doc 165, pp. 6-8, 14-16, Doc 195 pp. 2, 7-11) This re-argument of motions previously decided on the merits violates this Court's January 26, 2026 Order. (Doc 281, p. 2) GAT's re-arguments should be denied for the same reasons Plaintiff argued in opposition to GAT's previously filed motions. (See Plaintiff's Oppositions filed at Doc 179, 182, pp. 23-25 and 216) which the Court expressly relied upon in denying GAT's previous motions. (Doc 246)

GAT also cites to a Rule 702 amendment adding a "more likely than not" provision to the admissibility requirements of the Rule. But GAT does nothing

3

more than cite to and quote the Rule. GAT does not even argue that the amendment changes the outcome of its motions to exclude. It does not because the amendment did not change the analysis of GAT's previous Rule 702 arguments. *Sims v. BMW of North America LLC*, Case No.: 6:22-cv-1685-PGB-UAM, 2025 WL 407298, FN 1 (M.D. Fla. February 3, 2025). As the court in *Sims* wrote:

> The [December 1, 2023] amendment is not a seismic shift in the standard of review. District courts were never empowered to allow or exclude expert testimony on a whim. The preponderance standard codifies the prevailing practice of allowing opinions when they are sufficiently reliable and more probative than prejudicial. Some jurists will find that the amendment *lowers*, rather than raised, the bar of admissibility.

Plaintiff already has shown that Beaton's testimony more likely than not meets the admissibility requirements of Rule 702, as the Court's Orders denying GAT's previous motions to exclude recognize. (Dkt. 243 and 246)

    Finally, GAT's argument that Beaton's testimony should be excluded because he "has not addressed any of [four new] agreements" entered in after Beaton submitted his Report and GAT deposed him (Motion p. 8) should be rejected because it is not authorized by the Court's January 26, 2026 Order. (Doc 281) The Order permitted GAT only to "clarify the consequences of intervening legal authority and the termination of the Vitamin Shoppe from the action." (Doc 281). This argument does neither. Also, interestingly, it directly contradicts GAT's earlier argument that "agreements Proccor entered into after September 20, 2020 should be precluded" from Beaton's analysis. (Doc 195, pp. 6-7)

4

For the foregoing reasons GAT's Renewed Motion (Doc 285) should be denied.

By: /s/ *G. Donovan Conwell, Jr.*
G. Donovan Conwell, Jr.
Florida Bar No.: 0371319
**CONWELL BUSINESS LAW, LLLP**
12610 Race Track Road, Suite 200
Tampa, FL 33626
Tel. (813) 282-8000, Fax: (813) 855-2631
dconwell@conwellbusinesslaw.com
eservice@conwellbusinesslaw.com
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 23rd day of February 2026, I electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send an Electronic Mail notification of same to all counsel of record.