UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PROCCOR PHARMACEUTICALS,
INC.,

     Plaintiff,

v.

                                            CASE NO. 8:22-cv-02227-SDM-SPF

WORLD HEALTH PRODUCTS, LLC,

     Defendant,

_____/

## **VERDICT**

1. Did Proccor prove by a preponderance of the evidence that GAT infringed Proccor's trademark?

     Answer "Yes" or "No": __YES__

2. Did Proccor prove by a preponderance of the evidence both that the Vitamin Shoppe infringed the trademark and that GAT contributed to the Vitamin Shoppe's infringement?

     Answer "Yes" or "No": __YES__

*If you answered "Yes" to either Question 1 or Question 2, you must answer "Yes" to Question 3. If you answered "No" to both Question 1 and Question 2, you must answer "No" to Question 3.*

3. Did Proccor prove by a preponderance of the evidence that GAT engaged in unfair competition?

     Answer "Yes" or "No": __YES__

*Answer Questions 4 and 5 only if you answered "Yes" to Question 1. If you answered "No" to Question 1, do not answer Question 4 or Question 5 and proceed to Question 6.*

4. For the infringement found in response to Question 1, what amount, if any, did Proccor prove by a preponderance of the evidence as (a) actual damages or (b) GAT's profits attributable to the infringement?

    (a) Actual damages: $ _440,000_

    (b) GAT's profits: $ _____

*Answer Question 5 only if you award no amount in response to Question 4. If you award any amount in response to Question 4 — whether as actual damages or GAT's profits — do not answer Question 5 and proceed to Question 6.*

5. What amount of nominal damages, if any, do you award Proccor for GAT's infringement found in response to Question 1?

    Nominal damages: $ _____

*Answer Questions 6 and 7 only if you answered "Yes" to Question 2. If you answered "No" to Question 2, do not answer Question 6 or Question 7 and proceed to Question 8. Do not include in your answer to Question 6 any amount included in your answer to Question 4.*

6. For the contributory infringement found in response to Question 2, what amount, if any, did Proccor prove by a preponderance of the evidence as (a) actual damages or (b) GAT's profits attributable to the contributory infringement?

    (a) Actual damages: $ _160,000_

    (b) GAT's profits: $ _____

*Answer Question 7 only if you award no amount in response to Question 6. If you award any amount in response to Question 6 — whether as actual damages or GAT's profits — do not answer Question 7 and proceed to Question 8.*

7. What amount of nominal damages, if any, do you award Proccor for the contributory infringement found in response to Question 2?

    Nominal damages: $ _____

*Answer Question 8 only if you answered "Yes" to Question 3. If you answered "No" to Question 3, do not answer Question 8 and proceed to Question 9.*

8. What amount of damages, if any, not to exceed the total of the amounts in response to Questions 4 through 7, did Proccor prove by a preponderance of the evidence that Proccor suffered as a result of GAT's unfair competition?

Damages: $ _25,000_

9. Did GAT prove by a preponderance of the evidence that the registration of the trademark should be canceled either because (a) the trademark is descriptive and had not acquired "secondary meaning" by the date of registration, October 3, 2018, or because (b) the trademark fails to function as a trademark?

Answer "Yes" or "No": _NO_

*If you answered "Yes" to Question 9, select the reason or reasons for the cancellation:*

_____ (a) The trademark is descriptive and had not acquired "secondary meaning" by the date of registration, October 3, 2018.

_____ (b) The trademark fails to function as a trademark.

*After answering Question 9, the foreperson must sign and date this verdict.*

**SO SAY WE ALL.**

████████████████████████

Foreperson

Dated: _July 17_, 2026.